JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

FAHD HUSSAIN,
    a/k/a "Ali,"
    a/k/a "Moe,"
JERMAINE DORE,
    a/k/a "St. Kitts,"
    a/k/a "Blaqs,"
DWAYNE BARRETT,
TAIJAY TODD,
    a/k/a "Biggs," and
TAMESHWAR SINGH,
    a/k/a "Jerry,"

           Defendants.

- - - - - - - - - - - - - - - - - - x

SEALED
INDICTMENT

12 Cr.

USDC SDNY DOCUMENT ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 18 2012

COUNT ONE

The Grand Jury charges:

1. From at least in or about 2010, up to and including in or about January 2012, in the Southern District of New York and elsewhere, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," DWAYNE BARRETT, TAIJAY TODD, a/k/a "Biggs," and TAMESHWAR SINGH, a/k/a "Jerry," the defendants, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit,

HUSSAIN, DORE, BARRETT, TODD, and SINGH agreed to commit robberies of individuals and businesses involved in commercial activities that affected interstate commerce.

Overt Acts

2. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about October 5, 2011, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," DWAYNE BARRETT, and TAIJAY TODD, a/k/a "Biggs," the defendants, in the vicinity of 2870 Webster Avenue in the Bronx, New York, robbed two individuals who sell telephone calling cards to bodegas, grocery stores, and other commercial locations, during which robbery approximately $700 was taken from the victims.

b. On or about October 7, 2011, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," TAIJAY TODD, a/k/a "Biggs," and TAMESHWAR SINGH, a/k/a "Jerry," the defendants, in the vicinity of 2214 Newbold Avenue in the Bronx, New York, robbed an individual who owns several bodegas and two employees of the bodegas, during which robbery two victims were stabbed and more than $1,200 was taken from the victims.

c. On or about October 11, 2011, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," JERMAINE DORE, a/k/a "St. Kitts," a/k/a

"Blaqs," and TAIJAY TODD, a/k/a "Biggs," the defendants, in the vicinity of 123 Pelham Road in New Rochelle, New York, robbed at knifepoint an individual engaged in the business of selling telephone calling cards, during which robbery the victim was beaten and more than $6,000 and telephone calling cards valued at approximately $6,000 were taken from the victim.

        d.   On or about December 12, 2011, JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," and DWAYNE BARRETT, the defendants, in the vicinity of 267 South Fourth Avenue in Mount Vernon, New York, robbed at gunpoint three victims engaged in the business of selling cigarettes to other individuals and commercial establishments, during which robbery one of the victims was shot and killed.

        e.   On or about December 12, 2011, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," and DWAYNE BARRETT, the defendants, in the vicinity of 1032 Esplanade Avenue, in the Bronx, New York, robbed an individual employed by a company that sells tobacco products to commercial establishments, during which robbery the victim was threatened with a gun and a knife and more than $15,000 was taken from the victim.

        f.   On or about December 31, 2011, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," and DWAYNE BARRETT, the defendants, in the vicinity of East Gun Hill Road and Jerome Avenue in the Bronx, New York, robbed an individual engaged in the business of

selling telephone calling cards, during which robbery the victim was beaten and approximately $3,000 and 100 telephone calling cards were taken from the victim.

(Title 18, United States Code, Section 1951.)

## COUNT TWO

The Grand Jury further charges:

3.  From at least in or about 2010, up to and including in or about January 2012, in the Southern District of New York and elsewhere, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," DWAYNE BARRETT, TAIJAY TODD, a/k/a "Biggs," and TAMESHWAR SINGH, a/k/a "Jerry," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the Hobbs Act robbery conspiracy charged in Count One of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were discharged.

(Title 18, United States Code, Sections
 924(c)(1)(A)(iii) and 2.)

## FORFEITURE ALLEGATION AS TO COUNT ONE

4.  As a result of committing the robbery offense alleged in Count One of this Indictment, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," DWAYNE BARRETT, TAIJAY TODD, a/k/a "Biggs," and

TAMESHWAR SINGH, a/k/a "Jerry," the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property constituting or derived from any proceeds said defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to the proceeds obtained as a result of the offense alleged in Count One of this Indictment.

<u>Substitute Asset Provision</u>

5.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C.

§ 982(b) and 21 U.S.C. § 853(p) to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981, and Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe,"
JERMAINE DORE, a/k/a "St. Kitts," a/k/a
"Blaqs," DWAYNE BARRETT, TAIJAY TODD,
a/k/a "Biggs," and TAMESHWAR SINGH, a/k/a
"Jerry,"

Defendants.

### SEALED INDICTMENT

12 Cr.

(18 U.S.C. §§ 2, 924(c)(1)(A)(iii), &
1951.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
Foreperson.

1/18/12  INDICTMENT FILED   WARRANT ISSUED

COJ USMJ