UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                             :

UNITED STATES OF AMERICA,          :

            – *against* –                    :

                                           :          12 Cr. 045 (RJS)
JERMAINE DORE (2),                 :          <u>Electronically Filed</u>

            Defendant.                :
                                           :
-------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JERMAINE DORE'S
PRETRIAL MOTIONS PURSUANT TO RULE 12(b), FED.R.CRIM.P.


                                                 Alice L. Fontier, Esq.
                                                 DRATEL & MYSLIWIEC, P.C.
                                                 2 Wall Street, 3rd Floor
                                                 New York, New York 10005
                                                 Tel: (212) 732-0707
                                                 Afontier@dratelmys.com

                                                 *Attorney for Defendant*
                                                 *Jermaine Dore*

## TABLE OF CONTENTS

Table of Contents.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

POINT I

THE EVIDENCE ALLEGEDLY RECOVERED AT
THE TIME OF ARREST  AND PURSUANT TO THE
WARRANTLESS SEARCH  SHOULD BE SUPPRESSED.. . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## TABLE OF AUTHORITIES

### CASES

*Boyd v. United States*, 116 U.S. 616 (1886). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Brinegar v. United States*, 338 U.S. 160 (1949). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Chambers v. Maroney*, 399 U.S. 42 (1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4

*Coolidge v. New Hampshire*, 403 U.S. 443 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Davis v. United States*, 328 U.S. 582 (1946). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Katz v. United States*, 389 U.S. 347 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*McCarthy v. Dearmit*, 99 Pa. 63 (S.C. PA 1881).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Payton v. New York*, 445 U.S. 573 (1980).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Matlock*, 415 U.S. 164 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Wong Sun v. United States*, 83 U.S. 471 (1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Zap v. United States*, 328 U.S. 624 (1946). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

### STATUTES

US Const. Amend. IV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4

US Const. Amend. XIV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 924(c)(1)(A)(iii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1951(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Rule 12(b), Fed.R.Crim.P.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                        :
UNITED STATES OF AMERICA,                               :
                                                        :
        – against –                                     :
                                                        :    12 Cr. 045 (RJS)
JERMAINE DORE (2),                                      :    Electronically Filed
                                                        :
        Defendant.                                      :
                                                        :
--------------------------------------------------------x
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JERMAINE DORE'S PRETRIAL MOTIONS PURSUANT TO RULE 12(b), FED.R.CRIM.P.**

This memorandum of law is submitted in support of defendant Jermaine Dore's pretrial motions pursuant to Rule 12(b), Fed.R.Crim.P.

### STATEMENT OF FACTS

Mr. Dore, along with four co-defendants, is charged in a two count Indictment with conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(b)(1), and carrying a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

January 18, 2012, on the basis of the Indictment (attached to the Declaration of Alice L. Fontier ("Fontier Dec.") as Exhibit 1, an arrest warrant was issued for Mr. Dore. A copy of which is attached to the Fontier Dec. as Exhibit 2. January 19, 2012, pursuant to the arrest warrant, officers responded to 3983 Carpenter Avenue, Bronx, NY, to effect the arrest of Mr. Dore. A copy of the January 19, 2012, Report of Investigation ("Investigation Report") is attached to the Fontier Dec. as Exhibit 3.

At the time of Mr. Dore's arrest, the agent's entered the apartment located at 3983

-1-

Carpenter Avenue and conducted a search.  Investigation Report, Exhibit 3.  The agents recovered two black ski masks, two pairs of black gloves, an Apple Ipod, an Apple Iphone, and an HTC cell phone.  *Id.*  Agent Zeppieri states that he received consent from both Janiel Brown and Jermaine Dore to conduct the search of the bedroom.  *Id.*

Janiel Brown states that on January 19, 2012, she was living at 3983 Carpenter Avenue, Bronx, New York.  Declaration of Janiel Brown ("Brown Dec.") attached to the Fontier Dec. as Exhibit 4.  Ms. Brown is dating Mr. Dore, and Mr. Dore would routinely stay with her.  *Id.* January 19, 2012, Ms. Brown was woken up at 6:00 a.m. by loud knocking on the outside door. *Id.*  By the time she got up, her roommate had opened the door and was talking to the police.  *Id.* Mr. Dore got up a few moments later, upon seeing him, the agents entered the apartment and immediately placed Mr. Dore in handcuffs.  *Id.*  Mr. Dore was held in handcuffs on the steps between the first and second floor, outside of the apartment.  *Id.*  At that time, three or four officers entered Ms. Brown's bedroom.  *Id.*  Approximately ten minutes later, the officers asked Ms. Brown to enter the bedroom and get clothes for Mr. Dore.  *Id.*  Upon entering the bedroom, Ms. Brown saw several items, including the previously mentioned iPhone and HTC cell phone, sitting on her bed.  *Id.*  Ms. Brown did not give the officers consent to search her room.  *Id.*  Ms. Brown was in hearing range of Mr. Dore throughout this time, and states that Mr. Dore did not give the officers consent to search the bedroom.  *Id.*

