UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                 :

UNITED STATES OF AMERICA,        :

      *– against –*                                :
                                               :          12 Cr. 045 (RJS)
JERMAINE DORE (2),                   :          <u>Electronically Filed</u>

              Defendant.              :
--------------------------------------------------------x

### POST-HEARING MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JERMAINE DORE'S MOTION TO SUPPRESS EVIDENCE PURSUANT TO RULE 12(b), FED.R.CRIM.P.

Alice L. Fontier, Esq.
DRATEL & MYSLIWIEC, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005
Tel: (212) 732-0707
Afontier@dratelmys.com

*Attorney for Defendant*
*Jermaine Dore*

## INTRODUCTION

Jermaine Dore filed a Motion to Suppress Evidence obtained pursuant to an unlawful search of the apartment in which he was staying, conducted at the time of his arrest on January 19, 2012. At the time of his arrest, officers searched his home without a warrant. The government contends that the officers obtained consent from both Mr. Dore and his girlfriend Janiel Brown to search the residence. Mr. Dore, argued, on the basis of an affidavit submitted by Ms. Brown, that consent was never given. The Court granted a hearing to determine whether the officers had obtained consent to search Mr. Dore's residence.

Mr. Dore again argues that consent to search was not given to the officers. Ms. Brown testified credibly and stated that neither she nor Mr. Dore, gave consent to search the residence. Accordingly, Mr. Dore moves to suppress the evidence that was seized at the time of the unlawful search.

## STATEMENT OF FACTS

The Court held an evidentiary hearing on May 29, 2012, to determine the question of whether Mr. Dore or his girlfriend, Janiel Brown, gave consent to search their residence at the time of Mr. Dore's arrest on January 19, 2012. Three witnesses testified on this subject.

Janiel Brown testified on behalf of Mr. Dore. Ms. Brown is employed as a receptionist, and is attending college at St. John's University. HT at 104. Ms. Brown and Mr. Dore have been dating for over a year. *Id.* On January 19, 2012, Ms. Brown resided at 3983 Carpenter Avenue, Bronx, NY. HT at 105. She stated that Mr. Dore would routinely stay with her, sometimes for weeks at a time, and at a minimum three days per week. *Id.* She also stated that Mr. Dore had permission to come and go from the apartment as he pleased, and that he had keys

to the apartment.  *Id.*  January 19, 2012, Mr. Dore was sleeping in her apartment.  *Id.*

Ms. Brown further testified that at about 6:00 a.m. on January 19, 2012, she heard loud banging on the front door to the second floor of her apartment building.  HT at 106.  When she went to see who was at the door, police were already coming into the apartment.  *Id.*  The moment that Mr. Dore came out of their shared bedroom, he was placed apprehended by the officers, and placed in handcuffs by the stairs.  HT at 108.  For the remainder of the time that the officers were in the apartment, Ms. Dore was no less than an arms distance away from Mr. Dore.  HT at 109.  She was able to see and hear Mr. Dore as he interacted with the police.  HT at 109.  Ms. Brown stated unequivocally that at no point did any officer or agent ask for permission to look around, seek specific consent to search, or provide a written consent form to either her or Mr. Dore.  HT at 109-110.

ATF Special Agent Zeppieri testified that Mr. Dore was placed under arrest and held at the top of the stairs, inside the second floor of the building.  Hearing Transcript ("HT") at 69.  Once Mr. Dore was handcuffed, Agent Zeppieri testified that he asked Mr. Dore if he could look around, and Mr. Dore responded "yes."  HT at 88.  Agent Zeppieri also stated that after the other officers began to search, he asked Ms. Brown whether she consented to that search.  HT at 89.  Agent Zeppieri claimed that Ms. Brown also consented to the search.  *Id.*  Deputy Marshal Dundon also testified that when asked, Mr. Dore stated that the officers could search the apartment.  HT at 97.

**ARGUMENT**

Mr. Dore asks that this Court suppress the items that were seized at the time of his arrest because they are the product of an unlawful search.  The officers did not have a search warrant,

and they did not obtain consent to search.

1.   *Mr. Dore Has Standing to Challenge the Search*

In order to have standing to contest a search a defendant must show that he had a "legitimate expectation of privacy" in the place that was searched. *Rawlings* v. *Kentucky*, 448 U.S. 98, 104-06 (1980). The expectation of privacy must be personal to the defendant. *Smith v. Maryland*, 442 U.S. 735, 740 (1979).

