UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

                             :

UNITED STATES OF AMERICA

                             :

        - v. -

                             :

FAHD HUSSAIN,
      a/k/a "Ali,"
      a/k/a "Moe,"                   :
JERMAINE DORE,
      a/k/a "St. Kitts,"
      a/k/a "Blaqs,"                :
DWAYNE BARRETT,
      a/k/a "Tall Man,"           :
TAIJAY TODD,
      a/k/a "Biggs," and          :
TAMESHWAR SINGH,
      a/k/a "Jerry,"               :

          Defendants.        :

- - - - - - - - - - - - - - - - - x

**ORIGINAL**

<u>INDICTMENT</u>

S1 12 Cr. 45 (RJS)



<u>COUNT ONE</u>

The Grand Jury charges:

1.    From at least in or about 2010, up to and including in or about January 2012, in the Southern District of New York and elsewhere, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," DWAYNE BARRETT, a/k/a "Tall Man," TAIJAY TODD, a/k/a "Biggs," and TAMESHWAR SINGH, a/k/a "Jerry," the defendants, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities

in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, HUSSAIN, DORE, BARRETT, TODD, and SINGH agreed to commit robberies of individuals and businesses involved in commercial activities that affected interstate commerce.

Overt Acts

2.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.     On or about August 22, 2011, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," DWAYNE BARRETT, a/k/a "Tall Man,"and TAMESHWAR SINGH, a/k/a "Jerry," the defendants, in the vicinity of 1001 Pennsylvania Avenue in Matamoras, Pennsylvania, robbed an individual who owns a gas station and store, during which robbery the victim was assaulted and approximately $45,000 in business proceeds were taken.

b.     On or about September 15, 2011, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," and JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," the defendants, in the vicinity of Bronxwood Avenue in the Bronx, New York, robbed an employee of a deli, during which robbery approximately $2,000 in business proceeds were taken.

c.   On or about October 3, 2011, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," and JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," the defendants, in the vicinity of West 242nd Street and Broadway in the Bronx, New York, robbed an individual employed by a company that sells supplies to bodegas, during which robbery approximately ten cartons of cigarettes and other business supplies were taken.

d.   On or about October 5, 2011, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," DWAYNE BARRETT, a/k/a "Tall Man," and TAIJAY TODD, a/k/a "Biggs," the defendants, in the vicinity of 2870 Webster Avenue in the Bronx, New York, robbed two individuals who sell telephone calling cards to bodegas, grocery stores, and other commercial locations, during which robbery approximately $700 was taken.

e.   On or about October 7, 2011, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," TAIJAY TODD, a/k/a "Biggs," and TAMESHWAR SINGH, a/k/a "Jerry," the defendants, in the vicinity of 2214 Newbold Avenue in the Bronx, New York, robbed an individual who owns several bodegas and two employees of the bodegas, during which robbery two victims were stabbed and more than $1,200 was taken.

f.   On or about October 10, 2011, JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," and TAIJAY TODD, a/k/a "Biggs," the defendants, in the vicinity of 2721 Wallace Avenue in the

Bronx, New York, robbed at knifepoint an employee of a bodega, during which robbery a cellphone and laptop computer were taken.

g.   On or about October 11, 2011, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," and TAIJAY TODD, a/k/a "Biggs," the defendants, in the vicinity of 123 Pelham Road in New Rochelle, New York, robbed at knifepoint an individual who sells telephone calling cards to bodegas, grocery stores, and other commercial establishments, during which robbery the victim was beaten and more than $6,000 and telephone calling cards valued at approximately $6,000 were taken.

h.   On or about October 29, 2011, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," and DWAYNE BARRETT, a/k/a "Tall Man," the defendants, inside of an apartment in the vicinity of Radcliff Avenue in the Bronx, New York, robbed at gunpoint an individual who owns a poultry market, during which robbery approximately $15,000 in business proceeds were taken.

i.   On or about December 12, 2011, JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," and DWAYNE BARRETT, a/k/a "Tall Man," the defendants, in the vicinity of 267 South Fourth Avenue in Mount Vernon, New York, robbed at gunpoint three victims engaged in a transaction involving the sale of cigarettes, during which robbery one of the victims was shot and killed.

j.    On or about December 12, 2011, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," and DWAYNE BARRETT, a/k/a "Tall Man," the defendants, in the vicinity of 1032 Esplanade Avenue in the Bronx, New York, robbed an individual employed by a company that sells tobacco products to commercial establishments, during which robbery the victim was threatened with a gun and a knife and more than $15,000 in business proceeds were taken.

k.    On or about December 22, 2011, JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," and DWAYNE BARRETT, a/k/a "Tall Man," the defendants, inside an apartment building in the vicinity of Richardson Avenue in the Bronx, New York, robbed an individual who lives with a person engaged in the business of selling cigarettes, during which robbery the victim was assaulted and beaten.

l.    On or about December 31, 2011, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," and DWAYNE BARRETT, a/k/a "Tall Man," the defendants, in the vicinity of East Gun Hill Road and Jerome Avenue in the Bronx, New York, robbed an individual who sells telephone calling cards to bodegas, grocery stores, and other commercial locations, during which robbery the victim was beaten and approximately $3,000 and 100 telephone calling cards were taken.

m.    On or about January 7, 2012, FAHD HUSSAIN,

5

a/k/a "Ali," a/k/a "Moe," and JERMAINE DORE, a/k/a "St. Kitts,"

a/k/a "Blaqs," the defendants, in the vicinity of St. George

Crescent in the Bronx, New York, robbed at knifepoint an

individual who owns a business that supplies merchandise to

bodegas, during which robbery the victim was assaulted and

approximately $1000 was taken.

