UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-31-13
```

UNITED STATES OF AMERICA

-v-

FAHD HUSSAIN, *et al.*,

Defendants.

No. 12 Cr. 45 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of the attached letter, dated January 30, 2013 but received in chambers on January 31, 2013, from Defendant Singh's counsel, John M. Rodriguez, Esq. In his letter, Mr. Rodriguez requests that the trial in this matter, which is set to commence on March 4, 2013, be adjourned to allow him sufficient time to prepare. For the following reasons, the Court DENIES his request.

As detailed in the Court's January 24, 2013 Order, on July 12, 2012, the Court set an original trial date of December 3, 2012. Nonetheless, after a discussion with the parties on the record at the November 8, 2012 conference, the Court adjourned the trial date for approximately three months – until March 4, 2013. The Court also updated the existing pretrial schedule to provide for early production to Defendants of the government's expert disclosures, motions *in limine*, an exhibit list, a witness list, and any 404(b) notice. On January 7, 2013, the Court – at the request of Defendant Singh – relieved his existing counsel of record and appointed Mr. Rodriguez as substitution counsel, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, *et seq*. Before formally appointing Mr. Rodriguez, the Court allowed Mr. Rodriguez to speak with

Defendant Singh's existing counsel and the government to determine whether he would be prepared for the existing March 4, 2013 trial date. Mr. Rodriguez indicated that he would be prepared, and the Court appointed him with that understanding in mind.

Pursuant to the Court's pretrial schedule, on January 28, 2013, the government provided Defendants with 404(b) notice, an exhibit list, and a witness list. Contrary to Mr. Rodriguez's representation in his attached letter, the government did not file any motions *in limine*. Given the government's submissions, Mr. Rodriguez now has each of the essential materials necessary to prepare an adequate defense at trial and, from the date of this Order, has over one month to do so.

Moreover, the public not only has an interest in a speedy trial, but Defendant Singh does as well. *See, e.g., Flanagan v. United States*, 465 U.S. 259, 264 (1984) ("'[T]here is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused.'" (quoting *Barker v. Wingo*, 407 U.S. 514, 519 (1972))); *United States v. Caparros*, 800 F.2d 23, 24 (2d Cir. 1986) ("[S]ociety, as well as the defendant, has an interest in a speedy trial."). Indeed, Mr. Rodriguez's request for an adjournment of the trial date is significantly undercut by his client's own prior motion, in which Defendant Singh argued that "under the unique circumstances of this case, any date for the commencement of trial beyond the calendar year 2012 would be unreasonable." (Doc. No. 72 at 10.)

Accordingly, in light of the fact that (1) the trial date in this matter has already been adjourned by a matter of months, (2) the Court set forth a schedule specifically designed to allow for sufficient time for the parties to prepare for trial, (3) the Court appointed Mr. Rodriguez only after he indicated that he would be prepared for the existing trial date, (4) Mr. Rodriguez has over one month from the date of this Order to continue his preparations for trial, and (5) Defendant Singh and society at-large have an interest in a speedy trial in this matter, the Court DENIES Mr.

Rodriguez's request for an adjournment of the existing trial date. Trial will proceed, as scheduled, on March 4, 2013. The parties shall comply with all other deadlines set forth in the Court's Order, dated November 8, 2012.

SO ORDERED.

Dated:   January 31, 2013
         New York, New York

                                        _____
                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE

3

## *THE LAW OFFICES OF JOHN M. RODRIGUEZ*
*375 Park Avenue*
*SUITE 2607*
*NEW YORK, NEW YORK 10152*
*Office(212) 634-9937   Fax(212) 634-9980*
*jrnylaw@verizon.net*

January 30, 2013

**VIA EMAIL**
Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  United States v. Tameshwar Singh
>       12 Cr. 045 (RJS)

Dear Judge Sullivan:

This application is respectfully submitted on behalf of Defendant Tameshwar Singh to request a continuance. This matter has been adjourned to March 4th for trial.

On January 7, 2013, I was the CJA Duty attorney assigned that day. I was directed to appear at the conference before your Honor, wherein defendant Tameshwar Singh requested the Court assign new counsel. After a discussion with the defendant and AUSAs assigned to the prosecution of this criminal case, I determined that with due diligence, I would be able to competently and zealously defend Mr. Singh at trial. I was assigned to represent Mr. Singh after my assurance to the Court that I expected to be ready for trial. I have prepared dutifully and diligently to that end since my assignment by this Court.

I have also discussed and negotiated plea offers with the AUSAs herein assigned, in an attempt to resolve this matter short of trial. We were unable to resolve this case prior to the receipt of further discovery materials.

The evening of the 28th I received government's disclosures and in limine motions and determined that

the universe of discovery material was far greater than I anticipated and was represented to me.

This universe of discovery material has 100 or more witnesses whom will be called to testify at trial. 100 have been named but two "potential" additional cooperating witnesses are not named and will not be named until these witnesses have been signed to cooperation agreements. I can only assume at least one of these witnesses has been in proffering posture with the government since at least January 22, 2013. We have not been provided the names of these two obviously critical witnesses to date, and the clock continues to move inexorably toward March 4, 2013.

Another witness the government will seek to introduce, will if allowed, testify in the area of cellular phone analysis and cellular technology with respect to mapping and analyzing cellular phone records. This will require the assistance of an expert or one equally trained to assist defendants in defense of claims that defendants was contacted by phone and were strategically located as proof of conspiratorial intent. Although co-counsel has engaged an expert, no analysis was performed in respect to Singh's calls.

The discovery material also introduced 396 government exhibits, including 2 knives previously not disclosed. We believe the government will seek to introduce these weapons as instrumentalities of specified or unspecified criminal acts of violence.

Finally, the government has provided a list of incidents, including 24 additional unnoticed and unspecified robberies, as well as other incidents where the government will allege surveillance of potential robbery targets and contacts with law enforcement. No bill of particulars has been provided regarding these alleged acts and investigation into 24 more robbery allegations will require substantial additional investigation. This is not 404b material.

Notice was served that Singh was involved in additional crimes of international money laundering and fencing proceeds from the alleged robberies - with no supporting discovery. I went from defending a

2

client who was implicated in 1 overt act to one potentially implicated in 24 additional criminal acts.

The Supreme Court has interpreted a defendant's Sixth Amendment right to counsel to encompass the right to effective assistance of counsel, which requires a certain quality of representation independent of the mere formal appointment of counsel. Here a continuance may be the only means to ensure the necessary level of defendant's legal representation. The right to counsel is rendered meaningless if a defendant is forced to trial in the absence of adequate time to prepare.

At the same time we appreciate the heavy caseload under which this court is likely operating and understand this Court's interest in expediting cases. Yet, insistence upon expeditiousness may render the right to defend with counsel an empty formality, causing substantial injustice.

Moreover, a failure to grant a continuance causing counsel's inadequate time to prepare for trial may create the possibility of further proceedings by way of a 2255 petition(s) or new trial if the defendant is found guilty.

The government's case is expected to last about 3 weeks. I would respectfully request an adjournment of the trial to sufficiently prepare. After conferring with the government, the government has no objection to my application. After conference, co-counsel for the respective remaining defendants join in this application. We respectfully request a conference at the Court's earliest convenience, preferably late Friday afternoon, to address trial preparation concerns and reasonable adjournment considerations. No other request for adjournment has been made by counsel although I am aware that co-counsels made a request for adjournment on January 23, 2013, which application was denied. This prior application was made before the dissemination of the latest discovery and motions in limine.

Respectfully submitted,

John M. Rodriguez, Esq.

*Attorneys for Defendant
Tameshwar Singh*