UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :     S1 12 Cr. 45 (RJS)

          - v. -                :

FAHD HUSSAIN, et al.,           :

          Defendants.           :

- - - - - - - - - - - - - - x


**JOINT PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

**Questions requested by the defense and objected to by the Government are underlined.**

I.   <u>INTRODUCTION</u>

Good afternoon, ladies and gentlemen.  Welcome to the United States District Court for the Southern District of New York.  My name is Richard Sullivan, and I will be the judge presiding over this matter.

Thank you for being here.  Jury service is one of the most important duties of citizenship, and our system of justice depends on citizens who are willing to meet their civic responsibilities.  And so while I know that this may not be the most convenient time for some of you to be here, your presence is important, and we are grateful to all of you for being here.

The case today is a criminal case.  It is entitled: *United States of America* v. *Fahd Hussain, Jermaine Dore, Dwayne Barrett, and Taijay Todd, or Fahd Hussain, et al.*  The trial is anticipated to last approximately three weeks.

As jurors, your function in our system of justice is to give the parties a fair trial.  To do so, you must be free from any preconceived notions or sympathies or prejudices that might prevent you from returning a fair and just verdict.

To give the parties in this action some comfort that there is nothing in your background that might improperly affect

-2-

you as a juror, I will be asking some questions of you. Although some of the questions may appear personal, the purpose of the questioning is not to embarrass you; it is simply to develop enough information so that we can determine whether you will sit as a juror in this particular case.

After I ask my questions, some of you may be excused "for cause." That just means that a good reason exists as a matter of law for you not to sit as a juror in this case. For example, if one of you is related to one of the lawyers, you would be excused "for cause." Others of you may later be excused based on what we call "peremptory challenges." Under our system, through peremptory challenges, the parties have the right to excuse a number of potential jurors without giving any explanation.

## II.   OATH

Before I begin my questions, I will ask all of the prospective jurors to stand so that Aaron Halegua, my law clerk, can administer the oath that you will respond truthfully and completely to my questions.

*[Law clerk administers the oath.]*

## III. FILLING THE BOX

We will have twelve jurors as well as two alternates. We will start the questioning with thirty-two of you, randomly

-3-

selected, to sit in the jury box and the first three rows on the left side of the Courtroom.  I will be directing my questions at these first thirty-two individuals.  As to these individuals, if your answer to any of my questions is "yes," please raise your hand when that question is asked.  You should also say if you would feel uncomfortable giving your answer in open court.

You have been handed a written questionnaire that you may follow as I ask questions.  You are not to fill it out.  It is merely provided to be an aid to you and to others who have not been called yet.  Again, if any of you among the first thirty-two answer "yes" to any of my questions, you should raise your hand after I have read that question.

To those individuals who are not among the first thirty-two people selected, you should also listen carefully to my questions, and follow along on the paper that has been handed to you, because some of you will be called upon to take the place of those who are excused for cause.  If you do end up taking a seat, I will ask you to refer to the questionnaire and quickly tell me if you have any affirmative answers to questions in the questionnaire.

Once I have resolved all the challenges for cause, the parties will exercise their peremptory challenges.  Fourteen of the thirty-two will be left, and they will be our jury and two

alternates.

Mr. Halegua, will you bring up the first thirty-two individuals?

## IV.  <u>SUMMARY OF THE CASE</u>

As I explained, this is a criminal case.  It is entitled *United States of America* v. *Fahd Hussain, et al.*

The Defendants, Fahd Hussain, Jermaine Dore, Dwayne Barrett, and Taijay Todd, have been charged with the commission of certain federal crimes in an Indictment filed by a grand jury sitting in this District.

The Indictment contains seven counts or charges. Count One is a conspiracy count.  Count One of the Indictment charges that, from in or about 2010, up to and including in or about January 2012, the Defendants conspired or agreed with each other and other individuals to commit robbery, specifically, to commit robberies of individuals believed to possess business proceeds of commercial establishments that sold goods and used materials that had traveled in interstate commerce.

