UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :        S1 12 Cr. 45 (RJS)

            - v. -               :

FAHD HUSSAIN, et al.,            :

            Defendants.          :

- - - - - - - - - - - - - - x


**JOINT PROPOSED JURY CHARGE**
**March __, 2013**

**Charges requested by the Government and objected to by the defense are indicated with ~~strikethrough~~.**

**Charges requested by the defense and objected to by the Government are <u>underlined</u>.**

## I.   <u>GENERAL INTRODUCTORY CHARGES</u>

## A.   <u>Introductory Remarks</u>

Members of the jury, you have now heard all of the evidence in the case, as well as the final arguments of the parties.   We have reached the point where you are about to undertake your final function as jurors.   You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

My duty at this point is to instruct you as to the law.   It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence was proper under the law for your consideration.

On these legal matters, you must take the law as I give it to you.   If any attorney or witness has stated a legal principle different from any that I state to you in my

instructions, it is my instructions that you must follow.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

## B.   Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to follow the law as I give it to you. You must not substitute your own notions or opinions of what the law is or ought to be.

## C.   Equality of the Parties

I remind you that in reaching your verdict, you are to perform your duty of finding the facts without bias or prejudice as to any party. You must remember that all parties stand as equals before a jury in the courts of the United States. You must also remember that it would be improper for you to allow any feelings you might have about the nature of the crimes

charged to interfere with your decision-making process.

This case is important to the Defendants, who are charged with serious crimes. Equally, it is important to the government, for the enforcement of criminal laws is a matter of prime concern to the public.

The fact that the prosecution is brought in the name of the United States does not entitle the government or its witnesses to any greater consideration than that accorded to any other party. By the same token, the government is entitled to no less consideration. The government and the Defendants stand as equals at the bar of justice. Your verdict must be based solely on the evidence or the lack of evidence.

D.   **Presumption of Innocence**

Now, I will instruct you on the presumption of innocence and the government's burden of proof in this case. The Defendants before you have pleaded not guilty. In so doing, the Defendants have denied every allegation charged against them. As a result of the Defendants' pleas of not guilty, the burden is on the prosecution to prove each Defendant's guilt beyond a reasonable doubt. This burden never shifts to the Defendants for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any

witness or producing any evidence.

The law presumes the Defendants to be innocent of all charges against them.  I therefore instruct you that the Defendants are to be presumed by you to be innocent throughout your deliberations.

The Defendants began the trial here with a clean slate.  This presumption of innocence alone is sufficient to acquit each of the Defendants unless you as jurors are unanimously convinced beyond a reasonable doubt of each Defendant's guilt, after a careful and impartial consideration of all the evidence in this case.  If the prosecution fails to sustain its burden as to a particular Defendant, then you must find that Defendant not guilty.  This presumption was with the Defendants when the trial began, remains with them even now as I speak to you, and will continue with them during your deliberations unless and until you are convinced that the prosecution has proven them guilty beyond a reasonable doubt.

**E.**   **Proof Beyond a Reasonable Doubt**

Now, the next question naturally is, what is reasonable doubt?  The words almost define themselves.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable

person to hesitate to act in a matter of importance in his or her personal life.   Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.   A reasonable doubt is not caprice or whim; it is not speculation or suspicion.   It is not an excuse to avoid the performance of an unpleasant duty.   And it is not sympathy.

In a criminal case, the burden is at all times upon the prosecution to prove guilt beyond a reasonable doubt.   The law does not require that the prosecution prove guilt beyond all possible doubt; rather, proof beyond a reasonable doubt is sufficient to convict.   The burden never shifts to the Defendant, which means that it is always the prosecution's burden to prove each of the elements of the crimes charged against the Defendant beyond a reasonable doubt.

If after fair and impartial consideration of all the evidence, or the lack of evidence, you have a reasonable doubt as to the Count and the particular Defendant you are considering, then you must acquit that Defendant on that Count. On the other hand, if after fair and impartial consideration of all the evidence you are satisfied of the guilt of each of the

Defendants beyond a reasonable doubt, it is your duty to convict the Defendants.

**F.** **The Nature of the Evidence**

In determining the facts, you must rely upon your own recollection of the evidence. What is evidence? Evidence consists of the testimony of witnesses, the exhibits that have been received, and the stipulations of the parties.

The statements and arguments made by the lawyers are not evidence. Their arguments are intended to convince you what conclusions you should draw from the evidence or lack of evidence. Now, those arguments are important. You should weigh and evaluate them carefully. But you must not confuse them with the evidence. As to what the evidence was at this trial, it is your recollection that governs, not the statements of the lawyers.

With regard to this, you should also bear in mind that a question put to a witness is never evidence. It is the answer to the question that is evidence. One exception to this is that you may not consider any answer that I directed you to disregard or that I ordered to be stricken from the record. You are not to consider such answers.

G.    <u>Direct and Circumstantial Evidence</u>

The Government requests the following instruction, which is from the Court's sample jury charge:

~~There are two types of evidence that you may properly use in deciding whether the Defendant you are considering is guilty or not guilty of the crimes with which he is charged.~~

~~One type of evidence is called direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or observed.  In other words, when a witness testifies about a fact in issue on the basis of that witness's own knowledge -- by virtue of what he or she sees, feels, touches, or hears -- that is direct evidence of that fact.~~

~~The second type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.  There is a simple example of circumstantial evidence that is often used in this courthouse.~~

~~Assume that when you came into the courthouse this morning that the sun was shining and it was a nice day outdoors. Assume that the courtroom shades were drawn and you could not look outside.  Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet and~~

then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.

The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven.

Many material facts, such as state of mind, are rarely easily proven by direct evidence. Usually such facts are established by circumstantial evidence and the reasonable inferences you draw. Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied

~~of the defendant's guilt beyond a reasonable doubt, based on all~~

~~of the evidence in the case.~~

**The defense requests the following instruction regarding direct and circumstantial evidence that is routinely given by the Honorable Deborah A. Batts:**

There are two types of evidence that you may consider during your deliberations:  direct evidence and circumstantial evidence.  Direct evidence is when a witness testifies about something the witness knows by virtue of his or her own senses -- something the witness has seen, felt, touched, or heard.  The exhibits admitted into evidence are also direct evidence.

Circumstantial evidence, on the other hand, merely means that one draws rational inferences from one proven fact, or set of facts, to determine the existence of some other fact.  Maybe that sounded a little bit complicated, but it's really not, and I will give you an example that will show you how simple it is.  Every one of us uses the process of drawing inferences, the process that's involved in circumstantial evidence, every single day of our lives.

Suppose that, in the middle of January one night, before you go to bed, you look out the window and the streets are dry and bare.  The cars don't have anything piled up on top of them.  You go to sleep and sleep soundly.  You wake up at 6

o'clock in the morning, and you look out the window.  You see that it's all white out there; everything is covered with white, thick powder:  the streets, the garbage cans and recycling bins, the cars, are all piled up with 12 inches of this white substance.

Now, no one has told you, "I was out there on the street during the night and I saw it snow."  No one has told you that.  That would be direct evidence if someone told you that.  Nonetheless, you look out the window, and you draw the inference that it snowed during the night, because there was no snow on the ground when you went to bed, and yet there was snow on the ground when you woke up.  It must have snowed.  That's circumstantial evidence.  It's as simple as that.

I want to emphasize, in explaining to you what circumstantial evidence is, that, while it is called circumstantial evidence, it does not describe the significance of the evidence.  Circumstantial evidence is of no less value than direct evidence.  The law makes no distinction between direct evidence and circumstantial evidence.  Circumstantial evidence means that you are required to go through a reasoning process to derive one fact or set of facts from some other facts that you know.  That's all that's involved.

Now, whether the circumstantial evidence leads you inevitably to a particular inference is another matter.  Let me give you another example.  Let's say that one evening you go into a subway station.  It's a local stop, and it's not rush hour.  You arrive at the platform and you are surprised to find a large crowd of people waiting on the platform.  You didn't expect there to be many people, but there are lots of people waiting.  Now, you might infer from this fact that there must not have been a train for quite some time.

