UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                                           :

UNITED STATES OF AMERICA,         :

                                                       :

         *– against –*                       :
                                                     :          12 Cr. 045 (RJS)

JERMAINE DORE (2),                   :          <u>Electronically Filed</u>

                                                       :

            Defendant.                 :

                                                     :
--------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JERMAINE DORE'S MOTION TO WITHDRAW AS COUNSEL AND FOR A MISTRIAL

 

Alice L. Fontier, Esq.
369 Lexington Ave, 2nd Fl. #224
New York, New York 10017
Tel: (212) 256-124
AliceFontierEsq@gmail.com

*Attorney for Defendant
Jermaine Dore*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                      :

UNITED STATES OF AMERICA,        :

          *– against –*                       :
                                                      :            12 Cr. 045 (RJS)
JERMAINE DORE (1),                    :            <u>Electronically Filed</u>

                  Defendant.          :
--------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JERMAINE DORE'S MOTION TO WITHDRAW AS COUNSEL AND FOR A MISTRIAL

This memorandum of law is submitted in support of defendant Jermaine Dore's Motion for Alice L. Fontier to Withdraw as Counsel and for a Mistrial.

### STATEMENT OF FACTS

Mr. Dore, along with another co-defendant, proceeded to trial on a seven count Indictment, charging violations of 18 U.S.C. § 1951(b)(1), 18 U.S.C. § 924(c)(1)(A)(iii), 18 U.S.C. § 924(j), and related charges. Mr. Dore incorporates all of the facts as set forth in the attached Declaration of Alice L. Fontier.

The section 924(j) count alleges that December 12, 2011, Mr. Dore:

> during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery charged in Count Five of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, in the vicinity of 267 South Fourth Avenue in Mount Vernon,

> New York, DORE and BARRETT robbed at gunpoint three victims engaged in a transaction involving the sale of cigarettes, during which robbery one of the victims was shot and killed.

Superseding Indictment at Count Seven.

March 6, 2013, Janiel Brown testified for the government. On cross-examination, Ms. Brown made several material statements about conversations that she had with me, Alice L. Fontier. In sum, Ms. Brown stated that when she met with counsel to inform counsel that Mr. Dore had an alibi for the December 12, 2011, homicide, charged in Count Seven, that she did not know the time at which the homicide took place. She stated that once she knew the time, the discussion of the alibi went no further. This testimony is not true. As set forth in the Declaration of Alice L. Fontier, Ms. Brown was well-aware of the time of the homicide prior to informing counsel that Mr. Dore had an alibi. In addition, Ms. Brown was aware that an investigator was retained to attempt to corroborate the alibi.

### ARGUMENT

Mr. Dore now makes this Motion to Allow Alice L. Fontier to Withdraw as Counsel and for a Mistrial. Mr. Dore has right to call his counsel as a witness on his behalf, and counsel may not be both a witness and trial counsel.

The American Bar Association Code of Professional Responsibility states:

> [i]f a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility.

Ethical Consideration 5-9, American Bar Association Code of Professional Responsibility.

Examining a similar situation as at issue here, and applying the same ethical standards, the Second Circuit has ruled that if testimony is admissible at trial that then logically requires trial counsel to testify on behalf of his client to either rebut the testimony or to offer an innocent explanation then the lawyer is disqualified as trial counsel. *Cunningham*, 672 F.2d at 1074 (2d Cir. 1982) ("If Kennedy were to be sworn as a witness it is clear that he should not serve as trial attorney.").

The Second Circuit has also held that it is error to allow an attorney to remain as trial counsel if the attorney will be in the position of arguing his own credibility, or is in the position of explaining statements to which the lawyer was a party. *United States v. McKeon*, 738 F.2d 26, 35 (2d Cir. 1984), ("For a lawyer to retain a right to argue a witness's credibility regarding material conversations to which the lawyer was a party in order to explain other statements by the lawyer which are in evidence is, in light of *Cunningham,* untenable. [Defense counsel's] insistence on retention of such a right thus made his limited disqualification as trial counsel entirely appropriate.").

Here, my testimony regarding the conversations had with Janiel Brown would be admissible to rebut her testimony. Her credibility about the homicide is central to this case, as she also testified that Mr. Dore committed a "duppy" on that date – a term she defines as shooting someone and killing them. She is the only person to have heard this alleged admission, and no one else has placed Mr. Dore at the scene of this crime.

Accordingly, Mr. Dore moves to allow Ms. Fontier to withdraw as trial counsel so that she may testify on his behalf at a future trial.

**CONCLUSION**

      For the foregoing reasons, it is respectfully submitted that the Court should allow me to withdraw as counsel, so that I may testify at any future trial of Mr. Dore.  As it is not possible for me to testify at this trial, a mistrial is also requested.

Dated:  March 11, 2013
         New York, New York

                                  Respectfully submitted,

                                  /S/ Alice L. Fontier
                                  Alice L. Fontier
                                  369 Lexington Ave., 2d Fl. #224
                                  New York, New York 10017
                                  (212) 256-1244
                                  AliceFontierEsq@gmail.com

                                  *Attorney for Defendant Jermaine Dore*