UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                   :
UNITED STATES OF AMERICA,           :
                   :          DECLARATION OF
     – against –                :          ALICE L. FONTIER
                   :
JERMAINE DORE , *et al*             :
                   :          12 Cr. 045 (RJS)
        Defendant.     :
                   :
--------------------------------------------------------x

        Alice L. Fontier, Esq., pursuant to 28 U.S.C. §1746, hereby affirms under penalty of perjury:

1. I am an attorney, and I represent defendant Jermaine Dore in the above-captioned case by CJA appointment. I make this Declaration in support of Mr. Dore's Motion for a New Trial pursuant to Rule 33, Fed.R.Crim.P.

2. Mr. Dore stands convicted after trial of 18 U.S.C. § 924(j), 18 U.S.C § 1951, and related charges.

3. February 8, 2012, the government provided discovery which included, NYPD reports relating to "the December 12, 2011 attempted robbery and homicide charged as Overt Act (d) in the Indictment[.]" Government Discovery letter, dated December 12, 2011, attached hereto as Exhibit 1.

4. This discovery was forwarded to Janiel Brown.

5. Subsequent to receiving the discovery, Janiel Brown contacted me by phone to set up a meeting.

6. A meeting between myself and Ms. Brown was held in my office.

1

7. At the meeting in my office I discussed the time and date of the homicide with Ms. Brown and we reviewed the discovery. She was informed that the homicide took place at about noon somewhere between Mount Vernon and the Bronx.

8. Ms. Brown informed me, during the meeting in my office, that if the murder took place at noon on December 12, 2012, Mr. Dore could not have been the person that committed the murder, because he was with her in Co-Op City shopping and going to the bank at that date and time.

9. I requested additional information, Ms. Brown informed me of the following, based on that conversation, I took the following notes:

> Possible investigation
>
> - 12/12/11
> - Deposited cash to put on Chase Debit to get points. Then shopping
> - started shopping @
>
> Went into Bank
>   - Chase at Co-Op City
>   - Co-Op City Shopping area
>
> 11:59 deposit
> -- in ATM  -- JB deposited in ATM closest to the door
> -- 4th from the main door
>
> Carjacking -- Mount Vernon @ 11:58

10. Because of the information provided by Ms. Brown, I requested permission from the Court to hire an investigator. I then asked the investigator assigned to this case to go to the Chase Bank in Co-Op City and attempt to obtain video from the ATM which Ms. Brown had used. *See* Email to Nelson LaSalle dated April 10, 2012, attached hereto as

Exhibit 2.

14. The investigator went to the bank in Co-Op City but was unable to obtain video from the bank because the bank did not retain copies of the videos for that length of time.

15. I informed Janiel Brown that the investigator had been retained and was looking for video, and subsequently that he could not obtain the video.

16. August 9, 2012, I received an email from Assistant United States Attorney Jessica Massella, which stated that she was sending out discovery which included "the full crime scene runs from the 12/12/11 murder[.]" August 9, 2012 email, attached hereto as Exhibit 3.

17. I forwarded the email from Ms. Massella to Janiel Brown on August 9, 2012. *See* Exhibit 3.

18. August 13, 2012, the discovery cd containing the 12/12/11 crime scene runs was mailed to Janiel Brown. *See* Letter to Janiel Brown, dated August 13, 2012, attached hereto as Exhibit 4.

19. I never informed Ms. Brown that the alibi she had provided was incorrect, due to the time of the homicide.

20. March 6, 2013, Janiel Brown testified for the government as follows:

```
Q.  Okay.
        After reviewing the discovery that you did receive
from Ms. Fontier, you had several discussions with her
concerning the case, correct?

A.  Yes.

Q.  And you went to her office?

A.  Yes.

Q.  On several occasions and you spoke to her about December
```

12th, 2011; isn't that correct?

A. Yes.

Q. And you told her that on December 12, 2011 that you were shopping in Co-op City in the Bronx. Isn't that true?

A. That's correct.

Q. And you provided her with bank records, isn't that correct?

A. That's correct.

Q. And you provided her with bank records that showed that you had made several withdrawals and deposits in Co-op City at 11:59 on December 12, 2011. Isn't that true?

A. That's correct.

Q. And the reason why you told Ms. Fontier about this is because you told her that Jermaine Dore was with you at the time, right?

A. Yes.

Q. So, it is your testimony that Mr. Dore was with you on December 12, 2011 at 11:59?

    MS. LESTER: Your Honor, could we have a clarification as to whether that's a.m. or p.m.?

    MS. STAFFORD: Sure.

    THE COURT: Okay.

BY MS. STAFFORD:

Q. You said you provided records to Ms. Fontier?

A. Yes, I did.

    MS. STAFFORD: Your Honor, may I have just one moment, please?

    THE COURT: Yes.

    (Pause)

    MS. STAFFORD: May I approach the witness, your Honor?

    THE COURT: Yes.

