UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
:
UNITED STATES OF AMERICA,                :
:
 – *against* –                           :
                                         :       12 Cr. 045 (RJS)
JERMAINE DORE (2),                       :       <u>Electronically Filed</u>
                                         :
              Defendant.                 :
                                         :
--------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
JERMAINE DORE'S MOTION FOR A NEW TRIAL

    Alice L. Fontier, Esq.
    369 Lexington Ave, 2nd Fl. #224
    New York, New York 10017
    Tel: (212) 256-124
    AliceFontierEsq@gmail.com

    *Attorney for Defendant*
    *Jermaine Dore*

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
UNITED STATES OF AMERICA,                             :
                                                      :
        – against –                                   :
                                                      :     12 Cr. 045 (RJS)
JERMAINE DORE (1),                                    :     Electronically Filed
                                                      :
        Defendant.                                    :
                                                      :
------------------------------------------------------x
```

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JERMAINE DORE'S MOTION FOR A NEW TRIAL

This memorandum of law is submitted in support of defendant Jermaine Dore's Motion for a new trial pursuant to Rule 33, Fed.R.Crim.P.

### STATEMENT OF FACTS

Mr. Dore, along with another co-defendant, proceeded to trial on a seven count Indictment, charging violations of 18 U.S.C. § 1951(b)(1), 18 U.S.C. § 924(c)(1)(A)(iii), 18 U.S.C. § 924(j), and related charges. Mr. Dore was convicted on all counts.

During the trial, Mr. Dore's counsel, Alice L. Fontier, moved to withdraw, and for a mistrial on the basis that she was a potential defense witness. One of the cooperating witnesses, Janiel Brown, testified falsely regarding conversations that she had with Ms. Fontier. There was no means by which Mr. Dore could impeach her statements without calling Ms. Fontier as a witness. The Court denied Ms. Fontier's request to withdraw as counsel, and thereby denied Mr. Dore the opportunity to effectively impeach Ms. Brown.

March 6, 2013, Janiel Brown testified for the government.  On cross-examination, Ms. Brown made several material statements about conversations that she had with Alice L. Fontier.  In sum, Ms. Brown stated that when she met with counsel to inform counsel that Mr. Dore had an alibi for the December 12, 2011, homicide, charged in Count Seven, that she did not know the time at which the homicide took place.  She stated that once she knew the time, the discussion of the alibi went no further.  This testimony is not true.  As set forth in the Declaration of Alice L. Fontier, Ms. Brown was well-aware of the time of the homicide prior to informing counsel that Mr. Dore had an alibi.  In addition, Ms. Brown was aware that an investigator was retained to attempt to corroborate the alibi.

Following oral argument, the Court denied the Motion to Withdraw, stating that the testimony would only serve as impeachment on a collateral matter and was aimed to generally attack Ms. Brown's credibility.  Accordingly, the Court held that Ms. Fontier testimony was inadmissable and therefore withdrawal as counsel was unnecessary.

The Court erred when it denied Ms. Fontier's request to withdraw as counsel.  Her testimony was admissible and necessary, as Ms. Brown's credibility regarding her statement that Mr. Dore confessed to the homicide was central to the government's case against Mr. Dore.  Accordingly, a new trial is warranted.

**ARGUMENT**

Janiel Brown's false testimony prejudiced Mr. Dore.  The entry of false testimony alone can be cause for a new trial.  Here, the error was compounded when the Court denied Mr. Dore the ability to call the only witness that could impeach Ms. Brown – his attorney.  These errors are grounds for a new trial in the interest of justice.

Rule 33, Fed.R.Crim.P., empowers the Court to "grant a new trial if the interests of justice so require." Fed. R.Crim. P. 33.  The Second Circuit has explained, this rule gives the trial court "broad discretion ... to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Sanchez,* 969 F.2d 1409, 1413 (2d Cir. 1992); *see also United States v. Truman,* 688 F.3d 129, 141 (2d Cir. 2012); *United States v. Triumph Capital Group, Inc.,* 544 F.3d 149, 159 (2d Cir. 2008); *United States v. Ferguson,* 246 F.3d 129, 133 (2d Cir. 2001).  A court should grant a Rule 33 motion where there is "a real concern that an innocent person may have been convicted" so that letting it stand would be a manifest injustice. *Id.* at 1414.  The Second Circuit has made clear that, while the district court should not "wholly usurp the jury's role," the trial court is free to "weigh the evidence and credibility of witnesses." *United States v. Autuori,* 212 F.3d 105, 120 (2d Cir. 2000); *see also United States v. Cote,* 544 F.3d 88, 101 (2d Cir. 2008); *United States v. Espaillet,* 380 F.3d 713, 720 (2d Cir. 2004) (same); *United States v. Jacques Dessange, Inc.,* 103 F. Supp. 2d 701, 704-705 (S.D.N.Y. 2000) (same).

The Second Circuit has stated that:

> when a trial has been tainted by false testimony, this Court is "called upon to strike a fair balance between the need for both integrity and finality in criminal prosecutions" by determining whether false testimony was prejudicial in the sense that it affected the outcome of the trial. *Stofsky,* 527 F.2d at 239. To do so, we assess the materiality of the perjury to the verdict and are guided by two standards which are based on the extent of the government's awareness of the false testimony prior to the conclusion of the trial. *United States v. Wallach,* 935 F.2d 445, 456 (2d Cir.1991).
