UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
:
UNITED STATES OF AMERICA,                :
:
    – *against* –                                    :
:                    12 Cr. 045 (RJS)
JERMAINE DORE,                                  :                    <u>Electronically Filed</u>
:
        Defendant.                   :
:
--------------------------------------------------------x

## SENTENCING MEMORANDUM ON BEHALF OF DEFENDANT JERMAINE DORE

 

ALICE L. FONTIER, ESQ.
369 Lexington Ave., 2d Fl. #224
New York, NY 10017
(212) 256-1244

*Attorney for Jermaine Dore*

**Introduction**

This Sentencing Memorandum is submitted on behalf of Defendant Jermaine Dore in connection with his sentencing, which is scheduled for August 2, 2013, at 2:30 p.m.  For all of the reasons set forth below, it is respectfully requested that the Court impose a sentence of thirty years' imprisonment.  While there is no doubt that Mr. Dore has been convicted of the most serious offenses, a sentence of 30 years, as opposed to life, is sufficient but not greater than necessary to meet the needs of sentencing for this twenty-six year old man.

A thirty year sentence would best achieve the four objectives of sentencing enumerated in §3553(a)(2), as it would reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.  Such a sentence would also satisfy §3553(a)'s "parsimony clause," which requires that the sentence be "sufficient but not greater than necessary" to accomplish those stated goals of sentencing.

    A.    *The Pre-Sentence Report*[1]

Mr. Dore makes the following objections and corrections to the PSR:

1.    ¶12 states that Mr. Dore has been in custody at the Metropolitan Correctional Center since January 19, 2012.  This is incorrect.  Mr. Dore was in custody at the Metropolitan Detention Center ("MDC") from the time of his arrest until a few days prior to the commencement of trial in this matter.

---

[1] Mr. Dore received the draft PSR on July 12, 2013.  He has made these same objections to the Probation Department and is waiting for a final PSR.  He makes these objections to the Court now, so that the record is complete and because he does not wish to delay his August 2, 2013 sentencing date.  He reserves the right to make additional objections to the final report.

2. ¶¶20-39 set forth the offense conduct. Mr. Dore objects to these paragraphs in their entirety. Mr. Dore proceeded to trial and maintains his innocence in this matter. However, Mr. Dore specifically objects to ¶¶ 33 and 39.

3. ¶33 states that Mr. Dore "shot and killed Gamar Dafalla[.]" There was no evidence presented at trial that specifically identified Mr. Dore as the person who committed this offense. Mr. Dore was alleged to have been in the area along with Mr. Barrett and others. In addition, Mr. Dore was convicted of this offense on a *Pinkerton* theory of liability. Indeed, the PSR itself notes in footnote 1, that "the Government presented *some evidence* that proved Mr. Dore was involved in this robbery." This is a far cry from establishing beyond a reasonable doubt that Mr. Dore was the person who actually shot and killed Mr. Gafalla as the PSR now states.

4. ¶39 states that $85,000 in loss is attributable to Mr. Dore. Mr. Dore objects to this figure and notes that there is no stated basis in the PSR for this amount.

5. ¶¶ 48 and 182 state that Count Two carries a mandatory minimum sentence of ten (10) years' imprisonment. Pursuant to the Supreme Court's recent holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the jury must find facts that support an increase in the mandatory minimum sentence from five to ten years. The jury here did not make any factual findings regarding Mr. Dore's "use" of the firearm, and therefore the mandatory minimum sentence on Count Two is five years.

6. ¶¶ 48 and 183 state that Count 6 carries a mandatory minimum sentence of 25

years. However, because Mr. Dore was convicted of a violation of 18 U.S.C. § 924(j) in Count 7, for the same conduct, and that offense carries a greater sentence, the mandatory minimum sentence does not apply to Count 6.

7. ¶185 states that the applicable mandatory minimum sentence is 60 years, however for the reasons stated above, the total mandatory minimum sentence from Counts Two and Four is thirty years' imprisonment.

