AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| JERMAINE DORE | Case Number: S2 12 Cr. 45 |
| | USM Number: 66267-054 |
| Date of Original Judgment: 8/5/2013 | Alice L. Fontier |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☑ was found guilty on count(s)  Counts 1, 2, 3, 4, 5, 6 and 7  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1951 | Conspiracy to commit Hobbs Act robbery | 1/31/2012 | 1 |
| 18 USC 924(c)(1)(A)(iii) | Carrying and using firearm in relation to crime of violence | 1/31/2012 | 2 |
| 18 USC 1951 | Hobbs Act robbery | 10/29/2011 | 3 |

The defendant is sentenced as provided in pages 2 _through_ 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  from prior indictments  ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/2/2013
Date of Imposition of Judgment

_signature_
Signature of Judge

Hon. Richard J. Sullivan     U.S.D.J.
Name and Title of Judge

8/13/2013
Date

JUDGE SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-14-13

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 1A

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 2 of 7

DEFENDANT: JERMAINE DORE
CASE NUMBER: S2 12 Cr. 45

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 924(c)(1)(A)(i), 18 USC 924(c)(1)(A)(ii) | Carrying and using firearm in relation to crime of violence | 10/29/2011 | 4 |
| 18 USC 1951 | Hobbs Act robbery | 12/12/2011 | 5 |
| 18 USC 924(c)(1)(A)(i), 18 USC 924(c)(1)(A)(ii) | Carrying and using firearm in relation to crime of violence | 12/12/2011 | 6 |
| 18 USC 924(j)(1) and (2) | Carrying and using firearm causing death | 12/12/2011 | 7 |

AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page  3  of  7

DEFENDANT: JERMAINE DORE
CASE NUMBER: S2 12 Cr. 45

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :

65 years: 35 years on Count 7 and 20 years on each of Counts 1, 3, and 5, to run concurrently; followed by 5 years on Count 2 and then 25 years on Count 4, all to be served consecutive to the 35 years on Count 7. Count 6 is not considered in sentencing because it is a lesser-included offense of Count 7.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the Bureau of Prisons make every effort to house Defendant as close to the New York Metropolitan area as possible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m.  ☐ p.m.  on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
           Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 4 of 7

DEFENDANT: JERMAINE DORE
CASE NUMBER: S2 12 Cr. 45

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 years on Counts 1, 3, and 5, and 5 years on Counts 2, 4, and 7, all to be served concurrently. Count 6 is not considered in sentencing because it is a lesser-included offense of Count 7.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within five days after such change;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
           Sheet 3C – Supervised Release                                   (NOTE: Identify Changes with Asterisks (*))

Judgment—Page  5  of  7

DEFENDANT: JERMAINE DORE
CASE NUMBER: S2 12 Cr. 45

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall report to the nearest probation office within 24 hours of release from imprisonment, unless the defendant is released on a weekend or holiday, in which case Defendant shall report to the nearest probation office on the next business day.

2. The defendant shall obey all immigration laws and comply with all directives of the immigration authorities.

3. The defendant is to be supervised in his district of residence.

AO 245C   (Rev. 09/11) Amended Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties                                          (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 6 of 7

DEFENDANT: JERMAINE DORE
CASE NUMBER: S2 12 Cr. 45

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| TOTALS | $ 700.00   | $    | $ 85,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Victim 1 |  | $45,000.00 |  |
| Victim 2 |  | $6,000.00 |  |
| Victim 3 |  | $15,000.00 |  |
| Victim 4 |  | $15,000.00 |  |
| Victim 5 |  | $3,000.00 |  |
| Victim 6 |  | $1,000.00 |  |

*The victims names are filed under seal.

| TOTALS | $ 0.00 | $ 85,000.00 |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 7 of 7

DEFENDANT: JERMAINE DORE
CASE NUMBER: S2 12 Cr. 45

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☑ Payment during the term of supervised release will commence within  60 days  (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

    Restitution shall be joint and several with the following Co-Defendants, who have not yet been sentenced, in S2 12 Cr. 45 (RJS) -- Fahd Hussain (Defendant 1), Dwayne Barrett (Defendant 3), Taijay Todd (Defendant 4) -- and in S3 12 Cr. 45 -- Shea Douglas (Defendant 1), and Damian Cunningham (Defendant 2).

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA

v.

JERMAINE DORE,

                Defendant.

------------------------------------------------------------x

**Order of Restitution**

**S2 12 Cr. 45 (RJS)**

      Upon the application of the United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, Amy Lester and Jessica A. Masella, Assistant United States Attorneys, of counsel; the presentence report; the Defendant's conviction on Counts One through Seven of the above Indictment; and all other proceedings in this case, it is hereby ORDERED that:

      **1. Amount of Restitution.** JERMAINE DORE, the Defendant, shall pay restitution in the total amount of $85,000.00 to the victims of the offenses charged in Indictment S2 12 Cr. 45 (RJS). The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims attached hereto. Upon advice of a change of address, the Clerk of the Court is authorized to send payments to the new address without further order of this Court.

      **2. Joint and Several Liability.** Defendant's liability for restitution shall be joint and several with that of any other defendant ordered to make restitution for the offenses in this matter, specifically Fahd Hussain, Dwayne Barrett, Taijay Todd, Shea Douglas, and Damian Cunningham, should he be convicted. Defendant's liability for restitution shall continue unabated until either the Defendant has paid the full amount of restitution ordered herein, or every victim has been paid the

6 2011

total amount of his loss from all the restitution paid by the Defendant and co-defendants in this matter.

**3. Sealing.** Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims attached hereto shall be filed under seal, except that copies may be retained and used or disclosed by the Government, the Clerk's Office, and the Probation Department, as need be to effect and enforce this Order, without further order of this Court.

Dated: New York, New York
August 2, 2013

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE