MANDATE

13-3039-cr (L)
United States v. Dore, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

1:12-cr-00045-RJS-2

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand fourteen.

PRESENT:     BARRINGTON D. PARKER,
             GERARD E. LYNCH,
             SUSAN L. CARNEY,
                              *Circuit Judges*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 5, 2015

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

        v.                                              No.    13-3039-cr
                                                               13-3500-cr

JERMAINE DORE, AKA Sealed Defendant 2, AKA St. Kitts, AKA Blaqs,

                    *Defendant - Appellant*,

TAIJAY TODD, AKA Sealed Defendant 4, AKA Biggs,

                    *Defendant - Appellant.*

FAHD HUSSAIN, AKA Sealed Defendant 1, AKA Ali, AKA Moe, DWAYNE BARRETT, AKA Sealed Defendant 3, AKA Tall Man, TAMESHWAR SINGH, AKA Sealed Defendant 5, AKA Jerry, SHEA DOUGLAS, DAMIAN CUNNINGHAM, AKA Sealed Defendant 1, AKA Jaba,

                    *Defendants.*

_____

MANDATE ISSUED ON 02/05/2015

FOR APPELLEE:                                   MICHAEL D. MAIMIN, Assistant United
                                                States Attorney (Jessica A. Masella, Brian
                                                A. Jacobs, Assistant United States
                                                Attorneys, of counsel), *for* Preet Bharara,
                                                United States Attorney for the Southern
                                                District of New York, New York, New
                                                York.

FOR DEFENDANT-APPELLANT DORE:                   ARZA FELDMAN, Feldman & Feldman,
                                                Uniondale, New York.

FOR DEFENDANT-APPELLANT TODD:                   STEVEN G. BRILL, Sullivan & Brill,
                                                LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New

York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgments of the District Court are AFFIRMED.

Defendants-Appellants Jermaine Dore and Taijay Todd appeal from judgments of

the United States District Court for the Southern District of New York.  Dore and Todd

were charged in a seven-count superseding indictment (the "Indictment") along with five

co-defendants.  Both appellants were charged, along with four co-defendants, with

conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and with

using, carrying, and possessing firearms that were discharged in connection with the

Hobbs Act robbery conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (2).

Dore and certain other co-defendants were charged with two substantive counts of Hobbs

Act robbery, and two accompanying counts of using, carrying, and possessing firearms

that were brandished or discharged in connection with those robberies.  Finally, Dore and

one other defendant were charged with causing the death of a person through the use of a

firearm in the course of one of those robberies, in violation of 18 U.S.C. §§ 924(j)(1) and

(2).

Todd pled guilty, pursuant to a plea agreement with the government, to the counts

in which he was charged, and was sentenced principally to a 264-month term of

imprisonment. Dore was convicted by a jury on all seven counts of the Indictment, and

was sentenced principally to a 65-year term of imprisonment. Todd challenges his

sentence; Dore asserts various trial errors. We assume the parties' familiarity with the

underlying facts and the procedural history of the case.

I. Todd

Todd challenges his sentence as procedurally unreasonable, arguing that the

District Court erred in finding by a preponderance of the evidence following a *Fatico*

hearing, *see generally United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979), that Todd

had assaulted another inmate while incarcerated at the Metropolitan Correctional Center

("MCC"), and in imposing an above-Guidelines sentence based on that finding.

We review a district court's finding of facts relevant to sentencing for clear error,

*see United States v. Rubenstein*, 403 F.3d 93, 99 (2d Cir. 2005), which is found when "the

reviewing court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed." *United States v. Cuevas*, 496 F.3d 256, 267 (2d Cir. 2007)

(internal quotation omitted). We defer to factual findings of the district court that are

"based on the testimony and observation of witnesses . . . since assessing the credibility of

witnesses is distinctly the province of the district court." *Id.* at 267 (internal quotations

3

omitted). So long as "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Chalarca*, 95 F.3d 239, 244 (2d Cir. 1996) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)).

