UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-30-2015
```

UNITED STATES OF AMERICA

-v-

JERMAINE DORE,

               Defendant.

No. 12-cr-45 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of a letter from Defendant Jermaine Dore, proceeding *pro se*, captioned "Motion to Com[el] Request for Legal Documents" and dated April 11, 2015. (Doc. No. 456.) In essence, Defendant requests that the Court provide him with the "trial transcripts and discovery documents" from his criminal case so he might prepare a motion pursuant to 28 U.S.C. § 2255. *Id.* For the reasons stated below, the Court DENIES the motion to compel documents.

I. REQUEST FOR TRANSCRIPTS

    There is no constitutional right to a free transcript in post-conviction proceedings. *See* 28 U.S.C. § 753(f); *United States v. MacCollom*, 426 U.S. 317 (1976). Pursuant to 28 U.S.C. § 2250, it is within the Court's discretion to order that a habeas petitioner be provided with transcripts. However, under § 753(f), an indigent prisoner may only receive free copies of the record of his federal criminal proceedings "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit . . . ." 28 U.S.C. § 753(f). Here Defendant has indicated that he is merely contemplating a § 2255 motion challenging his conviction or sentence. Since "a motion seeking transcripts pursuant to [28

pursuant to [28 U.S.C.] § 753(f) in relation to a contemplated § 2255 motion is not ripe until the § 2255 motion has been filed," the Court denies Defendant's instant request. *United States v. Horvath*, 157 F. 3d 131 (2d Cir. 1998) (per curiam).

To the extent that Defendant seeks to obtain copies of documents from the Court's records immediately, he may contact the Records Management Office of the Court at 500 Pearl Street, Room 270, New York, N.Y. 10007. There is a statutory fee of $0.50 (fifty cents) per page for such documents. Once Defendant's request is received, the file will be assessed and Defendant will be informed of the cost for the documents he requests.

Should Defendant seek to pursue his request for documents under 28 U.S.C. § 2250, he must first file his motion to vacate, set aside, or correct a federal sentence pursuant to 28 U.S.C. § 2255. His § 2255 motion must conform to Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Should Defendant's motion for free transcripts be granted by the Court, Defendant might subsequently request leave to amend his § 2255 motion in accordance with Rule 15 of the Federal Rules of Civil Procedure based on additional information contained in the transcripts.

## II. REQUEST FOR DISCOVERY

To the extent that Defendant's request for "discovery documents" seeks documents beyond those contained in Court records, he may request that they be produced to him in discovery pursuant to a pending § 2255 action. However, unlike litigants in other federal civil cases, a habeas petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The Rules Governing Section 2255 Proceedings for the United States District Courts provide that a party may "invoke the processes of discovery available under the Federal Rules . . . [if] the judge in the exercise of his discretion *and for good*

*cause* shown grants leave to do so, but not otherwise." (emphasis added). Because Defendant has not filed a § 2255 motion and has given no indication that the requested materials would even support such a motion, the Court finds that Defendant has not established "good cause" warranting discovery at this time.

### III. CONCLUSION

For the reasons stated above, the court DENIES Defendant's instant request for transcripts and other documents without prejudice to renewal. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:      April 30, 2015
               New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

<u>A copy of this Opinion and Order was mailed to:</u>

>Jermaine Dore
>66267-054
>USP Pollock
>P.O. Box 2099
>Pollock, LA 71467