Mr. Dore has been detained since January 19, 2012.

ARGUMENT

POINT I

**THE EVIDENCE ALLEGEDLY RECOVERED AT THE TIME OF ARREST AND PURSUANT TO THE WARRANTLESS SEARCH SHOULD BE SUPPRESSED.**

The government is in possession of two black ski masks, two pairs of black gloves, an Apple Ipod, an Apple Iphone, and an HTC cell phone, allegedly taken from Mr. Dore when he was arrested January 19, 2012. These items must be suppressed because they were obtained through a warrantless search, and the officers did not obtain consent to search.

The Fourth Amendment protects against "unreasonable searches and seizures" and demands that all warrants shall be upon probable cause. *U.S. Const., amend IV*. "In enforcing the Fourth Amendment's prohibition against unreasonable searches and seizures, the [Supreme] Court has insisted upon probable cause as a minimum requirement for a reasonable search permitted by the Constitution." *Chambers v. Maroney*, 399 U.S. 42, 51 (1970). Moreover, "'the substance of all the definitions' of probable cause 'is a reasonable ground for belief of guilt.'"*Brinegar v. U.S.*, 338 U.S. 160, 175 (1949), *quoting McCarthy v. Dearmit*, 99 Pa. 63, 69, (S.C. PA 1881). In the event that evidence is recovered pursuant to an unlawful search, the Supreme Court established long ago that this evidence is inadmissible as tainted fruit of that illegality. *Wong Sun v. United States*, 83 U.S. 471 (1963).

The Supreme Court has long held that warrantless searches of a person's home strike at the very core of the Fourth Amendment and are presumptively unreasonable. *Payton v. New York*, 445 U.S. 573, 585 (1980) ("It is thus perfectly clear that the evil the Amendment was designed to prevent was broader than the abuse of a general warrant. Unreasonable searches or

seizures conducted without any warrant at all are condemned by the plain language of the first clause of the Amendment. Almost a century ago the Court stated in resounding terms that the principles reflected in the Amendment "reached farther than the concrete form" of the specific cases that gave it birth, and "apply to all invasions on the part of the government and its employés of the sanctity of a man's home and the privacies of life."), *quoting Boyd v. United States*, 116 U.S. 616, 630 (1886).  Accordingly, "it is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is 'per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions.'"  *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973), *quoting Katz v. United States*, 389 U.S. 347, 357 (1967), *citing Coolidge v. New Hampshire*, 403 U.S. 443, 454-455 (1971), *and Chambers v. Maroney*, 399 U.S. 42, 51 (1970).

      As the Supreme Court has stated, "[i]t is equally well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent."  *Bustamonte*, 412 U.S. at 219, *citing Davis v. United States*, 328 U.S. 582, 593-594 (1946), *and Zap v. United States*, 328 U.S. 624, 630 (1946).  Similarly, the consent of a "third-party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected[]" can also give proper consent to search. *United States v. Matlock*, 415 U.S. 164, 171 (1974).

      Here, neither Mr. Dore, nor his girlfriend who resided in the apartment, gave consent to search.  The officers entered the apartment to arrest Mr. Dore and immediately began searching. This warrantless search was unreasonable and as a result the seized items must be suppressed.

      Accordingly, Mr. Dore respectfully requests that the Court grant this motion to suppress

the seized items because they are the fruit of an unlawful search.  Alternatively, Mr. Dore requests that this Court conduct an evidentiary hearing on this issue.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Court should suppress physical evidence obtained as the fruit of an unlawful search and seizure.

Dated: April 23, 2012
       New York, New York

Respectfully submitted,

/S/ Alice L. Fontier
Alice L. Fontier
DRATEL & MYSLIWIEC, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005
(212) 732-0707
Afontier@dratelmys.com

*Attorney for Defendant Jermaine Dore*