The Supreme Court has long held that warrantless searches of a person's home strike at the very core of the Fourth Amendment and are presumptively unreasonable. *Payton v. New York*, 445 U.S. 573, 585 (1980) ("It is thus perfectly clear that the evil the Amendment was designed to prevent was broader than the abuse of a general warrant. Where a person does not have any proprietary interest in the home that is searched, but can establish a sufficient nexus to the home, to demonstrate a legitimate expectation of privacy, the Fourth Amendment applies with equal force. *United States v. Fields*, 113 F.3d 313, 320 (2d Cir. 1997).

In *Fields*, the Second Circuit stated:

> [r]esidence may give rise to an expectation of privacy, *United States v. Babwah,* 972 F.2d 30, 35 (2d Cir.1992), but an individual may also have a "sufficient interest in a place other than his own home so that the Fourth Amendment protects him." *Rakas* [*v. Illinous*]*,* 439 U.S. [128] at 142, 99 S.Ct. at 430 [(1978)]. For instance, where a guest has permission to use an apartment, is given a key, and uses the apartment in the owner's absence, society may be prepared to recognize the guest's privacy, even though no property interest exists. *Jones v. United States,* 362 U.S. 257, 259, 80 S.Ct. 725, 730, 4 L.Ed.2d 697 (1960). Indeed, society recognizes as legitimate the expectation of privacy possessed by an overnight guest—even though he has at best a fleeting connection to his host's home. [*Minnesota* v.] *Olson,* 495 U.S. [91,] 98, 110 S.Ct. at 1688–89 [(2004)].

*Fields*, 113 F.3d at 320.

Here, Mr. Dore meets all of the factors set forth in *Fields*, and therefore has standing to contest the search. Mr. Dore was an overnight guest – indeed he would stay for weeks at a time, in addition, Mr. Dore had permission to use the apartment as he pleased, had a key, and used the apartment in the absence of Ms. Brown. Accordingly, Mr. Dore had a reasonable expectation of privacy in the Carpenter Avenue apartment.

### 2. *Neither Jermaine Dore Nor Janiel Brown Gave Consent to Search*

Ms. Brown testified that the officers entered her apartment without permission and searched her bedroom without a warrant and without obtaining consent. The entire time that the officers were in the apartment she was within arms reach of Mr. Dore, and could see and hear him. She testified that he did not give consent to search the apartment. Likewise, Ms. Brown never gave consent to search the apartment. Her testimony was credible and supported by the facts. The government's witnesses – Agent Zeppeiri and Deputy Dundon – should not be credited by the Court. Agent Zeppeiri did not seek written consent, despite the existence of a consent to search form, and did not ask either Mr. Dore or Ms. Brown to sign any papers.

When confronted by two conflicting accounts, it is the province of the Court to determine witness credibility. The Court is free to accept one version and reject the other. *See e.g. United States v. Hernandez*, 85 F.3d 1023, 1029 (2d Cir. 1996). However, where the government seeks to justify a search based on consent, the government bears the burden of proving by a preponderance of the evidence that the consent was valid. *See UnitedStates* v. *Matlock*, 415 U.S. 164, 177 n.14 (1974); *United States* v. *Mendenhall*, 446 U.S. 544,557 (1980); *United States* v. *Snype*, 441 F.3d 119, 131 (2d Cir. 2006). Thus, if the Court is faced with two conflicting

statements and finds that both are equally credible, the balance must tip in favor of the defendant and suppression.

Here, the officers statements were not supported by any documentation, and Ms. Brown's contrary testimony was credible. Accordingly, this Court should find that consent to search was not given, and suppress the items seized at the time of Mr. Dore's arrest.

## CONCLUSION

For all of the reasons set forth here, and for those set forth in the Motion to Suppress, Mr. Dore respectfully requests that this Court suppress the items seized pursuant to the unlawful search of the apartment that he was staying in at the time of his arrest.

Dated: June 7, 2012
      New York, New York

                                      Respectfully submitted,

                                      /S/ Alice L. Fontier
                                      Alice L. Fontier
                                      DRATEL & MYSLIWIEC, P.C.
                                      2 Wall Street, 3rd Floor
                                      New York, New York 10005
                                      (212) 732-0707
                                      Afontier@dratelmys.com

                                      *Attorney for Defendant Jermaine Dore*