(Title 18, United States Code, Section 1951.)

COUNT TWO

The Grand Jury further charges:

3.    From at least in or about 2010, up to and

including in or about January 2012, in the Southern District of

New York and elsewhere, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe,"

JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," DWAYNE BARRETT,

a/k/a "Tall Man," TAIJAY TODD, a/k/a "Biggs," and TAMESHWAR

SINGH, a/k/a "Jerry," the defendants, during and in relation to a

crime of violence for which they may be prosecuted in a court of

the United States, namely, the Hobbs Act robbery conspiracy

charged in Count One of this Indictment, knowingly did use and

carry firearms, and, in furtherance of such crime, did possess

firearms, and did aid and abet the use, carrying, and possession

of firearms, which were discharged.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii) and 2.)

6

## COUNT THREE

4.    On or about October 29, 2011, in the Southern
District of New York, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe,"
JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," and DWAYNE
BARRETT, a/k/a "Tall Man," the defendants, unlawfully and
knowingly did commit robbery, as that term is defined in Title
18, United States Code, Section 1951(b)(1), and did thereby
obstruct, delay, and affect commerce and the movement of articles
and commodities in commerce, as that term is defined in Title 18,
United States Code, Section 1951(b)(3), to wit, HUSSAIN, DORE,
and BARRETT robbed at gunpoint an individual, who owns a poultry
market that sells goods in interstate commerce, inside of an
apartment in the vicinity of Radcliff Avenue in the Bronx, New
York, during which robbery approximately $15,000 in business
proceeds were taken.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT FOUR

5.    On or about October 29, 2011, in the Southern
District of New York, JERMAINE DORE, a/k/a "St. Kitts," a/k/a
"Blaqs," and DWAYNE BARRETT, a/k/a "Tall Man," the defendants,
during and in relation to a crime of violence for which they may
be prosecuted in a court of the United States, namely, the
robbery charged in Count Three of this Indictment, knowingly did
use and carry firearms, and in furtherance of such crime, did

7

possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2.)

## COUNT FIVE

6.    On or about December 12, 2011, in the Southern District of New York, JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," and DWAYNE BARRETT, a/k/a "Tall Man," the defendants, unlawfully and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, in the vicinity of 267 South Fourth Avenue in Mount Vernon, New York, DORE and BARRETT robbed at gunpoint three victims engaged in a transaction involving the sale of cigarettes, during which robbery one of the victims was shot and killed.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT SIX

7.    On or about December 12, 2011, in the Southern District of New York, JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," and DWAYNE BARRETT, a/k/a "Tall Man," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery charged in Count Five of this Indictment, knowingly did

8

use and carry firearms, and in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

### COUNT SEVEN

8.    On or about December 12, 2011, in the Southern District of New York, JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," and DWAYNE BARRETT, a/k/a "Tall Man," the defendants, willfully and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery charged in Count Five of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, in the vicinity of 267 South Fourth Avenue in Mount Vernon, New York, DORE and BARRETT robbed at gunpoint three victims engaged in a transaction involving the sale of cigarettes, during which robbery one of the victims was shot and killed.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

## FORFEITURE ALLEGATION AS TO COUNTS ONE, THREE, AND FIVE

9. As a result of committing the robbery offenses alleged in Counts One, Three, and Five of this Indictment, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," DWAYNE BARRETT, a/k/a "Tall Man," TAIJAY TODD, a/k/a "Biggs," and TAMESHWAR SINGH, a/k/a "Jerry," the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property constituting or derived from any proceeds said defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One, Three, and Five of this Indictment, including but not limited to the proceeds obtained as a result of the offenses alleged in Counts One, Three, Five, and Eight of this Indictment.

### Substitute Asset Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third person;
>
> (c) has been placed beyond the jurisdiction of the Court;
>
> (d) has been substantially diminished in value; or

(e)   has been commingled with other property which
      cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C.

§ 982(b) and 21 U.S.C. § 853(p) to seek forfeiture of any other

property of said defendants up to the value of the above

forfeitable property.

(Title 18, United States Code, Section 981, and Title 28, United
States Code, Section 2461.)


FOREPERSON

PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe,"
JERMAINE DORE, a/k/a "St. Kitts," a/k/a
"Blaqs," DWAYNE BARRETT, TAIJAY TODD,
a/k/a "Biggs," and TAMESHWAR SINGH, a/k/a
"Jerry,"

Defendants.

SEALED INDICTMENT

S1 12 Cr. 45 (RJS)

(18 U.S.C. §§ 2, 924(c)(1)(A)(ii) and
(iii), 924(c)(1)(C)(i), 924(j)(1), &
1951.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_Kathleen Surek_
Foreperson.

6/25/12 - Filed Sealed Superseding Indictment.
Judge Francis
U.S.M.J