Count Two charges that from in or about 2010, up to and including in or about January 2012, during and in relation to the robbery conspiracy charged in Count One of the Indictment, the Defendants knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did

-5-

aid and abet the use, carrying, and possession of firearms, which were discharged.

Count Three charges that on or about October 29, 2011, Defendants Hussain, Dore, and Barrett committed robbery, specifically, a gunpoint robbery of an individual, who owns a poultry market that sells goods in interstate commerce, inside of an apartment in the vicinity of Radcliff Avenue in the Bronx, New York, during which robbery approximately $15,000 in business proceeds were taken.

Count Four charges that on or about October 29, 2011, Defendants Hussain, Dore, and Barrett, during and in relation to the robbery charged in Count Three of the Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished.

Count Five charges that on or about December 12, 2011, Defendants Dore and Barrett committed robbery, specifically, Dore and Barrett robbed at gunpoint three victims engaged in a transaction involving the sale of cigarettes, in the vicinity of 267 South Fourth Avenue in Mount Vernon, New York, during which robbery one of the victims was shot and killed.

Count Six charges that on or about December 12, 2011, Defendants Dore and Barrett, during and in relation to the

robbery charged in Count Five of the Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were discharged.

Count Seven charges that on or about December 12, 2011, Defendants Dore and Barrett, during and in relation to the robbery charged in Count Five of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, specifically, Dore and Barrett robbed at gunpoint three victims engaged in a transaction involving the sale of cigarettes, in the vicinity of 267 South Fourth Avenue in Mount Vernon, New York, during which robbery one of the victims was shot and killed.

Now, let me stress that an indictment is not evidence. It simply contains the charges against the Defendants, and no inference may be drawn against the Defendants from the existence of the Indictment. You must always keep in mind that the Defendants are presumed innocent, that they have entered pleas of not guilty to the charges against them, and that the government must prove the charges in the Indictment beyond a

reasonable doubt.

You have been handed a written questionnaire that you may follow as I ask questions.  You are not to fill it out.  It is merely provided to be an aid to you and to others who have not been called yet.  Once again, if any of you in the jury box and first three rows – our first thirty-two – have affirmative answers to any questions, you should raise your hand after I have read that question.  For those of you who have not been called but may later be asked to take the seat of a prospective juror who has been excused, you should also follow along.  If you do end up taking a seat, I will ask you to refer to the questionnaire and quickly tell me if you have answered "yes" to any of the questions in the questionnaire.

## V.   QUESTIONS ABOUT THE CASE

1.   Do any of you know anything about the facts of this case?

2.   Have any of you heard, read, or seen anything that for any reason would prevent you from rendering a fair and impartial judgment in this case?

3.   Do any of you feel, for any reason, that you could not view fairly and impartially a case involving charges such as I have described?

4.   Have any of you formed an opinion that the

actions charged in the Indictment, as I have described it to you, should not be crimes, or that the laws governing these offenses should not be enforced, or that these crimes should not be prosecuted by the United States government?

**VI.   PARTIES AND COUNSEL**

As I have stated, the Defendants in this case are Fahd Hussain, Jermaine Dore, Dwayne Barrett, and Taijay Todd.  Mr. Hussain, please stand and face the prospective jurors, both in the jury box and in the back of the courtroom.  Mr. Hussain is represented at this trial by his attorney, Ronald Garnett.  Mr. Garnett, please stand and face the jurors.  Mr. Dore, please stand and face the prospective jurors, both in the jury box and in the back of the courtroom.  Mr. Dore is represented at this trial by his attorneys, Alice Fontier, Esq. and Ying Stafford, Esq.  Ms. Fontier and Ms. Stafford, please stand and face the jurors.  Mr. Barrett, please stand and face the prospective jurors, both in the jury box and in the back of the courtroom. Mr. Barrett is represented at this trial by his attorney, James Roth, Esq., of Hurwitz Stampur & Roth.  Mr. Roth, please stand and face the jurors.  Mr. Todd, please stand and face the prospective jurors, both in the jury box and in the back of the courtroom.  Mr. Todd is represented at this trial by his attorney, Steven Brill, Esq., of Sullivan & Brill.  Mr. Brill,

please stand and face the jurors.