But, is that a strong inference or a weak inference? Put another way, is that the only inference you might draw from the circumstantial evidence of a crowded subway platform?  It is certainly a weaker inference than the one about the snow during the night because, if you think more about it, there are other, equally plausible, explanations.

Maybe there was a train just a minute ago that went out of service, and they said "everybody off the train."  Or maybe it's 10:30 PM, and you are waiting at the 50th street stop of the 1 train and the Broadway theaters just let out.  There is more than one possible, plausible, reasonable explanation for the crowded subway platform, so, in this example, you wouldn't have as strong a basis for drawing any one particular inference.

11

Circumstantial evidence has to do with drawing inferences and using your reasoning power to decide what conclusions to draw from the testimony and the exhibits in evidence.  You are not required to draw any inference, unless you believe that such an inference flows reasonably from the evidence.

**H.   Rulings on Evidence and Objections**

You should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections.  Counsel have not only the right, but the duty, to make legal objections when they think that such objections are appropriate.

Nothing I say is evidence.  If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation.  It is your recollection and interpretation that govern.

Also, do not draw any inference from any of my rulings.  The rulings I made during trial are no indication of any view on my part.  You should not seek to find any such view or opinion on my part, nor should you otherwise speculate as to what I may think.

Further, do not concern yourself with what was said at

side bar conferences or during my discussions with counsel. Those discussions related to rulings of law.

At times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times I asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

Finally, the personalities and the conduct of counsel are not in any way in issue. If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

## I.   <u>Credibility of Witnesses</u>

I am going to give you a few general instructions as to how you may determine whether witnesses are credible and reliable, whether the witnesses told the truth at this trial, and whether they know what they were talking about.  How do you determine that?  It is really just a matter of using your common sense, your good judgment, and your experience.

First, consider how well the witness was able to observe or hear what he or she testified about.  The witness may be honest, but mistaken.   How did the witness's testimony impress you?  Did the witness appear to be testifying honestly and/or candidly?  Were the witness's answers direct or were they evasive?  Consider the witness's demeanor, manner of testifying, and the strength and accuracy of the witness's recollection.  Consider whether any outside factors might have affected a witness's ability to perceive events.

Consider the substance of the testimony.  How does the witness's testimony compare with other proof in the case?  Is it corroborated or is it contradicted by other evidence?  If there is a conflict, does any version appear reliable, and if so, which version seems more reliable?

In addition, you may consider whether a witness had any possible bias or relationship with a party or any possible interest in the outcome of the case.  Such a bias or relationship does not necessarily make the witness unworthy of belief.  These are simply factors that you may consider.

If a witness made statements in the past that are inconsistent with his or her testimony during the trial concerning facts that are at issue here, you may consider that fact in deciding how much of the testimony, if any, to believe. In making this determination, you may consider whether the witness purposely made a false statement, or whether it was an innocent mistake.  You may also consider whether the inconsistency concerns an important fact or merely a small detail, as well as whether the witness had an explanation for the inconsistency, and, if so, whether that explanation appealed to your common sense.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case.

**J.     Sympathy: Oath as Juror**

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Has the prosecution proved the Defendants' guilt beyond a reasonable doubt?

It is for you and you alone to decide whether the prosecution has proved that the Defendants are guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I have instructed you.  It must be clear to you that once you let fear, prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a particular Defendant's guilt, then you must render a verdict of acquittal on that charge against that particular Defendant.  But, on the other hand, if you should find that the prosecution has met its burden of proving the guilt of a particular Defendant beyond a reasonable doubt with respect to a particular count, then you should not hesitate because of sympathy or any other reason to render a verdict of guilty on that charge against that particular Defendant.

16

I also caution you that, under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the Defendants if they are convicted to enter into your deliberations.  The duty of imposing sentence in the event of conviction rests exclusively upon the Court and the issue of punishment may not affect your deliberations as to whether the government has proven the Defendants' guilt beyond a reasonable doubt.

**K.    Duty To Deliberate And Reach A Unanimous Verdict**

Your verdict must be unanimous with respect to each count.  Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors.  This is the very essence of jury deliberation.  It is your duty to discuss the evidence.  If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience.  You are not to give up a point of view, however, that you conscientiously believe in simply because you are outnumbered or outweighed.  You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.

17

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

## II.   SUBSTANTIVE INSTRUCTIONS

### A.   The Indictment

The Defendants are formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is merely a charge or accusation.  It is not evidence and it does not prove or even indicate guilt.  As a result, you are to give it no weight in deciding the Defendants' guilt.  What matters is the evidence you heard at this trial.  Indeed, as I have previously noted, the Defendants are presumed innocent, and it is the prosecution's burden to prove each of the Defendant's guilt beyond a reasonable doubt.

### B.   Summary of the Indictment

The Indictment in this case contains seven counts. Each count charges a separate offense or crime.  Each count must therefore be considered separately by you, and you must return a separate verdict on each count.

Count One of the Indictment charges that, from in or about 2010, up to and including in or about January 2012, the Defendants conspired or agreed with each other and other individuals to commit robbery, specifically, to commit robberies of individuals believed to possess business proceeds of commercial establishments that sold goods and used materials that had traveled in interstate commerce.

-19-

Count Two charges that from in or about 2010, up to and including in or about January 2012, during and in relation to the robbery conspiracy charged in Count One of the Indictment, the Defendants knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were discharged.

Count Three charges that on or about October 29, 2011, Defendants Hussain, Dore, and Barrett committed robbery, specifically, a gunpoint robbery of an individual, who owns a poultry market that sells goods in interstate commerce, inside of an apartment in the vicinity of Radcliff Avenue in the Bronx, New York, during which robbery approximately $15,000 in business proceeds were taken.

Count Four charges that on or about October 29, 2011, Defendants Hussain, Dore, and Barrett, during and in relation to the robbery charged in Count Three of the Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished.

Count Five charges that on or about December 12, 2011, Defendants Dore and Barrett committed robbery, specifically, Dore and Barrett robbed at gunpoint three victims engaged in a

transaction involving the sale of cigarettes, in the vicinity of 267 South Fourth Avenue in Mount Vernon, New York, during which robbery one of the victims was shot and killed.

Count Six charges that on or about December 12, 2011, Defendants Dore and Barrett, during and in relation to the robbery charged in Count Five of the Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were discharged.

Count Seven charges that on or about December 12, 2011, Defendants Dore and Barrett, during and in relation to the robbery charged in Count Five of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, specifically, Dore and Barrett robbed at gunpoint three victims engaged in a transaction involving the sale of cigarettes, in the vicinity of 267 South Fourth Avenue in Mount Vernon, New York, during which robbery one of the victims was shot and killed.

As I just indicated, the Indictment contains a total of seven counts. Each count constitutes a separate offense or

crime.   You must consider each count of the Indictment separately.

**C.     Count One -- Robbery Conspiracy**

**1.     Robbery Conspiracy -- General Instructions (18 U.S.C. § 1951)**

The first count of the Indictment charges that the Defendants violated Section 1951 of Title 18 of the United States Code.  That section provides as follows:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be [guilty of a crime].

Specifically, Count One charges, and I am now reading from the Indictment, that:

> From at least in or about 2010, up to and including in or about January 2012, in the Southern District of New York and elsewhere, FAHD HUSSAIN, a/k/a "Ali," a/k/a "Moe," JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," DWAYNE BARRETT, a/k/a "Tall Man," and TAIJAY TODD, a/k/a "Biggs," the defendants, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and

commodities in commerce, as that term is
defined in Title 18, United States Code,
Section 1951(b)(3), to wit, HUSSAIN, DORE,
BARRETT, and TODD agreed to commit robberies
of individuals and businesses involved in
commercial activities that affected
interstate commerce.

Let me now instruct you about the law of conspiracy.
A conspiracy is a kind of criminal partnership -- an agreement
of two or more persons to join together to accomplish some
unlawful purpose.

The crime of conspiracy to commit robbery is an
independent offense, separate and distinct from an actual
robbery offense.  Indeed, you may find the Defendants guilty of
the crime of conspiracy to commit robbery, even if there was no
actual robbery committed.  Congress has deemed it appropriate to
make conspiracy, standing alone, a separate crime, even if the
conspiracy is not successful and no robberies were actually
committed.