    MS. STAFFORD: Your Honor, I'm approaching the witness

```
     with Defendant's Exhibit A for identification.

              THE COURT:  A for identification.  All right.

      BY MS. STAFFORD:

      Q.  Ms. Fontier, can you take a close look at that and when
       you are done looking at it can you please let me know -- Ms.
       Brown. I'm sorry, are you done?

      A.  Yes, I am.

      Q.  And do you recognize that as a record that you gave
          Ms. Fontier?

       A.  Yes.  I provided her with this information.

       Q.  And is that fair and accurate as to what you provided
       her when you saw her?

       A.  This is what I gave to her.  Yes.

                MS. STAFFORD:  Your Honor, I ask to move into
            evidence Defendant's Exhibit A.

               THE COURT:  Objection?

                MS. LESTER:  No, your Honor.

               THE COURT:  Can I just see it? Just for the record,
       Exhibit A is a three-page document, two of which are page 1
       of 1, so I'm not sure that they all belong together but this
       is the exhibit Defendant's Exhibit A.  It is received.

                (Defendant's Exhibit A received in evidence)

             MS. STAFFORD:  Your Honor, may I publish Defendant's
       Exhibit A to the jury?

                THE COURT:  Yes.

             MS. STAFFORD:  I apologize.

      Q.  Ms. Brown, can you read the bottom portion of that piece
       of paper that I just put in front of you and can you tell me
       the date and time of that transaction, December 12th, 2011?
       And can you tell me if that's 11:59 a.m. or p.m.?

      A.  It says p.m. on the paper.

      Q.  So, Ms. Brown, you brought these documents to Ms. Fontier
       to prove that Mr. Dore was with you the day of December 12,
       2011; isn't that true?

       A.  Yes.
```

Q. Now –

THE COURT: Can I just be clear, the day or the evening?
You can answer.

THE WITNESS: I think she's talking about the date because the time is off.

THE COURT: All right. The question was you brought these documents to Ms. Fontier to prove that Mr. Dore was with you the day of December 12th, 2011; and you said yes; and I'm asking the day or the evening or what you meant.

THE WITNESS: Brought it for that day.

THE COURT: For that day.

THE WITNESS: Yes.

THE COURT: All right.

BY MS. STAFFORD:

Q. And that day was important because December 12, 2011, was the day of the alleged homicide?

A. That's correct.

Q. And you wanted to convince Ms. Fontier that Mr. Dore was with you because you wanted to testify on his behalf. Isn't that true?

A. I wanted to tell her that he was with me, not to testify on his behalf at that moment.

Q. At that moment?

A. I was not asked to testify in relation to the December 12th event. I was asked to testify about what took place on the search that morning when he got arrested. I was never asked to testify in relation to the December 12th event.

Q. Okay.
But you went there because you had read the discovery and you knew that the government was alleging that Mr. Dore had been involved in a homicide and you wanted to convince Ms. Fontier that Mr. Dore was with you and could not have been at the scene of the crime, isn't that true?

A. Yes.

Q. So, when you went to Ms. Fontier to convince her that Mr. Dore was with you and was not involved in the murder, you were telling her the truth?

6

        MS. LESTER:  Objection.

A.  I was asked –

        THE COURT:  Overruled.
        Were you telling her the truth?  Yes or no.

        THE WITNESS:  No.

Q.  You were not telling her the truth?

A.  No.

Q.  And you knew that you weren't telling her the truth at that time?

A.  I provided her documents about December 12 not knowing what time the murder had taken place because if you asked Ms. Fontier, it was pointed out that this could not be used as a defense for Mr. Dore because the timing is off and that's why that conversation went no further.  There was no talks about the receipts, the documents after which she told me that it could not be used because the timing that they said the murder had taken place is completely different from what I showed her on the document.

Q.  Okay.  But, you asked for the indictment, correct?

A.  Yes, I did.

Q.  You asked for the discovery, the police reports; right?

A.  I asked for the discovery, yes.

Q.  And the police report.
And so, when you went to Ms. Fontier's office to show her that Mr. Dore was with you at the times that you made those transactions and for the day, you knew when the alleged homicide had happened?

A.  Not the time.  The date.

Q.  You knew -- you didn't know the time?

A.  Exactly.

Q.  That's what your testimony is?

A.  Yes.

Q.  Is your e-mail [Janiel.Brown09@mySt.John's.edu?](Janiel.Brown09@mySt.John's.edu?)

A.  Yes, it is.

Q.  Did you e-mail Ms. Fontier on several occasions requesting various documents in discovery?

7

```
     A.  Yes, I did.

     Q.  And did you also request that you be provided with the
      times of the incidents and the dates of those incidents?

     A.  Yes.

     Q.  So, again, I'm going to ask you when you went to speak with
     Ms. Fontier, you knew the time and the date of the murder, isn't
     that true?

       MS. LESTER:  Objection, your Honor.  We don't know
     when these e-mails took place.

       THE COURT:  Well, I don't think that's a basis for an
     objection.  If the witness can answer.  At the time you
     provided documents to Ms. Fontier were you aware of when the
      murder took place?

       THE WITNESS:  Not the time.  The day, yes.
```

21. A Motion to Withdraw as counsel was filed, and denied by the Court.

22. I was not permitted to offer testimony that would have impeached Ms. Brown.


Executed:   April 24, 2013
            New York, New York

                                        S/Alice L. Fontier
                                        ALICE L. FONTIER
                                        *Attorney for Jermaine Dore*