>
> If the prosecution knew or should have known of the perjury prior to the conclusion of the trial, the conviction must be set


> aside where there is "any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Id.* (internal quotation marks omitted). The knowing introduction of false testimony will lead to "virtually automatic" reversal. *Id.* The standard applicable to the knowing introduction of false testimony serves the dual purposes of discouraging prosecutorial misconduct and providing relief from an unfair conviction. *See United States v. Agurs,* 427 U.S. 97, 104, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). On the other hand, if the prosecution was not aware of the perjury, a defendant can obtain a new trial only where the false testimony leads to "a firm belief that but for the perjured testimony, the defendant would most likely not have been convicted." *Wallach,* 935 F.2d at 456 (internal quotation marks omitted).

*United States v. Stewart*, 433 F.3d 273, 297 (2d Cir. 2006).

Here, the prosecution was not aware that Ms. Brown had perjured herself, therefore the lower standard applies. A new trial is warranted here because the issue on which Ms. Brown perjured herself – the events of the day on which the homicide occurred – was central to the government's proof on the murder count. Indeed, only Ms. Brown's testimony linked Mr. Dore directly to that offense.

The prejudice of Ms. Brown's false testimony was compounded by the fact that Mr. Dore was denied his right to impeach her statements. As the Supreme Court has explained:

> [t]he right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

*Washington v. Texas*, 388 U.S. 14, 19 (1967).

The general rule regarding the introduction of impeachment evidence is that, a "witness may be impeached by extrinsic proof of a prior inconsistent statement only as to matters which are not collateral, *i. e.,* as to those matters which are relevant to the issues in the case and could be independently proven." *United States v. Blackwood*, 456 F.2d 526, 531 (2d Cir. 1972). Here, the Court's determination that Ms. Brown's false testimony regarding her knowledge of the events on the day of the homicide – and whether she had previously stated that Mr. Dore was innocent and had an alibi – were not collateral. These facts went directly to the heart of the case, and were certainly relevant to the issue of whether Mr. Dore was properly identified as the perpetrator of the offense.

The government's contention and the Court's finding that the impeachment was for the sole purpose of attacking her credibility in general was erroneous. As a court in this district has explained "[p]roper impeachment, if effective, casts doubt on the witness' sincerity, perception, memory, or characterization of events. While this may 'distort' the prosecution's simple version of events, it is not 'misleading' to impeach a witness' credibility with that witness' inconsistent statements." *Laboy v. Demskie*, 947 F. Supp. 733, 741 (S.D.N.Y. 1996) aff'd, 141 F.3d 1151 (2d Cir. 1998). Certainly, the impeachment in this case, the prior inconsistent statements made by Ms. Brown would have cast doubt on her credibility as a whole, but that was not the sole purpose of the testimony. As discussed previously, the testimony of Ms. Fontier would have demonstrated that Ms. Brown's testimony about the day of the homicide had developed and changed over time.

Because Ms. Fontier should have been permitted to testify to impeach Ms. Brown with her prior inconsistent statement, she should have been permitted to withdraw as counsel. The

American Bar Association Code of Professional Responsibility states:

> [i]f a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility.

Ethical Consideration 5-9, American Bar Association Code of Professional Responsibility.

Examining a similar situation as at issue here, and applying the same ethical standards, the Second Circuit has ruled that if testimony is admissible at trial that then logically requires trial counsel to testify on behalf of his client to either rebut the testimony or to offer an innocent explanation then the lawyer is disqualified as trial counsel. *Cunningham*, 672 F.2d at 1074 (2d Cir. 1982) ("If Kennedy were to be sworn as a witness it is clear that he should not serve as trial attorney.").

The Second Circuit has also held that it is error to allow an attorney to remain as trial counsel if the attorney will be in the position of arguing his own credibility, or is in the position of explaining statements to which the lawyer was a party. *United States v. McKeon*, 738 F.2d 26, 35 (2d Cir. 1984), ("For a lawyer to retain a right to argue a witness's credibility regarding material conversations to which the lawyer was a party in order to explain other statements by the lawyer which are in evidence is, in light of *Cunningham,* untenable. [Defense counsel's] insistence on retention of such a right thus made his limited disqualification as trial counsel entirely appropriate.").

The false testimony of Ms. Brown greatly prejudiced Mr. Dore. That prejudice was

compounded by the Court's denial of his right to call an impeachment witness. Accordingly, a new trial is warranted.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Court should grant a new trial.

Dated: April 24, 2013
      New York, New York

Respectfully submitted,

/S/ Alice L. Fontier
Alice L. Fontier
369 Lexington Ave., 2d Fl. #224
New York, New York 10017
(212) 256-1244
AliceFontierEsq@gmail.com

*Attorney for Defendant Jermaine Dore*