8. ¶58 applies a four (4) level increase because a victim sustained a serious bodily injury during the robbery that occurred on September 15, 2011. No evidence was elicited about this particular offense at trial. In addition, the Indictment does not allege any injury, and the PSR at ¶26 describing the offense conduct on this date does not set forth any bodily injury.

9. ¶¶62 and 132 state that the adjusted offense level for Group 2 is 24, for the reasons stated in point 5, the adjusted offense level should be 20.

10. ¶70 asserts that an increase for use of firearm is not warranted because Mr. Dore was convicted of 18 U.S.C. § 924(c) in connection with this offense. The increase does not apply, but it does not apply because a firearm was not possessed, brandished, or used during the course of the October 7, 2011 incident.

11. ¶84 applies a four level increase for "use of a dangerous weapon" in connection with the October 11, 2011 incident. The PSR asserts that a bat was used against the victim's car. The PSR cites to no authority for applying this increase when the weapon is not used against a person, but rather an object. Mr. Dore therefore objects to this increase, and states that a three level adjustment for brandishing a

weapon should apply instead.

12. ¶¶90 and 136 state that the adjusted offense level for Group 6 is 27, but for the reasons set forth in point 8, the adjusted offense level should be 26.

13. ¶164 asserts that Mr. Dore "stated that he is angry with himself regarding his involvement in the instant offense." Mr. Dore did not make this statement, and maintains his innocence.

In addition, the PSR unfortunately provides little guidance in navigating and evaluating the other relevant considerations under §3553(a), and arriving at a sentence "sufficient but not greater than necessary" to achieve the goals listed in §3553(a)(2). The PSR fails in any meaningful manner to account for *United States v. Booker*, 543 U.S. 220 (2005), its progeny, or the sentencing factors identified in §3553(a).

As the Supreme Court emphasized in *Nelson v. United States*, 555 U.S. 350 (2009), "[t]he Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." 555 U.S. at 351 (emphasis in original).[2] Indeed, in *Rita v. United States*, 551 U.S. 338 (2007), Justice Stevens again hearkened back to *Koon v. United States*, 518 U.S. 81 (1996), repeating that

> "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

---

[2] While the Supreme Court's ruling in *Rita v. United States*, 551 U.S. 338 (2007), established that a within-Guidelines sentence can be presumptively reasonable, *id.* at 347, that presumption is restricted to appellate review and "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id.* at 351 (*citing United States v. Booker*, 543 U.S. 220, 259-60 (2005)). *See also Nelson*, 555 U.S. at 351.

551 U.S. at 364 (Stevens, J., concurring), *quoting* 518 U.S. at 113.

Thus, while sentencing judges must still consider the Guidelines, *see* 18 U.S.C. §3553(a)(4), nothing in the statute provides any reason to treat that calculation as more controlling of the final sentencing decision than any of the other factors a court *must* consider under §3553(a) as a whole.  *See United States v. Menyweather*, 431 F.3d 692, 701 (9th Cir. 2005); *United States v. Lake*, 419 F.3d 111, 114 (2d Cir. 2005), *explaining United States v. Crosby*, 397 F.3d 103, 111-13 (2d Cir. 2005).  Thus, as the Supreme Court directed in *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 596 (2007), "after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the §3553(a) factors to determine whether they support the sentence requested by a party."

In addition, the notion that a "sufficient, but not greater than necessary" sentence exists only within the confines of the advisory Guidelines is simply specious, and has been rejected by the courts.  *See, e.g., United States v. Williams*, 372 F. Supp.2d 1335, 1337 (M.D. Fla. 2005) (noting government *always* opposes any sentence outside (below) the Guidelines as "unreasonable." . . . "Thus, while paying lip service to *Booker* and the statute, the government flouts the efficacy of the Supreme Court's opinion").  *See also  Kimbrough v. United States*, 552 U.S. 85 (2007); *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 596 (2007); *and Nelson*, 555 U.S. 350 (2009).