The District Court's finding was not clearly erroneous. Another inmate, who was housed in the same unit as Todd at the MCC, testified that Todd had made a series of threatening comments to him during the period leading up to the assault. The inmate testified that, after a heated argument in the bathroom of the unit, he returned to his bed**,** and that Todd at some time thereafter snuck up on him and stabbed him several times. Todd argues that the inmate had a powerful motive to fabricate his account in order to avoid losing cooperation credit from the government in another case, and that his testimony was inconsistent or otherwise implausible. But the District Court, having heard the witness's testimony, was entitled to accord it whatever weight it saw fit, taking any inconsistencies and any motive the witness may have had to lie into account in assessing his credibility. The District Court credited the inmate's testimony, which it was permitted to do. *See United States v. McLean*, 287 F.3d 127, 133 (2d Cir. 2002) (that testimony was uncorroborated and witness was "an admitted drug dealer eager to please the Government" bore on credibility, which was for the district court to determine).

Todd also contends that the testimony of the two other witnesses at the *Fatico* hearing did not support the District Court's finding. John Banks, a Discipline Hearing Officer at the Bureau of Prisons, testified that, after investigating the incident, he

4

concluded that the incident should be expunged from Todd's record and that Todd should not be disciplined in any way as a result of it.  Luis Rodriguez, an investigative technician at the MCC, testified that a weapon was recovered in Todd's unit the day after the incident, but was unable to say where exactly the weapon had been discovered within the 156-inmate unit and admitted to having performed no "testing" on the weapon.  The District Court, however, considered that testimony in the context of the entire *Fatico* hearing and concluded by a preponderance of the evidence that Todd had committed the assault.  In the absence of clear error, it is not for us to second-guess the District Court's weighing of the evidence.  *See Chalarca*, 95 F.3d at 244.

Accordingly, because we find no clear error in the District Court's findings of fact, we affirm the judgment of conviction as to defendant Todd.

II.  Dore

Dore challenges his conviction on appeal, arguing that: (1) statements made by the government in summation at his trial violated his Fifth Amendment privilege against self-incrimination; (2) the District Court erred in denying his motion to suppress certain historical cell-site records obtained from T-Mobile; and (3) without those records, there was insufficient evidence to convict him.

Dore contends that the government's exhortation to the jury to "look to see whether [defendants' counsel] attempt to have any explanation whatsoever for some of the most devastating evidence in th[e] case" impermissibly referred to Dore's failure to testify, suggesting that the jury should draw a negative inference from that failure.  We

review Dore's argument that the government's statements violated his Fifth Amendment

privilege against self-incrimination for plain error, because Dore did not object on those

grounds at trial,[1] and therefore did not "bring the matter to the judge's attention, outside

the presence of the jury, at the end of the summation, so that the court [could] consider

whether to attempt curative instructions or to declare a mistrial." *United States v. Briggs*,

457 F.2d 908, 912 (2d Cir. 1972). An inappropriate remark by the prosecution "is not

ground for reversal . . . unless the remarks caused the defendant substantial prejudice.

Determination of whether there should be a reversal requires an evaluation of the severity

of the misconduct, the curative measures taken, and the certainty of conviction absent the

misconduct." *United States v. Rosa*, 17 F.3d 1531, 1549 (2d Cir. 1994).

The government is not permitted to comment on a defendant's exercise of his right

not to testify. *See Griffin v. California*, 380 U.S. 609, 615 (1965). The government may,

however, "comment on defendant's failure to call witnesses to contradict the factual

character of the Government's case, as well as on defendant's failure to support his own

factual theories with witnesses." *United States v. McDermott*, 918 F.2d 319, 327 (2d Cir.