This action is being prosecuted by the United States Attorney's Office for the Southern District of New York.   The United States Attorney for this District is Preet Bharara, who will be represented at this trial by Assistant United States Attorneys Jessica Masella and Amy Lester.   They will be assisted by Special Agent Anthony Melchiorri of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, also known as the "ATF," and Darci Brady, a paralegal specialist in the U.S. Attorney's Office.   Please stand and face the jurors.

5.   Do any of you know the Defendants -- Mr. Fahd Hussain, Mr. Jermaine Dore, Mr. Dwayne Barrett, and Mr. Taijay Todd -- or any of the other individuals I have just identified?

6.   Have any of you, or, to your knowledge, any member of your family or any close friend, had any personal or business dealings, directly or indirectly, with any of these individuals, including the Defendants?

7.   Do any of you know, or have any of you or your relatives or close friends had any association or business dealings with, any member of the staff of the Defendants' attorneys, the United States Attorney's Office for the Southern District of New York, or the ATF?

## VII. __WITNESSES__

8.   I will now read the names of potential witnesses in this case as well as other individuals and entities whose names may be mentioned during the trial:

[A list will be provided to the Court prior to jury selection.]

Do any of you know, or have any of you or your family members or close friends had any dealings with, directly or indirectly, any of these individuals?

9.   If so, is there anything about your familiarity with or knowledge of these individuals or entities that could affect your ability to be fair and impartial in this case?

## VIII. __LOCATIONS__

10.  Some of the evidence in the case will concern the following locations:

[A list will be provided to the Court prior to jury selection.]

Are any of you familiar with these locations?   If so, how?

11.  Is there anything about your familiarity with or knowledge of these locations that could affect your ability to be fair and impartial in this case?

## IX.   <u>QUESTIONS SPECIFIC TO THE CASE</u>

12.  Have you or anyone you know ever worked for an attorney or law firm?

13.  Do you or any of your family members or friends work for a criminal lawyer or investigator?

14.  If you answered yes to the two previous questions, is there anything about these facts that would make it difficult for you to sit as a fair and impartial juror in this case?

15.  Do you have any opinions about lawyers or law school that would make it difficult for you to render a fair and impartial verdict?

16.  Are you or do you have any family members or friends who are judges, law clerks, court attendants, court clerks, other types of court personnel, probation officers, or persons connected with any correctional institution, jail or penitentiary?

17.  Have any of you, or your family members or close friends, ever worked for any law enforcement agency or prosecutor's office?  If so, please describe.

18.  Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

19. Would any of you be more inclined or less inclined to believe a witness solely because the witness was a police officer or other law enforcement officer?

20. Some of the evidence in this trial was obtained through searches conducted by law enforcement officers. I instruct you that none of the searches in this case violated the Defendants' rights. It is proper for the evidence from these searches to be introduced at trial for your consideration. Do any of you have any feelings or opinions about the use of evidence obtained in law enforcement searches that could affect your ability to be fair in this case?

21. The Defendants are charged with acting with others in the commission of the charged crimes. Not all of those individuals are on trial here. You may not draw any inference, favorable or unfavorable, toward the government or the Defendants from that fact. You also may not speculate as to the reason why other persons are not on trial. Is there anyone who cannot follow this instruction or who for this reason could have difficulty rendering a fair and impartial verdict?

## X.   <u>VICTIM OF A CRIME</u>

22.   Have you, or any family member or close friend, ever been the victim of a crime?   If any of you feel uncomfortable answering this question in open court, please say so.

23.   If so, please describe the circumstances, including the type of crime, when it happened, and the outcome of any law enforcement action.

24.   Is there anything about that experience that could affect your ability to be fair and impartial in this case?

## XI.  <u>PRIOR JURY SERVICE</u>

25.   Have any of you ever sat as a juror before in any type of case?

26.   If so, please state whether the case was in state or federal court, whether it was a civil or criminal matter, and, without telling us what the verdict was, whether a verdict was reached.

27.   Have any of you served as a grand juror?

28.   If so, please indicate where and when you served, and describe, in general terms, the kind of cases you heard.

29.   For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial

-14-

juror in this case?

**XII.   <u>PRIOR EXPERIENCE WITH COURT SYSTEM</u>**

30.   Have you, or any member of your family or any close friends, ever participated in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant?  If so, what kind of case?  And, what was your role in that case?

31.   Is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

32.   Have you, or a relative or close friend, ever been charged with a crime?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?  Again, if you would prefer not to give your answer in open court, please say so.

<u>33. Do you know anyone who has ever been charged with committing robbery?</u>

<u>34. Describe your feelings about people who are ACCUSED of committing robbery:</u>

<u>35. Do you know anyone who has ever been charged with using a firearm or knife in connection with committing a crime?</u>

<u>36. Describe your feelings about people who are accused of carrying a firearm or knife in connection with</u>

committing a crime?

37.  How do you feel about the government's use of informants?

38.  Do you believe that individuals are sometimes falsely accused of committing crimes they did not commit?

39.  Do you have such strong feelings about people accused of committing any of the crimes listed above that it would affect your ability to be a totally fair and impartial juror?

40.  Have you, or a relative or close friend, ever been the subject of any investigation or accusation by any grand jury, state or federal, or any other investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

41.  Have you, or a relative or close friend, ever been subpoenaed for any inquiry or investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

42.  Have you, or a relative or a close friend, ever been questioned in any matter by the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, or the Bureau of Alcohol, Tobacco, Firearms, and Explosives?

43. Have you, or a relative or a close friend, individually or in the course of business, ever been a party to any legal action or dispute with the United States or any officers, departments, agencies, or employees of the United States, including the Internal Revenue Service, or had any interest in any such legal action or its outcome?   More specifically, have you, or has any member of your family, ever had such a dispute concerning money owed to you by the Government or owed by you to the Government?

44. Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, or the Bureau of Alcohol, Tobacco, Firearms, and Explosives?

45. Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice, positive or negative, based on race or national origin that may inhibit your ability to be a fair and impartial juror in this case?

46. Have you or any family member ever served in any branch of the military?   If so, were you or your family member ever involved in a court martial?

-17-

## XIII.  **TRIAL ADMINISTRATION**

47.  I expect this trial to take approximately three weeks.  Do any of you have any physical or personal problems that would prevent you from serving in this case for the number of weeks I have indicated?

48.  Do any of you have any difficulty with your sight or hearing that could affect your ability to follow these proceedings?

49.  Are any of you taking any medication that would prevent you from giving full attention to all of the evidence at this trial?

50.  Do any of you have any difficulty understanding or reading the English language?

51.  Do any of you have any religious, moral, or ethical beliefs that would prevent you from passing judgment on another person or determining the credibility of any witness?

52.  I don't know if the case will generate any publicity, but if it does, will each of you accept the proposition that you should absolutely avoid reading about this case in the newspapers or listening to any radio or television reports concerning the case until after it is over?  If not, please raise your hand.

## XIV.   <u>BASIC LEGAL PRINCIPLES</u>

53.   Under the law, the facts are for the jury to decide and the law is for the Court.   The two areas are separate and distinct.   At the end of the case, I will instruct the jury on the law, and the jury is required to accept the law as I explain it.   If you are on the jury, you must accept the law as I explain it, even if you disagree with my explanation of the law.   Does anyone believe that he or she would have any difficulty following this instruction?   If so, please raise your hand.

54.   A defendant in a criminal case has the right not to testify.   If any of the Defendants here do not testify, the jury may not draw any inference against that particular Defendant based on his decision.   The fact that a defendant chooses not to testify may not enter into the jury's deliberation at all.   If you have any difficulty accepting this legal principle, please raise your hand.

55.   Under the law, a defendant is presumed to be innocent and cannot be found guilty of the crime charged in the indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves that defendant's guilt beyond a reasonable doubt.   Would any of you have difficulty accepting and applying this rule of law?   If so,

please raise your hand.

56. In a criminal case the burden of proof remains with the prosecution. For the jury to return a verdict of guilty against the defendant, the prosecution must prove beyond a reasonable doubt that the defendant is guilty. A person charged with a crime has absolutely no burden to prove that he or she is not guilty. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

57. I will also instruct the jury that as you consider whether the government has met its burden of proof, you must consider each count of the Indictment separately. You may find the government has met its burden for one or more counts and not others. Is there anyone who feels he or she cannot evaluate each count of the Indictment separately?

58. Can everyone determine each Defendant's guilt or innocence based solely on evidence, or lack of evidence, presented with respect to each count?

59. You are required by law to make your decision based solely on the evidence or lack of evidence presented in Court, and not on the basis of conjecture, suspicion, sympathy, or prejudice. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

60.   Under the law, the question of punishment is for the Court alone -- for me -- to decide, and thus the issue of punishment must not enter into your deliberations as to whether the Defendants are guilty or not guilty as charged.   Are any of you unable to accept that proposition?   If so, please raise your hand.

61.   It is not a particularly pleasant duty to find another individual guilty of committing a crime.   Do any of you feel that, even if the evidence established each Defendants' guilt beyond a reasonable doubt, you might not be able to render a guilty verdict against the Defendants for reasons unrelated to the law and the evidence?   Do any of you have any religious, philosophical, or other belief that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

62.   Do any of you feel that because some of the charges in this case involve firearms that you might not be able to render a fair verdict?

63.   Do any of you feel that because some of the charges in this case involve robberies that you might not be able to render a fair verdict?

64.   Do any of you feel that because some of the charges in this case involve murder that occurred during the

commission of a robbery that you might not be able to render a fair verdict?

65.   Do any of you believe that our system of criminal justice improperly favors either the prosecution or the defense?

From time to time during the trial it may become necessary for me to talk with the lawyers out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom -- what we call a "sidebar" -- or by calling a recess.   Please understand that while you are waiting, we are working.   The purpose of any conference outside your viewing is not to keep relevant information from you, but to decide certain procedural issues or how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

> [Discuss and resolve for-cause challenges at sidebar.]

> [Replace struck jurors.   Ask replacement jurors if they have any affirmative answers to the questionnaire.   Resolve any additional for-cause challenges.]

## XV.   QUESTIONS FOR INDIVIDUAL JURORS

I'm now going to ask each of you a few questions designed to give the parties a better idea of you as a person. Again, these questions are not designed to embarrass you or make you feel uncomfortable.   They are simply meant to give the

-22-

parties a little more information about you.

66.  What is your county of residence?

67.  What is the highest level of schooling you have completed?

68.  What is your present employment?  How long have you held your current position?  If retired, what did you do before?

69.  Do you have a spouse or partner?  If so, how is he or she employed?

70.  Do you have any children?  How old are they?  If they are adults, how are they employed?

71.  Is there anyone else living in your household? Who?  What do they do for a living?

72.  What type of magazines, newspapers, and books do you read on a regular basis?

73.  What television programs do you watch on a regular basis?

74.  Do you belong to any associations or clubs or unions?

75.  What do you do in your spare time?

76.  What are your hobbies or interests outside of work and family?

77. Please list 3 people you admire or respect the

most and tell us why:

78. Please list 3 people you admire or respect the least and tell us why:

79. Please list the one person you feel most influenced by in your life and tell us why:

80. In the past ten years, have you or an immediate family member ever been a member of the National Rifle Association or any group that lobbies or takes public positions for or against gun control?

81. Do you have opinions or beliefs about the music industry, rap musicians, or violence portrayed in rap videos that would interfere with your ability to render a fair verdict?

82. Do you have any specialized knowledge or training in cellular technology?

83. You may hear testimony from experts regarding cellular technology. Do you have an opinion about the ability of such a person to testify regarding the capability and/or limitations of cellular technology?

**XVI.  SUMMARY QUESTION**

As you can tell from my prior questions, the fundamental issue here is whether there is anything in your personal history or life experience that would prevent you from acting as a fair and impartial juror. So let me ask you one

final time, whether there is anything -- whether I have asked specifically about it or not -- that would affect your ability to render a fair and impartial verdict in this case?

                    \*      \*      \*

Now, we will be going to sidebar to discuss the challenges that the parties may have.

*[Discuss and resolve peremptory challenges
at sidebar.]*

## XVII.   <u>SECOND OATH</u>

Mr. Halegua will now swear in the jury.

*[Following the oath, the Court will give the attached preliminary instructions to the jury.]*

**PRELIMINARY JURY INSTRUCTIONS**
**The Honorable Richard J. Sullivan**
**March __, 2013**

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in this trial.

## I.   THE ROLE OF THE JURY

It will be your duty to find from the evidence what the facts are.  You, and you alone, are the judges of the facts. You decide what happened, from the evidence presented at trial. You will then have to apply to those facts the law as I will give it to you.  You must follow the law, as I explain it, whether you agree with it or not.

Nothing that I say or do during the trial is intended to indicate what your verdict should be.  Do not speculate as to what I may be thinking.

## II.   THE EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses and documents and other things received into the record as exhibits.  The lawyers may also agree -- or stipulate -- to certain facts.  You are to accept these facts as true, although you still must decide the weight, if any, to be given to these facts.

-27-

Certain things are not evidence and must not be considered by you as evidence.  I will list them for you now:

1.  Statements, arguments, and questions of the lawyers are not evidence.

2.  Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under our Rules of Evidence.  You should not be influenced by the objection or my ruling on it.  If the objection is sustained, the witness will not be permitted to answer the question, and you must ignore the question.  If the objection is overruled, the witness will be permitted to answer the question, and you should treat the answer like any other.  If you are instructed that an item of evidence is being received for a limited purpose only, you must follow that instruction.

3.  If I strike an answer or instruct you to disregard an answer, then that testimony is not evidence and must not be considered by you.

4.  Anything that you may see or hear outside the courtroom is not evidence and must be disregarded, for your verdict must be based solely on the evidence presented here in this courtroom at this trial.

### III. <u>EVALUATING WITNESSES</u>

One of your most important tasks is to evaluate the credibility of the witnesses who will testify here at trial. It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case. In the meantime, please listen carefully to the witnesses as they testify, for you will be called upon to evaluate their credibility and the truthfulness of their testimony.

### IV. <u>THE BURDEN OF PROOF</u>

Under the law, a defendant in a criminal case is presumed innocent and cannot be found guilty of the crimes charged unless a jury, after having heard all the evidence in the case, unanimously decides that the evidence proves the defendant guilty beyond a reasonable doubt.

In a criminal case the burden of proof remains with the prosecution -- the government. For the jury to return a verdict of guilty as to the Defendants, the government must prove that that each of the Defendants is guilty beyond a reasonable doubt. A person charged with a crime has absolutely no burden to prove that he is not guilty, and if the Defendants choose not to present any proof, that decision cannot be held

against them and may not enter into your deliberations at all.

## V.   CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, during the trial, you are not to discuss the case with anyone, nor are you to permit anyone to discuss it with you.  Until you retire to the jury room at the end of the case to deliberate, you simply are not to talk about this case.  Do not even discuss the case with each other until you begin your actual deliberations at the end of the trial.  If you see the lawyers or witnesses or court staff in the hallway or elevators, do not speak to them, and they will not speak to you.  They are not being impolite; they are simply following my instructions and are not permitted to talk to you.

Second, do not read or listen to anything touching on this case in any way.  I don't know if the case will generate any publicity, but if it does, you are instructed not to read, listen to, or watch any news or other reports about the case.  You must not be influenced by anything you might hear or see outside the courtroom.  If anyone should try to talk to you about this case, bring it to my attention immediately by telling Mr. Halegua.  Do not tell anyone else, not even your fellow jurors.  Do not talk about or read about the facts or circumstances of this case on social networking sites such as

Facebook or Myspace, or "Tweet" about your experience here on Twitter.

Third, do not do any research or investigation about the case or anything touching upon the case.  Do not go on the Internet to do any searches about this case or these kinds of cases or any of the individuals involved.

Fourth, if at any point in the trial you recognize someone in the courtroom, including a friend or significant other, please let Mr. Halegua know immediately.  If this occurs while the trial is in session, simply raise your hand.

Finally, do not form any opinion until all the evidence is in.  Keep an open mind throughout the trial.  Do not decide any facts until after you have heard all the evidence, the closing arguments, and my instruction on the law.

## VI.  <u>NOTES</u>

You are permitted to take notes during the trial.  Mr. Halegua has given each of you a notepad and pen.  Please write your name on the cover of the pad.  If you do take notes, please do so only in these pads.

Remember that any notes you take are for your use only, and they are only to be used as an aid for your memory.  Your memory controls.  If you do take notes, be careful not to get so involved in taking notes that you are not listening to

-31-

the evidence.  Once you are in your deliberations, if there is a disagreement between one juror's notes and another juror's notes, or between one juror's notes and another juror's recollection, you can ask to have the court reporter read back the testimony, for it is the official court transcript that controls, not any particular juror's notes.

During the course of the trial, exhibits will be received into evidence.  They will be marked by exhibit number. If there is an exhibit that you are particularly interested in seeing, write down the exhibit number, and you can ask to see the exhibit once you are in your deliberations.  However, at the end of the trial I will provide you with a list of all exhibits received in evidence, as well as a list of all witnesses who testified, so you needn't make notes to keep track of all the exhibits or witnesses in the case.

## VII. <u>COURSE OF THE TRIAL</u>

We will now begin the trial.  In this trial, we will begin each day at 9:30 a.m. and continue until approximately 5:30 p.m.  Please be on time.  If any of you are late, we will have to wait, for we cannot start until all of you are here, and all of us -- myself, the lawyers, the parties, the witnesses, Mr. Halegua, the Court reporter and your fellow jurors -- will have to wait.  And if we lose ten or twenty minutes every day,

we may not be able to get the trial completed on time.

Now, let me tell you how the trial will proceed. First, we will have opening statements. The government will make an opening statement. After that, I expect an attorney for each of the Defendants to make an opening statement as well, but they are not required to do so. The opening statements are neither evidence nor argument; they are simply outlines of what the attorneys believe the evidence will show, and they are given to help you follow the evidence as it is presented.

After the opening statements, the government will present its case. The government will call its witnesses, and after each witness testifies on direct examination, counsel for each of the Defendants will have an opportunity to cross-examine the witness. After the cross examination, there may be a little bit of what we call re-direct and re-cross examination.

Following the government's case, the government will rest. Each of the Defendants may then present a defense case, if he wishes. Again, because of the presumption of innocence, the Defendants are not required to offer any proof. If any of the Defendants does present a defense case, the defense witnesses will testify, and the government will have the opportunity to cross-examine them.

After the evidence is completed and all sides have

rested, the attorneys will give their summations.  This is the opportunity for the lawyers to summarize the evidence and to give their closing arguments.

Following the summations, I will give you instructions on the law.  You will then, finally, retire to deliberate on your verdict.

You have a tremendously important task as jurors.  It is to determine the facts.  You, and not the court, are the sole judge of the facts.  The Constitution itself recognizes your unique role in our system of justice.  So please, pay careful attention to the witnesses and evidence received at trial, as well as my instructions on the law.

We will now begin with the opening statements.