## 2. <u>Robbery Conspiracy -- Elements of the Offense</u>

To meet its burden of proving the robbery conspiracy
charged in Count One of the Indictment, the prosecution must
prove the following two elements beyond a reasonable doubt:

<u>First</u>, the prosecution must prove the existence of the
robbery conspiracy charged in Count One; and

-23-

<u>Second</u>, the prosecution must prove that the particular Defendant you are considering knowingly became a member of the conspiracy.

Now let us separately consider these elements.

## a.   Robbery Conspiracy -- First Element -- Existence of the Conspiracy

As to Count One, the first element that the prosecution must prove beyond a reasonable doubt is the existence of a conspiracy that had as its object the illegal purposes charged in the Indictment.

A conspiracy is a combination, agreement, or understanding of two or more persons to accomplish, by concerted action, a criminal or unlawful purpose.  The unlawful purpose alleged to have been the object of the conspiracy charged in Count One is the commission of a robbery or robberies.

The gist, or the essence, of the crime of conspiracy is an unlawful agreement between two or more people -- not including a government agent -- to violate the law.  The first element of the crime of conspiracy thus has two parts:  (1) an agreement and (2) an illegal object of the conspiracy.  I am now going to describe both parts of this element to you.

## (1)   An Agreement

First, to meet its burden of proof on this element,

the prosecution must prove that there was an agreement. However, the prosecution is not required to show that two or more people sat down around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details of the plans and the means by which the unlawful project was to be carried out, or the part that each of the persons who is a party to the conspiracy is going to play. Indeed, it would be quite extraordinary if there were ever such a formal document or specific oral agreement.

Common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to the unexpressed understanding. Conspirators do not usually reduce their agreements to writing. They don't typically publicly broadcast their plans. By its very nature, a conspiracy is almost always secret in its origin and execution.

It is enough if two or more people, in some way or manner, impliedly or tacitly, come to an understanding to violate the law. Express language or specific words are not required to indicate assent or agreement to form the conspiracy. You need only find that two or more people entered into the unlawful agreement alleged in Count One in order to find that a

conspiracy existed.

In determining whether there has been an unlawful agreement as alleged in Count One, you may judge the proven acts and conduct of the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The old adage, "actions speak louder than words," is applicable here. Often, the only evidence that is available is that of disconnected acts that, when taken together in connection with one another, show a conspiracy or an agreement to secure a particular result just as satisfactorily and conclusively as more direct proof.

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy. In determining the factual issues before you, you may take into account against the Defendant any acts done or statements made by any of the alleged co-conspirators during the course of the conspiracy, even though such acts or statements were not made in the presence of the Defendant or were made without his knowledge.

Of course, proof concerning the accomplishment of the object of a conspiracy may be the most persuasive evidence that the conspiracy itself existed, but it is not necessary, as I have said, that the conspiracy actually succeeded for you to

conclude that it existed.  In deciding whether the conspiracy charged in Count One existed, you may consider all the evidence of the acts, conduct, and statements of the alleged conspirators and the reasonable inferences to be drawn from that evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way, and that they agreed, as I have explained, to work together to accomplish the object or objective of the conspiracy charged in Count One.

In short, the prosecution must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to commit a robbery or robberies in the manner charged in Count One.

## (2)  **Object of the Conspiracy**

The second part of the first element relates to the object, or objective, of the conspiracy.  Count One of the Indictment charges that the object of the conspiracy was to commit a robbery or robberies.  Specifically, and I am now reading from the Indictment, the prosecution alleges that:

> HUSSAIN, DORE, BARRETT, and TODD agreed to commit robberies of individuals and businesses involved in commercial activities that affected interstate commerce.

-27-

A robbery is the unlawful taking of personal property from another against his or her will.  This is done by threatening or actually using force, violence, or fear of injury, immediately or in the future, to person or property.

In order to find that the Defendants conspired to commit robbery, you must find that the government proved beyond a reasonable doubt that the object of the conspiracy was to: (i) obtain or take the personal property of another, or from the presence of another, or attempted to do so; (ii) did so against the intended victim's will by actual or threatened force, violence or fear of injury, whether immediate or in the future; and (iii) that the co-conspirators' actions would have in any way or degree, obstructed, delayed or affected interstate commerce.  I will discuss in detail these elements in a few minutes.

**b.**    **Robbery Conspiracy -- Second Element -- Membership in the Conspiracy**

If you conclude that the prosecution has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, and that the conspiracy had as its object the illegal purpose charged in the Indictment, then you must next determine the second question:  whether the particular Defendant you are

-28-

considering participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

The prosecution must prove beyond a reasonable doubt that each Defendant unlawfully and knowingly entered into the conspiracy -- that is, with a purpose to violate the law -- and that each Defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

The terms "unlawfully" and "knowingly" are used because, if you find that the particular Defendant you are considering did join the conspiracy, you must also consider whether the prosecution has proven beyond a reasonable doubt that, in doing so, that Defendant knew what he was doing. In other words, the government must prove beyond a reasonable doubt that the Defendant joined the conspiracy deliberately and voluntarily.

"Unlawfully" simply means contrary to law. The Defendants need not have known that they were breaking any particular law, but they must have been aware of the generally unlawful nature of their acts.

An act is done "knowingly" if it is done deliberately and purposely; that is, the Defendants' acts must have been the product of the Defendants' conscious objective, rather than the

-29-

product of a mistake or accident, or mere negligence, or some other innocent reason.

Knowledge, of course, is a matter of inference from the proven facts. Science has not yet devised a manner of looking into anyone's mind and knowing what he or she is thinking. You do have before you the evidence of acts alleged to have taken place by or with the Defendant or in his presence. The government contends that these acts show beyond a reasonable doubt the Defendants' knowledge of the unlawful purpose of the conspiracy.

Each of the Defendants denies that he was a member of a conspiracy. Specifically, the Defendants deny that they committed the acts alleged by the prosecution to be sufficient to establish that they knowingly joined the charged conspiracy. It is for you to determine whether the prosecution has established beyond a reasonable doubt that the Defendants possessed such knowledge and intent.

It is not necessary for the prosecution to show that the Defendants were fully informed as to all the details of the conspiracy in order for you to infer knowledge on the part of the Defendants. To have guilty knowledge, the Defendants did not need to know the full extent of the conspiracy, or all of

the activities of all the conspiracy's participants.  Similarly,
it is not necessary for each of the Defendants to have known
every other member of the conspiracy.  In fact, any particular
Defendant may know only one other member of the conspiracy and
may still be considered a co-conspirator.  Nor is it necessary
for the Defendants to have received any monetary benefit from
their participation in the conspiracy, or to have a financial
stake in the outcome of the alleged joint venture.  It is enough
if the Defendants participated in the conspiracy unlawfully and
knowingly, as I have defined those terms.

        The duration and extent of the Defendants'
participation has no bearing on the issue of the Defendants'
guilt.  The Defendant you are considering need not have joined
the conspiracy at the outset.  The Defendant may have joined the
conspiracy at any time in its progress, and the Defendant will
be held responsible for all that was done before he joined and
all that was done during the conspiracy's existence while he was
a member.  Each member of a conspiracy may perform separate and
distinct acts.  Some conspirators play major roles, while others
play minor roles in the scheme.  An equal role is not what the
law requires.  In fact, even a single act may be sufficient to
draw the Defendant you are considering within the scope of the

-31-

conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without agreement and participation is not sufficient. What is necessary is that the Defendant you are considering joined in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the prosecution must prove beyond a reasonable doubt that the Defendant you are considering -- with an understanding of the unlawful character of the conspiracy -- knowingly engaged, advised, or assisted in the conspiracy for the purpose of committing a robbery or robberies. The Defendant thereby became a knowing and willing participant in the unlawful agreement -- that is to say, he became a conspirator.

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members. So too,

once a person is found to be a member of a conspiracy, he or she is presumed to continue as a member in the conspiracy until a conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself or herself from it.

### 3.   Robbery Conspiracy -- Overt Acts

Count One of the Indictment contains a section entitled "Overt Acts." You will have a copy of the Indictment with you while you deliberate. Although the Indictment lists overt acts, the prosecution need not prove that the Defendants or any accomplice committed any overt act. As I have told you, to prove a conspiracy, the prosecution need only prove the unlawful agreement, and the Defendants' knowing participation in the conspiracy.

### 4.   Robbery Conspiracy -- Time of Conspiracy

The Indictment charges that the alleged conspiracy existed from in or about 2010, up to and including in or about January 2012. It is not essential that the prosecution prove that the conspiracy alleged started and ended on any specific dates. Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time within or around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.

**D.   Counts Three and Five: Robbery**

**1.   Robbery -- General Instructions (18 U.S.C. § 1951)**

I now will turn to Counts Three and Five of the Indictment, which allege that certain Defendants committed two particular robberies.

Specifically, Count Three charges that on or about October 29, 2011, Defendants Hussain, Dore, and Barrett committed robbery, specifically, a gunpoint robbery of an individual, who owns a poultry market that sells goods in interstate commerce, inside of an apartment in the vicinity of Radcliff Avenue in the Bronx, New York, during which robbery approximately $15,000 in business proceeds were taken.

Count Five charges that on or about December 12, 2011, Defendants Dore and Barrett committed robbery, specifically, Dore and Barrett robbed at gunpoint three victims engaged in a

34

transaction involving the sale of cigarettes, in the vicinity of 267 South Fourth Avenue in Mount Vernon, New York, during which robbery one of the victims was shot and killed.

Both of these counts also allege that the Defendants aided and abetted the commission of the robbery; in considering each of these counts, you should apply the instructions on aiding and abetting that I will give you later in my instructions.

## 2.   <u>Robbery -- Elements of the Offense</u>

To sustain its burden of proof on Counts Three and Five, the government must prove beyond a reasonable doubt each of the following elements:

<u>First</u>, that the Defendants obtained or took the property of another, or, for an attempted robbery, attempted to do so.

<u>Second</u>, that the Defendants did so against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediate or in the future.

<u>Third</u>, that the Defendants' actions actually or potentially, in any way or degree, obstructed, delayed or affected interstate commerce.

35

Fourth, that the Defendants acted unlawfully and knowingly.

**a.   Robbery -- First Element -- Property of Another**

The first element the government must prove beyond a reasonable doubt is that the Defendants knowingly obtained the personal property of another or from the presence of another, or, for an attempted robbery, attempted to do so.  The term property includes tangible and intangible things of value.  In this case the government alleges that the object of the robbery charged in Count Three the business proceeds from a poultry market and that the object of the robbery charged in Count Four was the proceeds from a transaction involving the sale of cigarettes.

**b.   Robbery -- Second Element -- Taking by Actual or Threatened Force, Violence or Fear**

The second element the government must prove beyond a reasonable doubt in the robbery charges is that the Defendants took or attempted to take, for an attempted robbery, the personal property of another against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediate or in the future.

It is not necessary that the government prove that force, violence, and fear were all used or threatened.  The

36

government satisfies its burden in this regard if it proves beyond a reasonable doubt that any of these methods was employed.

In considering whether the Defendants, or those they were aiding and abetting, used, or threatened to use, force, violence, or fear, you should give those words their common and ordinary meaning, and understand them as you normally would. The violence does not have to be directed at the person whose property was taken. The use of a threat of force or violence might be aimed at a third person. A threat may be made verbally or by a physical gesture. Whether a statement or physical gesture by the Defendants actually was a threat depends upon the surrounding facts.

Fear exists if at least one victim experiences anxiety, concern, or worry over expected personal harm. The existence of fear must be determined by the facts existing at the time of the Defendant's actions.

Your decision as to whether the Defendants, or those they were aiding and abetting, used or threatened fear of injury involves a decision about the victim's state of mind at the time of the Defendants' actions. It is obviously impossible to ascertain or prove directly a person's subjective feeling. You

37

cannot look into a person's mind to see what his or her state of mind is or was.   But a careful consideration of the circumstances and evidence should enable you to decide whether fear would reasonably have been the victim's state of mind.

Looking at the situation and the actions of people involved may help you determine what their state of mind was. You can consider this kind of evidence -- what I previously referred to as "circumstantial evidence" -- in deciding whether property was obtained by the Defendants through the use or threat of force.   You also heard the testimony of witnesses describing their state of mind -- that is, how they felt -- at a certain moment in time.   This testimony was admitted to help you in deciding whether the property was obtained by fear.   You should consider this testimony for that purpose only.

It is not necessary that the fear be a consequence of a direct threat; it is sufficient that the surrounding circumstances render the victim's fear reasonable.   You must find that a reasonable person would have been fearful under the circumstances.

c.   <u>Robbery -- Third Element -- Interference with Commerce</u>

The third element that the government must prove for each of the three robbery counts is that the robbery or attempted robbery affected interstate or foreign commerce.

The requirement of showing an effect on commerce involves only a minimal burden of proving a connection to interstate commerce, and is satisfied by conduct that affects commerce in any way or degree.   The requirement may be satisfied by a showing of a very slight effect on interstate commerce. Even a potential or subtle effect on commerce will suffice.

With regard to this element, it is not necessary for the government to prove that commerce actually was affected by the Defendants' conduct.   It is sufficient if the alleged robbery or attempted robbery <u>possibly</u> or <u>potentially</u> would have affected interstate or foreign commerce.

It is not necessary for you to find that the Defendants intended or anticipated that the effect of their acts, or the acts of their co-conspirators, would be to affect interstate commerce, or that the Defendants or their co-conspirators had or shared a purpose to affect commerce.   All that is necessary is that the natural effect of the acts he conspired to commit would affect interstate or foreign commerce.

Nor do you have to decide whether the effect on interstate commerce was or would have been harmful or beneficial to a particular business, or to commerce in general. The government satisfies its burden of proving an effect on commerce if it proves beyond a reasonable doubt any effect, whether harmful or not.

When considering this element, it is important for you to know that commerce affected or potentially affected need not be lawful. Activities affecting or potentially affecting unlawful interstate activity fall within the purview of the statute.

**d.    Robbery -- Fourth Element -- "Unlawfully" and "Knowingly"**

The fourth element the government must establish beyond a reasonable doubt with respect to the robbery charges is that the Defendants acted unlawfully and knowingly. I have already explained these concepts to you, and you should follow my previous instructions on this point.

40

**E.**   **Counts Two, Four, and Six -- Possession Of A Firearm During And In Relation To A Crime of Violence**

**1.**   **Possession Of A Firearm During And In Relation To A Crime of Violence -- General Instructions (18 U.S.C. § 924(c)(1)(A)(i))**

I now want to turn to the firearms offenses charged in the Indictment and instruct you on the elements of Counts Two, Four, and Six.

Counts Two, Four, and Six each allege a violation of Section 924(c) of the Federal Criminal Code.  That provision makes it a crime for any person, "during and in relation to any crime of violence . . . [to] use[] or carr[y] a firearm," or, "in furtherance of any such crime, [to] possess[] a firearm."

Count Two is a firearms count connected to the robbery conspiracy charged in Count One.  This means that you cannot consider Count Two unless you first determine that the Defendants are guilty of the robbery conspiracy charged in Count One.

Count Four is a firearms count connected to the October 29, 2011 robbery charged in Count Three.  This means that you cannot consider Count Four unless you first determine that Defendants Dore and Barrett are guilty of the robbery charged in Count Three.

41

Count Six is a firearms count connected to the December 12, 2011 robbery charged in Count Five. This means that you cannot consider Count Six unless you first determine that Defendants Dore and Barrett are guilty of the robbery charged in Count Five.

## 2. Possession Of A Firearm During And In Relation To A Crime of Violence -- Elements of the Offense

To sustain its burden of proof with respect to Counts Two, Four, and Six, charging the Defendants with possession of a firearm during and in relation to a crime of violence, the prosecution must prove the following three elements beyond a reasonable doubt:

First, that on or about the dates alleged in the Indictment, the Defendants used or carried or possessed a firearm, or any combination of those acts, or aided and abetted the use, carrying or possession of a firearm by another; and

Second, that the Defendants used or carried the firearm, or aided and abetted the use and carrying of the firearm, during and in relation to the specified crime of violence, or that the Defendants possessed a firearm, or aided and abetted the possession of the firearm, in furtherance of those same crimes; and

Third, that the Defendants acted knowingly.

Now let us separately consider the three elements.

**a.   Possession Of A Firearm During And In Relation To A Crime of Violence -- First Element -- Possession Of A Firearm**

The first element the government must prove beyond a reasonable doubt on Counts Two, Four, and Six is that on or about the dates set forth in the Indictment, the Defendants used, carried, or possessed a firearm.

**(1) "Firearm" Defined**

As used in the statute, the term "firearm" means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." I instruct you that a gun is a firearm.

In considering the specific element of whether the Defendant used, carried, or possessed a "firearm," it does not matter whether the weapon was loaded or operable at the time of the crime.  Operability is not relevant to your determination of whether a weapon qualifies as a "firearm."

**(2) "Use" Defined**

In order to prove that the Defendants "used" the firearm, the prosecution must prove beyond a reasonable doubt that there was "an active employment" of the firearm by the

43

Defendants during and in relation to the commission of a crime of violence.  This does not mean that the Defendants must have actually fired or attempted to fire the weapon, although each of those actions would obviously constitute a "use" of the weapon.

Brandishing, displaying, or even referring to the weapon so that others present knew that the Defendants had the firearm available, if needed, all constitute "uses" of a firearm.  However, the mere possession of a firearm at or near the site of the crime without active employment, as I just described that term, is not sufficient to constitute "use" of a firearm.

**(3) <u>"Carry" Defined</u>**

In order to prove that the Defendants "carried" a firearm, the prosecution must prove beyond a reasonable doubt that the particular Defendant you are considering had a weapon within his control so that it was available in such a way that it furthered the commission of the crime.  The particular Defendant you are considering need not have held the firearm physically, or have had actual possession of it on his person.

If you find that the Defendant you are considering had dominion and control over the place where the firearm was located, and had the power and intention to exercise control

44

over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of a crime of violence, you may find that the prosecution has proven that that particular Defendant "carried" a firearm.

## (4) "Possession" Defined

The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession – that is, having physical custody or control of an object, as I possess this pen.  If you find that the Defendant you are considering had the firearm on his person, therefore, you may find that the Defendant had possession of it.  However, a person need not have actual, physical possession – that is, physical custody of an object – in order to be in legal possession of it. If a person has the ability to exercise substantial control over an object, even if he or she does not have the object in his physical custody, and that person has the intent to exercise such control, then the person is in possession of that article. This is called "constructive possession."

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item and another person who

45

has actual physical custody. The person having control "possesses" the firearm, because he or she has an effective working relationship with the person who has actual physical custody of the firearm, and because he or she can direct the movement or transfer or disposition of the firearm. In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained. In this manner, for example, a businessperson may possess things that are scattered throughout a number of stores or offices or installations around the country.

More than one person can have control over the same firearm. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If more than one person has possession of it, as I have defined possession for you, then possession is joint. That is what is meant by "possession."

Finally, possession and ownership are not the same. A person can possess an object and not be the owner of the object.

Now, let me give you some examples of possession.   I have a pen in my hand.   There should be no doubt that I physically possess the pen.

Another example:   Let's say that I brought in some candy today and left it on a table in the main area of my chambers, near my law clerk's desk.   My law clerk knows that he can't eat all of the candy; he'd better leave some for me.   I do not physically possess the candy but I do have control over it.   My law clerk also has control over it.   I can be said to "possess" the candy jointly with my law clerk.

One more example:   Say my grandmother left me some jewelry when she died, and it is now sitting in a safe deposit box at the bank.   My siblings and I are the only people who can get into that box.   Do we have possession of the jewelry?   Absolutely, we have possession of it, even though it's in a safe deposit box inside a bank, and not in our hands or even in our homes.

Possession of a firearm in furtherance of a crime of violence requires that the Defendant possess a firearm and that the possession advance or move forward the crime.   The mere presence of a firearm is not enough.   Possession in furtherance requires that the possession be incident to and an essential

47

part of the crime.   The firearm must have played some part in furthering the crime in order for this element to be satisfied.

## (5) Aiding and Abetting

The Defendants are also charged with aiding and abetting in each of the firearms counts in which they are charged; accordingly, it would be sufficient for this element if the Defendants aided and abetted another person in the use, carrying, and possession of a firearm.   I will instruct you more fully on aiding and abetting in a few minutes.   I do want, however, to give you an additional instruction that applies to aiding and abetting the use, carrying of, or the possession of a firearm.   In order to convict a particular Defendant of aiding and abetting another's use, carrying of, or possession of a firearm, it is not enough to find that the Defendant you are considering performed an act to facilitate or encourage the commission of the underlying crime of violence with only the knowledge that a firearm would be used or carried in the commission of that crime.   Instead, you must find that the Defendant performed some act that facilitated or encouraged the actual using, carrying of, or possession of the firearm in relation to the underlying crime.

48

For example, if you find that the Defendant you are considering directed another person to use, carry, or possess a gun in the commission of the underlying crime, or made such a gun available to the other person, then the Defendant aided and abetted the other person's use of the firearm.  Or, if you find that a particular Defendant was present at the scene during the commission of the underlying crime of violence, you may consider whether that Defendant's conduct at the scene facilitated or promoted the carrying of a gun and thereby aided and abetted the other person's carrying of the firearm.   These examples are offered only by way of illustration and are not meant to be exhaustive.

**b.**   **Possession Of A Firearm During And In Relation To A Crime of Violence -- Second Element -- In Relation To A Crime of Violence**

The second element that the prosecution must prove beyond a reasonable doubt is that the Defendant used, carried, or possessed a firearm during and in relation to a crime of violence, or in furtherance of such a crime.

"In relation to" means that the firearm must have had some purpose, role, or effect with respect to the crime of violence.

49

The use, carrying, or possession of a firearm "in furtherance of a crime of violence" requires that the Defendant used, carried, or possessed a firearm and that it advanced or moved forward the crime. The mere presence of a firearm is not enough. The use, carrying, or possession in furtherance requires that the use, carrying, or possession was incident to and an essential part of the crime. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

I instruct you that the robbery conspiracy alleged in Count One and the robberies alleged in Counts Three and Five of the Indictment qualify under the law as crimes of violence for which the Defendants may be prosecuted in a court of the United States.

**c.   Possession Of A Firearm During And In Relation To A Crime of Violence -- Third Element -- Knowledge**

The third element that the prosecution must prove beyond a reasonable doubt is that the Defendants knew that they were using, carrying, or possessing a firearm, and that they were acting knowingly in doing so.

As I previously stated before, an act is done "knowingly" if it is done deliberately and purposely.

**F.   Possession Of A Firearm During And In Relation To A Crime of Violence Resulting in Murder**

**1.   Possession Of A Firearm During And In Relation To A Crime of Violence Resulting in Murder -- General Instructions (18 U.S.C. § 924(j))**

Count Seven of the Indictment charges that Defendants Dore and Barrett violated Section 924(j) of Title 18 of the United States Code.  That provision makes it a crime for any person, "in the course of a violation of [Section 924(c)], [to] cause[] the death of a person through the use of the firearm." Section 924(c), in turn, makes it a crime for any person "during and in relation to any crime of violence or drug trafficking crime . . . [to] use[] or carr[y] a firearm," or, "in furtherance of any such crime, [to] possess[] a firearm." Specifically, Count Seven charges, and I am now reading from the Indictment, that:

> On or about December 12, 2011, in the Southern District of New York, JERMAINE DORE, a/k/a "St. Kitts," a/k/a "Blaqs," and DWAYNE BARRETT, a/k/a "Tall Man," the defendants, willfully and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery charged in Count Five of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the

51

death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, in the vicinity of 267 South Fourth Avenue in Mount Vernon, New York, DORE and BARRETT robbed at gunpoint three victims engaged in a transaction involving the sale of cigarettes, during which robbery one of the victims was shot and killed.

**2.  Possession Of A Firearm During And In Relation To A Crime of Violence Resulting in Murder -- Elements of the Offense**

To convict Defendants Dore and Barrett of Count Seven, the Government must prove each of the following elements beyond a reasonable doubt as to each Defendant:

First, that on or about December 12, 2011, the Defendants used, carried, or possessed a firearm;

Second, that the Defendants used or carried the firearm during and in relation to a crime of violence, or possessed a firearm in furtherance of such crime;

Third, that the Defendants caused the death of a person through the use of a firearm;

Fourth, that the death of that person qualifies as a murder, as I will define that term for you in a moment; and

Fifth, that the Defendants acted knowingly, unlawfully, and willfully.

### a.   First Element -- "Using," "Carrying," or "Possessing" a Firearm

The first element the Government must prove beyond a reasonable doubt on Count Three is that on or about December 12, 2011, the Defendants used, carried, or possessed a firearm.  I have already instructed you on the definitions of these terms in my discussion of Counts Two, Four, and Six, and you should follow those instructions here.

### b.   Second Element -- During and In Relation to a Crime of Violence

The second element that the Government must prove beyond a reasonable doubt is that the Defendant you are considering used or carried a firearm during and in relation to a crime of violence, or possessed a firearm in furtherance of such crime.  I have already instructed you on the definition of these terms in my discussion of Counts Two, Four, and Six, and you should follow those instructions here.

### c.   Third Element -- Caused the Death of a Person

The third element that the Government must prove beyond a reasonable doubt on Count Seven is that the Defendant you are considering caused the death of another person through the use of a firearm.  A defendant's conduct may be found to cause the death of another individual if it had such an effect

53

in producing that individual's death as to lead a reasonable person to regard the defendant's conduct as a cause of death. The death of a person may have one or more than one cause.  You need not find that the Defendant you are considering shot the victim or that he committed the final, fatal act.  The Government need only prove that the conduct of the Defendant you are considering was a substantial factor in causing the victim's death.

**d.   Fourth Element -- Definition of Murder Under Section 1111**

The fourth element of Count Seven that the Government must prove beyond a reasonable doubt is that the death of the person qualifies as a murder.  In considering Count Seven, you should apply the following definition of murder, which comes from Section 1111 of the Federal Criminal Code:   "Murder is the unlawful killing of a human being, with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, [certain crimes including] robbery . . . [qualifies as murder]."

**e.**    **Fifth Element -- "Unlawfully," "Willfully," and "Knowingly"**

The final element the Government must prove beyond a reasonable doubt on the firearm count alleged in Count Seven is that the Defendant you are considering knew that he was using, carrying, or possessing a firearm and that he acted willfully in doing so.

To satisfy this element, you must find that the Defendant you are considering had knowledge that what he was carrying or using was a firearm as that term is generally used. An act is done knowingly if done purposefully and voluntarily as opposed to mistakenly or accidentally.  You will recall that I instructed you earlier that to determine that someone acted knowingly requires you to make a finding as to that person's state of mind.  In order for the Government to satisfy this element, it must prove that the Defendant you are considering knew what he was doing -- for example, that he knew that he was carrying or using a firearm in the commission of a crime of violence.  It is not necessary, however, for the Government to prove that any Defendant knew that he was violating any particular law.

G.    **Counts Two, Three, Four, Five, Six, and Seven -- Aiding And**
      **Abetting**

I want to instruct you on the concept of aiding and abetting. With respect to Counts Three and Five (the substantive robbery counts), Counts Two, Four, and Six (the firearms charges), and Count Seven (the murder charge), the Defendants can be convicted under a theory of criminal liability known as "aiding and abetting" liability.

Aiding and abetting liability is its own theory of criminal liability. In effect, it is a theory of liability that permits a defendant to be convicted of a specified crime if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. In other words, it is not necessary for the government to show that the particular Defendant you are considering physically committed a crime in order for you to find that Defendant guilty. If you do not find beyond a reasonable doubt that the particular Defendant you are considering physically committed a crime, you may, under

certain circumstances, still find that Defendant guilty of the crime as an aider and abettor.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he personally had committed it. You may find the particular Defendant you are considering guilty of the substantive crime, therefore, if you find beyond a reasonable doubt that the government has proven that another person actually committed the crime, and that the Defendant you are considering aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person. But if you do find that a crime was committed, then you must consider whether the Defendant you are considering aided or abetted the commission of the crime.

To aid and abet another to commit a crime, it is necessary that the Defendant you are considering willfully and knowingly associated himself in some way with the crime, and that that particular Defendant willfully and knowingly sought by some act to help make the crime succeed.

57

Participation in a crime is willful if action is taken voluntarily and intentionally or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done – that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether the Defendant you are considering aided and abetted the commission of the crime with which the Defendant is charged, ask yourself these questions:

- Did the Defendant participate in the crime charged as something he wished to bring about?

- Did the Defendant associate himself with the criminal venture knowingly and willfully?

- Did the Defendant seek by his actions to make the criminal venture succeed?

If so then the Defendant is an aider and abettor, and therefore guilty of the offense.  If not, then the Defendant is not an aider and abettor.

## H.   Counts Three, Four, Five, Six, and Seven -- *Pinkerton* Liability

The Government requests the following charge, which is based on Judge Sand's model jury instructions:

~~There is another method by which you may evaluate the possible guilt of the Defendants charged in Counts Three and Four (the October 29, 2011 substantive robbery charge and the firearm charge in connection with that robbery) and Counts Five, Six, and Seven (the December 12, 2011 substantive robbery charge and the firearm and murder charges in connection with that robbery), even if you do not find that the government has satisfied its burden of proof with respect to each element of the substantive crime you are considering against a particular Defendant.~~

~~If, in light of my instructions, you find, beyond a reasonable doubt, that the Defendant you are considering was a member of the robbery conspiracy charged in Count One, then you may also, but are not required to, find that Defendant guilty of the corresponding substantive robbery crime on October 29, 2011 (Count Three) and the corresponding firearms crime on that date~~

59

(Count Four) or the substantive robbery crime on December 12, 2011 (Count Five) and the corresponding firearms crime (Count Six) and murder on that date (Count Seven), provided you find each of the following elements beyond a reasonable doubt:

First, that the crime charged in the substantive count was committed;

Second, that the person or persons you find actually committed the crime were members of the conspiracy you found existed in Count One;

Third, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the Defendant you are considering was a member of the conspiracy at the time the substantive crime was committed; and

Fifth, that the Defendant you are considering could reasonably have foreseen that the substantive crime might be committed by his co conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find that particular Defendant guilty of the substantive crimes charged against him in Counts Three, Four, Five, Six, and Seven, even though he did not

60

~~personally participate in the acts constituting the crimes or~~

~~did not have actual knowledge of them.~~

~~The reason for this rule is that a co-conspirator who~~

~~commits a substantive crime as part of a conspiracy is deemed to~~

~~be the agent of the other co-conspirators.   Therefore, all of the~~

~~co-conspirators bear criminal responsibility for the commission~~

~~of the substantive crimes.~~

~~If, however, you are not satisfied as to the existence~~

~~of any of these five elements, then you may not find the~~

~~Defendant you are considering guilty of the substantive crimes in~~

~~Counts Three, Four, Five, Six, and Seven, unless the government~~

~~proves, beyond a reasonable doubt, that the Defendant you are~~

~~considering personally committed, or aided and abetted the~~

~~commission of, the substantive crimes charged.~~

The defense objects to the additional instruction of *Pinkerton* liability.   Our initial argument would be the following:

The law is clear that whether to give a *Pinkerton* charge rests with the Court's discretion and that a *Pinkerton* charge "should not be given as a matter of course," *United States* v. *Sperling*, 506 F.2d 1323, 1341 (2d Cir. 1974). The Court has included the instruction of aiding and abetting in connection with the substantive counts in this case.   Therefore, the

61

additional charge of a *Pinkerton* theory of liability is not necessary or proper. The Second Circuit made clear in *United States* v. *Carillo*, 229 F. 3d 177 (2d Cir. 2000), that in a "federal RICO prosecution the government must prove the elements of the state law offense that serves as a predicate racketeering act." *Carillo* at 183. Under New York State law, *Pinkerton* liability does not exist. *See People v. McGee*, 49 N.Y.2d 48 (1979).

## I.   All Counts -- Venue

In addition to the elements of each of the charges that I have already described, with respect to each crime charged in the Indictment, you must also consider the issue of venue, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York.

The government need not prove that the crime was itself committed in the Southern District of New York or that the Defendant himself was present here.  It is sufficient if any act in furtherance of the crime occurred within this District.

In this regard, I instruct you that the Southern District of New York includes all of Manhattan, the Bronx, and Westchester.  It also includes all of the waters surrounding

Manhattan, Brooklyn, Staten Island, and Long Island, and the air and bridges over those waters.

I should note that on this issue -- and this issue alone -- that the government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence. A "preponderance" means that the evidence shows it is more likely than not that something occurred. Thus, the government has satisfied its burden under the venue element if you conclude that it is more likely than not that the crime charged or any act in furtherance of the crime occurred in the Southern District of New York.

If, on the other hand, you find that the government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the Defendants.

63

### III.  <u>FINAL GENERAL INSTRUCTIONS</u>

**A.**  <u>Variance In Dates and Amounts</u>

The Indictment in this case refers to various dates and amounts.  As I noted previously, it does not matter if the Indictment provides that specific conduct is alleged to have occurred on or about a certain date and the evidence indicates that in fact it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

**B.**  <u>Stipulations [If Applicable]</u>

In this case you have heard evidence in the form of stipulations.  A stipulation is simply an agreement between the parties.  Some of the stipulations that you heard contained facts that were agreed to be true, and others described testimony that a witness, if called, would have given.  You must accept as true the facts contained in these stipulations, including that a witness would have given certain testimony.  However, it is for you to determine the weight, if any, to be given that testimony or fact.

**C.**  <u>Particular Investigative Techniques Not Required</u>

You have heard references to certain investigative techniques that were used or not used by the law enforcement

authorities in this case.  There is no legal requirement that the government prove its case through any particular means.  While you are to carefully consider the evidence presented by the government, you need not speculate as to why certain techniques were used or why others were not used.  The government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of each of the Defendants has been proven beyond a reasonable doubt.

## D.    Use of Evidence Obtained Pursuant to Searches

You have heard testimony about evidence seized in connection with certain searches and at the time the Defendants were arrested.  The evidence obtained from these searches was properly admitted in this case and may properly be considered by you.  Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the

65

government has proved the Defendants' guilt beyond a reasonable doubt.

**The defense requests the following charge:**

**Identification - Witness Plus**

As you know, an issue in the case is whether the defendant has been correctly identified as the person who committed the charged crime(s).

The Government has the burden of proving beyond a reasonable doubt, not only that a charged crime was committed, but that the defendant is the person who committed that crime.

Thus, even if you are convinced beyond a reasonable doubt that a charged crime was committed by someone, you cannot convict the defendant of that crime unless you are also convinced beyond a reasonable doubt that he/she is the person who committed that crime.

In examining the testimony of any witness who identified the defendant as that person, you should determine whether that testimony is both truthful and accurate.

With respect to whether the identification is truthful, that is, not deliberately false, you must evaluate the believability of the witness who made identification. In doing so, you may consider the various factors for evaluating the

believability of a witness's testimony that I listed for you a few moments ago.

With respect to whether the identification is accurate, that is, not an honest mistake, you must evaluate the witness's intelligence, and capacity for observation, reasoning and memory, and determine whether you are satisfied that the witness is a reliable witness who had the ability to observe and remember the person in question.

Further, the accuracy of a witness's testimony identifying a person also depends on the opportunity the witness had to observe and remember that person. Thus, in evaluating the accuracy of identification testimony, you should also consider such factors as:

What were the lighting conditions under which the witness made his/her observation?

What was the distance between the witness and the perpetrator?

Did the witness have an unobstructed view of the perpetrator?

Did the witness have an opportunity to see and remember the facial features, body size, hair, skin color, and clothing of the perpetrator?

For what period of time did the witness actually observe the perpetrator? During that time, in what direction were the witness and the perpetrator facing, and where was the witness's attention directed?

Did the witness have a particular reason to look at and remember the perpetrator?

Did the perpetrator have distinctive features that a witness would be likely to notice and remember?

Did the witness have an opportunity to give a description of the perpetrator?  If so, to what extent did it match or not match the defendant, as you find the defendant's appearance to have been on the day in question?

What was the mental, physical, and emotional state of the witness before, during, and after the observation? To what extent, if any, did that condition affect the witness's ability to observe and accurately remember the perpetrator?

[If *applicable:*]
Did the witness ever see the person identified prior to the day in question? If so, how many times did the witness see that person and under what circumstances? To what extent, if any, did those prior observations affect the witness's ability to accurately recognize and identify such person as the perpetrator?]

When and under what circumstances did the witness identify the defendant? Was the identification of the defendant as the person in question suggested in some way to the witness before the witness identified the defendant, or was the identification free of any suggestion?

[If *applicable*:]
You may consider whether there is a difference in race between the defendant and the witness who identified the defendant, and if so, whether that difference affected the

accuracy of the witness's identification.   Ordinary human experience indicates that some people have greater difficulty in accurately identifying members of a different race than they do in identifying members of their own race.   With respect to this issue, you may consider the nature and extent of the witness's contacts with members of the defendant's race and whether such contacts, or lack thereof, affected the accuracy of the witness's identification.   You may also consider the various factors I have detailed which relate to the circumstances surrounding the identification (and you may consider whether there is other evidence which supports the accuracy of the identification).]

*(This charge is be used when identification is in issue and is not premised solely on the testimony of one witness identifying the defendant as the person who committed the crime.*

*The charge assumes that a charge on credibility has already been given to the jury.)*

*See Neil* v. *Biggers*, 409 U.S. 188, 199-200 (1972)("As indicated by our cases, the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."); *People* v. *Brown*, 203 A.D.2d 474 (2d Dept. 1994)(The court properly "elaborated on the People's burden to prove identification beyond a reasonable doubt, and urged the jury to consider the victim's credibility and her opportunity to observe the defendant during the commission of the robbery. The court also instructed the jury to

69

consider the surrounding circumstances, e.g., the lighting conditions at the crime scene, the distance between the victim and the defendant, and how long the robbery lasted."); *People* v. *Ruffino*, 110 A.D.2d 198, 202 (2d Dept. 1985) ("Thus, where, as in this case, there exists an issue of identification, the jury should be instructed to examine and evaluate the many factors upon which the accuracy of such testimony turns including, among others, the witness' opportunity and capacity to observe and remember the physical characteristics of the perpetrator at the time of the crime (citations omitted). It follows logically that where there has been a lineup or other pretrial identification procedure, the trier of facts should also be permitted to consider the suggestiveness of that procedure, and the extent to which it may have influenced the witness' present identification...."); *People* v. *Gardner*, 59 A.D.2d 913 (2d Dept 1997)("The trial court should have instructed the jury to consider and balance, inter alia, such factors as the complaining witness' opportunity for observation, the duration and distance of the viewing, the lighting and weather conditions, the witness' ability to describe the assailant's physical features and apparel, and any other relevant factors.").

Both the American Bar Association and the New York State Justice Task Force have recommended that, if in issue, there should be a charge on cross-racial identification. *See* Criminal Justice Section, Report to House of Delegates, American Bar Association (2008); Recommendations for Improving Eyewitness Identifications, New York State Justice Task Force (2011). The American Bar Association report surveys caselaw and jury instructions throughout the nation. Both the ABA and the Task Force recommend that an instruction be given regardless of whether an expert testifies on the topic of cross-racial identification. *See also State* v. *Cromedy*, 158 N.J. 112, 727 A.2d 457 (N.J., 1999)(requiring a cross-racial instruction when "identification is a critical issue in the case, and an eyewitness's cross-racial identification is not corroborated by other evidence giving it independent reliability"). Thereafter, because of "additional research" and a "more complete record about eyewitness identification in general," *Cromedy* was modified to require the charge "whenever cross-racial identification is in issue at trial." *State* v. *Henderson*, 208 N.J. 208, 299, 27 A.3d 872, 926 (N.J. 2011). Thus far, the Appellate Division has held that on the record presented in the particular case before them, the failure to give the charge was not error. *See, e.g., People* v.

*Applewhite*, 298 A.D.2d 136 (1st Dept. 2002); *People* v. *German*, 45 A.D.3d 861 (2nd Dept. 2007); *People* v. *Ellison*, 8 A.D.3d 400 (2nd Dept. 2004).

*See People* v. *LeGrand*, 8 N.Y.3d 449 (2007); *People* v. *Lee*, 96 N.Y.2d 157 (2001); *People* v. *Mooney*, 76 N.Y.2d 827 (1990). *See People* v. *LeGrand*, 8 N.Y.3d 449, 458 (2007).

**The Government objects to the inclusion of an instruction regarding identifications as unnecessary because we do not anticipate that any testifying victims will identify any of the defendants during the trial.**

## E.   <u>Persons Not on Trial</u>

Some of the persons who may have been involved in the events leading to this trial are not on trial.   This does not matter.   There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.   You may not draw any inference, favorable or unfavorable, towards the government or the Defendants from the fact that certain persons other than the Defendants were not named in the Indictment.   Nor may you speculate as to the reasons why other persons are not on trial.   Those matters are wholly outside your concern and have no bearing on your function as jurors.   Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney

and the Grand Jury.   Therefore, you may not consider it in any way in reaching your verdict as to the Defendants.

**F.   Preparation of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.   Such consultation helps conserve your time and the Court's time.   In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

**G.   Uncalled Witnesses -- Equally Available or Unavailable to Each Side**

There are persons whose names you heard during the course of the trial but did not appear to testify.   I instruct

72

you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.   Their absence should not affect your judgment in any way.   You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and that it is the government's burden to prove beyond a reasonable doubt each count in the Indictment as to each of the Defendants.

**H.   <u>Defendants' Right Not To Testify [If Applicable]</u>**

The Defendants did not testify in this case.   Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.   That burden remains with the government throughout the entire trial and never shifts to the defendant.   A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the Defendants did not testify.   No adverse inference against the Defendants may be drawn by you because the Defendants did not

73

take the witness stand. You may not consider this against the Defendants in any way in your deliberations in the jury room.

## I. Defendant's Testimony [If Applicable]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. In this case, Defendant [Name] did testify and he was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

## J. Expert Witnesses

You have heard the testimony of what we call an expert witness in this case. Ordinarily, witnesses are restricted to testifying concerning matters of fact. There are occasions, however, when there is some technical or other specialized area of knowledge that will assist the jury in deciding a disputed fact. On those occasions, a witness who is specially qualified by training, knowledge, experience, or education may be called to testify about some evidence or facts at issue in the form of an opinion.

74

In weighing expert testimony, you may consider the expert's qualifications, the opinion given, the witness's reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness. You may give expert testimony whatever weight, if any, you find it deserves in light of all the other evidence before you. You should not, however, accept a witness's testimony merely because he is an expert in a field. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

**K.   Law Enforcement Witnesses**

You have heard the testimony of law enforcement witnesses. The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

In this context, defense counsel are allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is for you to decide, after reviewing all the

evidence, whether to accept the testimony of the law enforcement witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

## L.   __Testimony of Cooperating Witnesses__

You have heard a witness, [insert name], testify that he was involved in planning and carrying out certain of the crimes charged in the Indictment.  This witness testified that he entered into an agreement to plead guilty and cooperate with the government, which included testifying at trial.  The government has agreed to bring his cooperation to the attention of the Court at the witness's sentencing.

Experience will tell you that the government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue.  The government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be

76

difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such an accomplice. Indeed, it is the law in federal courts that the testimony of a single accomplice witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

It is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe. The fact that a witness is an accomplice can be considered by you as bearing upon his credibility. It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his recollection, his background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether an accomplice witness -- like

any other witness called in this case -- has an interest in the outcome of the case, and if so, whether it has affected his testimony.

I caution you that it is no concern of yours why the government made an agreement with the witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of an accomplice witness, you should ask yourselves whether the accomplice would benefit more by lying, or by telling the truth.  Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony of the accomplice witness was false, you should reject it.  However, if, after a cautious and careful examination of the accomplice witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible

and act upon it accordingly.

Again, as with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

**M.   Accomplice Testimony -- Guilty Plea**

You also heard testimony that the accomplice witness, [Name], pled guilty to charges arising out of the same facts that are at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the Defendants from the fact that a prosecution witness pled guilty to similar charges. The decision of that witness to plead guilty was a personal decision that he made about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the Defendants on trial here.

**N.   Character Witnesses [If Applicable]**

You have heard testimony that Defendant [Name] has a reputation for [insert character trait testified to, e.g., honesty and truthfulness] in the community where he lives and works.

Along with all the other evidence you have heard, you may take into consideration what you believe about [Defendant]'s [character trait] when you decide whether the Government has proven, beyond a reasonable doubt, that [Defendant] committed the crime.

**O.   <u>Similar Acts</u> [or other 404(b) evidence, if applicable]**

You have heard evidence that on earlier occasions, Defendant [Name], engaged in conduct similar in nature to the conduct charged in the Indictment.   Let me remind you that [Defendant] is on trial only for the acts alleged in the Indictment.   Accordingly, you may not consider this evidence of similar acts as a substitute for proof that [Defendant] committed the crimes charged.   Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. This evidence was admitted for a more limited purpose, and you may consider it for that purpose only.

If you determine that [Defendant] committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, [Defendant] acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

Additionally, if you find that [Defendant] engaged in similar acts with other persons alleged to be members of the conspiracy charged in the Indictment, you may consider those acts in deciding whether the conspiracy existed. If you find that a defendant engaged in the earlier acts, and if you find that the earlier acts had sufficiently similar characteristics to those charged in the Indictment, then you may, but you need not, infer that the acts charged in this Indictment and the earlier conduct were part of a common plan or scheme committed by that defendant.

Nevertheless, the evidence of similar conduct is to be considered by you only on the issues I have just mentioned, and not on any other issues. You may not consider such evidence for any other purpose. Specifically, you may not consider it as evidence that [Defendant] is of bad character or has a propensity to commit crime.

81

## IV. DELIBERATIONS OF THE JURY

**A.   Notes**

Many of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have taken should not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  Any difference between a juror's recollections and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

**B.   Right to See Exhibits and Hear Testimony; Communications with Court**

A list of the witnesses who testified at trial and of the exhibits introduced into evidence will be sent to you in the jury room, along with a copy of the Indictment and a copy of my instructions on the law.  If you want to see any of the exhibits or to read or hear any of the testimony during your deliberations, that can be arranged.  Please appreciate that it

82

is not always easy to locate any testimony that you might want, so be as specific as you possibly can.   Any communication with the Court should be made in writing, signed by your foreperson with the date and time indicated, and given to the Court Security Officer.   I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.   In any event, do not tell me or anyone else how the jury stands on the issue of the Defendants' guilt until after a unanimous verdict is reached.

## C.    <u>Improper Considerations: Race, Religion, National Origin, Sex, or Age</u>

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.   In reaching your decision as to whether the government sustained its burden of proof, it would be improper for you to consider any personal feelings — positive or negative — you may have about the Defendants' race, religion, national origin, sex, or age.   The Defendants are entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

## D.    <u>Duties of the Foreperson</u>

You should by your own vote select one of your members

83

to sit as your foreperson.   The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the Court Security Officer outside your door that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.   Again, notes should be signed and should include the date and time they were sent.   They should also be as clear and precise as possible. Any notes from the jury will become part of the record in this case.   So please be as clear and specific as you can be in any notes you send.

**E.**   **Verdict Form and Return of Verdict**

We have prepared a verdict form for you to use in recording your decisions.   After you have reached a verdict, the foreperson should fill in the verdict sheet, sign it noting the date and time, and then give a note to the Court Security Officer outside your door stating simply that you have reached a verdict. Do not specify what the verdict is in your note, and do not give the verdict sheet to the Court Security Officer.   Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in.

84

I will stress again that each of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

**F.    <u>Exceptions</u>**

Members of the jury, that concludes my instructions to you.  I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like me to give to you, or if there is anything I may not have covered.

## IV.   **CONCLUSION**

Your function now is to weigh the evidence in this case and to determine the guilt of each of the Defendants with respect to the counts charged in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.