B.      ***Application of the 18 U.S.C. §3553(a) Sentencing Factors to Mr. Dore***

As noted **ante**, §3553(a) mandates imposition of a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in" §3553(a)(2).  *See also Kimbrough*, 552

U.S. at 101, 110.  As set forth below, it is respectfully submitted that, applied to Mr. Dore, the relevant sentencing factors set forth in §3553(a),[3] incorporating within §3553(a)(2) the four

---

[3]  Those factors are:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    need for the sentence imposed –

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)     to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; and

        (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)     the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established for –

        (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [. . .];

    (5)     any pertinent policy statement [. . .];

    (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;  and

    (7)    the need to provide restitution to any victims of the offense.

enumerated purposes of sentencing,[4] more than amply justify a sentence of thirty years' incarceration.

1. *Mr. Dore's History and Characteristics [§3553(a)(1)]*

Jermaine Dore is just twenty-six years old. He was born in St. Kitts, Virgin Islands and raised there until he was twelve years old. As a young child, he played sports, and did well in school. However, as he grew up, Mr. Dore was influenced by older boys and started cutting school. Because his grades were slipping, and because his parent's were concerned about his future, at the age of fifteen Mr. Dore was sent to live with his aunt in New York.

Once Mr. Dore was in New York, he had very little supervision. His aunt provided a home for him, but worked daily and was not in a position to act as a parent. The attempt to provide Mr. Dore with a better educational opportunity failed, as Mr. Dore barely attended school in the United States. However, as a teenager, Mr. Dore enrolled in Job Corps in the Bronx. There he obtained his GED, as well as a degree in culinary arts. Following his graduation from job corps, Mr. Dore was employed at Kentucky Fried Chicken. He worked at three different locations in New York City. Mr. Dore continued working part-time at KFC through 2010.

---

[4] Section 3553(a)(2) lists the following purposes of sentencing:

(2)     the need for the sentence imposed –

    (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)     to afford adequate deterrence to criminal conduct;

    (C)     to protect the public from further crimes of the defendant; and

    (D)     to provide the defendant with needed educational or vocational training, medical care, or correctional treatment in the most effective manner.

Mr. Dore's parents and youngest brother are still in the Virgin Islands, and Mr. Dore has had very little contact with them over the years. However, his brother and sister both live in New York, and continue to have a close and supportive relationship with Mr. Dore. Mr. Dore's brother Javid was present in court throughout the trial. His family visits him regularly, and will remain supportive of him. In addition, Mr. Dore has a three-year-old daughter who he loves and supports. Prior to his arrest he provided financial and emotional support. His separation from her has been particularly difficult for Mr. Dore.

Although Mr. Dore has now been convicted of extremely serious offenses, he does not have a substantial prior criminal history. Prior to this offense Mr. Dore had only one felony conviction and two misdemeanors. On those cases, he had served less than a year in custody. As such, these convictions are a dramatic break from his prior conduct.

### 2.   *The Nature of the Offense [§3553(a)(1)]*

Mr. Dore was convicted of seven charges after trial, all of which stemmed from the accusation that he was a part of a group of men that committed a series of robberies of vendors and other cash businesses. It was not alleged that Mr. Dore was the leader or organizer of the group. Indeed, Fahd Hussain, pled guilty and during proffer sessions with the government admitted that he was the organizer of the group. Mr. Hussain gathered information about the vendors that sold cigarettes, phone cards, and other goods to the bodega that he owned. Mr. Hussain would determine when those vendors were likely to have cash on hand, and then would send out his crew of men to commit the robberies. In this way, Fahd Hussain was the leader and organizer of the group.

In addition, while Mr. Dore does not contest the seriousness of the offenses for which he

has been convicted, it was not established that he personally committed the most serious offense – the homicide. Mr. Dore was convicted on a *Pinkerton* theory of liability, and the government never proved that he was the person that actually committed the murder. At most, the government established that he was one of three people in the area when the victim was killed.

### 3.     *The Need for the Sentence Imposed* [3553(a)(2)]

Because of the nature of the offense and the manner in which Mr. Dore was charged, the Court is afforded little discretion in this matter. The Court is only at liberty to sentence Mr. Dore between the mandatory minimum sentence of thirty years, and life imprisonment. Mr. Dore is not a United States citizen and currently has an immigration hold. As a result, he will be deported upon his release from custody. Accordingly, the question before the Court is really whether Mr. Dore should be afforded the opportunity to return to the Virgin Islands as a much older man or whether Mr. Dore must perish in prison.

The mandatory minimum sentence of thirty years, should it be imposed, would detain Mr. Dore until he is in his fifties. Following his release at that age, he will then be deported. Defendants over 40 years of age present a dramatically reduced danger of recidivism. That fact, considered together with Mr. Dore's impending deportation, effectively minimizes the need to protect the public from any further crimes by Mr. Dore. *See* United States Sentencing Commission, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at 12 ("[r]ecidivism rates decline relatively consistently as age increases," from 35.5% for those under age 21 to 9.5% for those over age 50) (available at <http://www.ussc.gov/publicat/Recidivism_General.pdf>. *See also Nellum,* 2005 WL 300073, at *3 (N.D. Ind. 2005); Daniel Glaser, *Effectiveness of A Prison and Parole System*, 36-37 (1964);

P.B. Hoffman & J.L. Beck, *Burnout – age at release from prison and recidivism*," 12 J. Crim.Just. 617 (1984).  *United States v. Clark*, 289 Fed.Appx. 44, 48 (5th Cir. 2008) (unpublished opinion).

Prior to this offense, Mr. Dore spent relatively little time in custody.  On his one prior felony and his two prior misdemeanors, he served a total of approximately nine months in jail.  In an analogous situation, the Second Circuit recognized, that in certain instances the recommended guideline for a Career Offender would be excessive in terms of the deterrent effect.  In explaining why a sentencing court might enact a "horizontal departure" from the Career Offender guideline, the Second Circuit stated:

> a major reason for imposing an especially long sentence upon those who have committed prior offenses is to achieve a deterrent effect that the prior punishments failed to achieve. That reason requires an appropriate relationship between the sentence for the current offense and the sentences, particularly the times served, for the prior offenses. If, for example, a defendant twice served five or six years and thereafter committed another serious offense, a current sentence might not have an adequate deterrent effect unless it was substantial, perhaps fifteen or twenty years. *Conversely, if a defendant served no time or only a few months for the prior offenses, a sentence of even three or five years for the current offense might be expected to have the requisite deterrent effect.*

*United States v. Mishoe*, 241 F.3d 214, 220 (2d Cir. 2001), emphasis added.

Mr. Dore has served little prior time in custody, will be deported upon his release, and will be in his fifties if he is sentenced to the mandatory minimum sentence of thirty years.  This combination of factors justifies a sentence of thirty years' imprisonment.

    **4.**  *The Kinds of Sentences Available [§3553(a)(3)]*

For the reasons set forth **ante** the combined mandatory minimum sentence is thirty

10

years's imprisonment and the maximum is life.

   5.  *The Advisory Sentencing Guidelines [§3553(a)(4)]*

With the exceptions noted **ante** at 1-4, Mr. Dore adopts the Guidelines calculations as set forth in the PSR.

## Conclusion

Accordingly, it is respectfully submitted that a sentence of 30 years' imprisonment is warranted.

| | | |
|---|---|---|
| DATED: | July 24, 2013<br>New York, New York | Respectfully submitted,<br><br>S/ Alice L. Fontier<br>ALICE L. FONTIER, ESQ.<br>369 Lexington Ave., 2d Floor<br>New York, NY 10017<br>(212) 256-1244 |

11