1990). We have explained that such comments violate the Fifth Amendment only "when

---

[1] Counsel for Dore's co-defendant raised a different objection to the statements made by the government, arguing that they constituted an impermissible shifting of the burden of proof from the government to the defense. The District Court responded to that objection by instructing the jury before the defense summation that "the defense . . . has no burden whatsoever . . . . The burden is on the government. So the defense has no obligation to explain or prove anything," and again in its final charge to the jury that "the burden is on the prosecution to prove each defendant's guilt beyond a reasonable doubt. This burden never shifts to the defendant . . . ." To whatever extent the objection was well taken, that instruction adequately cured any error.

the evidence that the defendant has not adduced is in the control of the defendant alone or

where the jury would naturally and necessarily interpret the Government's summation as

a comment on the defendant's failure to testify . . . ." *Id.*

Neither scenario applies to the government's statements here, and we see no plain

error in the government's statements. Indeed, Dore's own argument to the jury that the

cell-site location evidence was insufficiently accurate to place him at the scenes of

various robberies demonstrates that the evidence to rebut the government's case was not

"rebuttable solely by the defendant." *United States v. Bubar*, 567 F.2d 192, 199 (2d Cir.

1977). Inviting the jury to consider whether the arguments of defense counsel undermine

the inferences that the government urges the jury to draw from various pieces of evidence

is not "naturally and necessarily" a comment on the defendant's failure to testify, but can,

as here, "constitute[] fair comment on the weakness inherent in the entire defense case."

*United States v. Parness*, 503 F.2d 430, 437 n.10 (2d Cir. 1974). We have stated that "[a]

defendant who seeks to overturn his conviction based on alleged prosecutorial

misconduct in summation bears a heavy burden" and "must show that the comment, when

viewed against the entire argument to the jury and in the context of the entire trial, was so

severe and significant as to have substantially prejudiced him, depriving him of a fair

trial." *United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011) (internal quotations

omitted). The District Court reminded the jury at the close of trial that "a defendant has

no obligation to testify or present any evidence" and that the jury was not to "attach any

significance to the fact that the defendants did not testify" or draw any "adverse

7

inference" therefrom. In light of the district judge's instructions and in the context of the trial as a whole, the government's statements in its summation did not deprive Dore of a fair trial or cause him to suffer substantial prejudice.

Next, Dore argues that the District Court erred in denying his motion to suppress historical cell-site records obtained from T-Mobile. A defendant bears the burden of proving that he has a legitimate expectation of privacy in an object such that he can claim the protection of the Fourth Amendment in challenging the government's search of that object. *See Rawlings v. Kentucky*, 448 U.S. 98, 104-05 (1980); *United States v. Watson*, 404 F.3d 163, 166 (2d Cir. 2005). As Dore conceded below, he did not submit an affidavit establishing that the cell phones in question belonged to him or that he had a subjective expectation of privacy in them. Nor did Dore assert a privacy interest in the cell phones in some other manner. Consequently, Dore does not have standing to assert Fourth Amendment rights in those phone records. *See United States v. Ruggiero*, 824 F. Supp. 379, 391 (S.D.N.Y. 1993), *aff'd sub nom. United States v. Aulicino*, 44 F.2d 1102 (2d Cir. 1995); *cf. United States v. Armedo-Sarmiento*, 545 F.2d 785, 796 (2d Cir. 1976). The District Court therefore correctly denied Dore's motion to suppress that evidence. Because Dore did not establish his standing to challenge the government's obtaining of the records, we need not address the District Court's alternative argument that the records were lawfully obtained and used.

Finally, Dore argues that the evidence was insufficient to sustain his conviction. That argument is without merit. Even without the historical cell-site records, the

testimony of Dore's co-conspirators alone would have been sufficient grounds to sustain a

conviction. *See United States v. Parker*, 903 F.2d 91, 97 (2d Cir. 1990). The totality of

the evidence presented, including those records, made a powerful showing of guilt. We

therefore affirm the judgment of conviction as to defendant Dore.

      For the foregoing reasons, the judgments of the District Court are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit