


**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 6, 2016

**BY CM/ECF and E-Mail**

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States* **v.** *Jermaine Dore*,
            12 Cr. 45 (RJS)
            16 Civ. 0699 (RJS)

Dear Judge Sullivan:

    The Government writes respectfully to request: (1) that this Court find that petitioner Jermaine Dore has waived the attorney-client privilege that applied to his communications with his trial counsel, Alice L. Fontier, Esq., regarding whether Dore should testify at trial and any plea discussions with the Government; (2) that this Court order Ms. Fontier to submit an affidavit addressing Dore's factual assertions; and (3) an extension of time—to a date 30 days after the submission of Ms. Fontier's affidavit—to respond to Dore's petition filed pursuant to Title 28, United States Code, Section 2255 to vacate, set aside, or correct his sentence (the "Petition").

## Background

    On March 19, 2013, Dore was convicted after trial before this Court and a jury of all seven counts of Indictment S2 12 Cr. 45 (RJS) (the "Indictment"). Count One charged Dore and five co-defendants with conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951; Count Two charged Dore and five co-defendants with using, carrying, and possessing firearms, which were discharged, in connection with the Hobbs Act robbery conspiracy charged in Count One, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2; Counts Three and Five charged Dore and certain co-defendants with substantive counts of Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2; Counts Four and Six charged Dore and a co-defendant with using, carrying, and possessing firearms in connection with the Hobbs Act robberies charged in Counts Three and Five, which were brandished (Count Four) and discharged (Count Six), in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2; and Count Seven charged Dore and a co-defendant with using, carrying, and possessing firearms in connection with the Hobbs Act robbery charged in Count Five, and in the course of that crime

Hon. Richard J. Sullivan
April 6, 2016
Page 2 of 5

causing the death of a person through the use of a firearm, in violation of Title 18, United States Code, Sections 924(j)(1) and (2).

On August 2, 2013, this Court sentenced Dore to an aggregate term of 65 years' imprisonment, to be followed by an aggregate term of five years' supervised release, and imposed a $700 mandatory special assessment and $85,000 in restitution.

Dore challenged his conviction and sentence on appeal. On October 6, 2014, the Second Circuit affirmed his conviction and sentence by summary order. Dore filed a petition for a writ of certiorari, which was denied by the Supreme Court on November 10, 2014. On January 29, 2016, Dore filed the Petition. On February 16, 2016, this Court ordered that the Government respond within 60 days to the Petition, making the Government's response due on April 18, 2016.

In the Petition, Dore raises a number of claims, including that (i) his counsel (Ms. Fontier) did not permit him to testify at trial, despite his request to do so; and (ii) Ms. Fontier failed to communicate with the Government regarding a potential plea offer. In order to respond adequately to Dore's factual allegations, the Government has requested that Ms. Fontier, who represented Dore at trial before this Court, file an affidavit addressing the factual claims made by Dore in the Petition. The Government has requested that Ms. Fontier begin to prepare an affidavit, and Ms. Fontier estimates that she can prepare such an affidavit in approximately two weeks' time. However, before the affidavit can be disclosed to the Government and the Court, the Court should conclude that, by filing the Petition, which implicate forth otherwise-privileged conversations, Dore has waived the attorney-client privilege. The Government has communicated with Ms. Fontier, who has indicated that she is willing to file an affidavit responding to various factual allegations made by Dore in the Petition if this Court finds that Dore has waived the attorney-client privilege.

## Waiver of Attorney-Client Privilege

Dore has waived his attorney-client privilege by putting his communications with his attorney squarely at issue in the Petition. Accordingly, by filing the Petition, Dore has waived the attorney-client privilege as a matter of law. *See*, *e.g.*, *Douglas* v. *United States*, No. 09 Civ. 9566 (CM), 2011 WL 335861, at *1 (S.D.N.Y. Jan. 28, 2011) ("where a habeas petitioner raises a claim of ineffective assistance of counsel, the petitioner waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer") (citing cases); *Aladino* v. *United States*, No. 09 Civ. 926 (CBA), 2011 WL 6131175, at *2 (E.D.N.Y. Dec. 8, 2011) ("In cases where a habeas petitioner alleges ineffective assistance of counsel, courts routinely find that the petitioner puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications" (citing cases)).[1] Courts in the Second Circuit have repeatedly found implicit waivers of the privilege

---

[1] "The implied privilege waiver should only extend . . . 'to confidential information that is needed to defend against the prisoner's specific claims.'" *Aladino* v. *United States*, 2011 WL 6131175, at *3 (citation omitted).

and considered affidavits from attorneys who were the subject of ineffectiveness claims in cases where petitioners did not execute a formal waiver. *See*, *e.g.*, *Ramzan* v. *United States*, Nos. 11 Civ. 1191 (NRB), 06 Cr. 456 (NRB), 2012 U.S. Dist. LEXIS 103695 (S.D.N.Y. July 20, 2012) (explaining that court order requiring counsel to submit affidavit concerning petitioner's claims of ineffective assistance was based on petitioner's implied waiver of attorney-client privilege); *United States* v. *Sosa-Lopez*, Nos. 12 Civ. 6649L, 06 Cr. 6198L, 2013 WL 164091, at *1-2 (W.D.N.Y. Jan. 15, 2013) (finding implied waiver of attorney-client privilege based on petitioner's ineffectiveness claim and directing defense counsel to provide affidavit on matters relevant to petitioner's claim); *Billie* v. *United States*, No.3: l0 Civ. 1122 (JBA), 2013 U.S. Dist. LEXIS 83675 (D. Conn. June 13, 2013) (considering affidavits submitted to the Government by attorney against whom petitioner asserted ineffective assistance and thus had impliedly waived attorney-client privilege). The American Bar Association Formal Opinion 10-456[2] should not prevent an attorney from disclosing his communications with his client to the extent necessary to defend against claims of ineffective assistance. *See*, *e.g.*, *Melo* v. *United States*, 825 F. Supp. 2d 457, 463 n.2 (S.D.N.Y. 2011) (rejecting petitioner's contention that attorney affidavit in connection with petitioner's ineffectiveness claim was a violation of attorney-client privilege as set forth in the non-binding ABA Formal Opinion 10-456 on ground that "it is well settled in the Second Circuit that when a convicted defendant raises an argument that his counsel was ineffective and bases that contention on privileged communications with his attorney, the attorney-client privilege is waived as to the contents of those discussions" (internal citations omitted)).[3]

Here, Dore has explicitly placed at issue his communications with counsel in alleging that his attorney provided ineffective assistance. Permission to file an affidavit by counsel responding to Dore's factual claims is appropriate, as it would allow Ms. Fontier to disclose such

---

[2] The summary of ABA Formal Opinion 10-456, which can be found in its entirety at http://wvn.fd.org/pdf/ABA%20Formal%20Opinion%2010-456.pdf, reads as follows:

> Although an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information, that information still is protected by Model Rule 1.6(a) unless the defendant gives informed consent to its disclosure or an exception to the confidentiality rule applies. Under Rule 1.6(b)(5), a lawyer may disclose information protected by the rule only if the lawyer "reasonably believes [it is] necessary" to do so in the lawyer's self-defense. The lawyer may have a reasonable need to disclose relevant client information in a judicial proceeding to prevent harm to the lawyer that may result from a finding of ineffective assistance of counsel. However, it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable.

[3] The *Melo* court also concluded that an ABA ethics opinion is not binding, and, "even if it were controlling, the Opinion does not purport to prohibit an attorney from providing an affidavit to the Government when confronted with an ineffective assistance of counsel claim in a habeas petition." 825 F. Supp. 2d at 463 n.2.

Hon. Richard J. Sullivan
April 6, 2016
Page 4 of 5

communications in "a court-supervised response by way of testimony *or otherwise*." ABA Formal Opinion 10-456 (emphasis added). Without the ability to hear counsel's full recounting of the communications with his client that are now at issue, the Government would be unable fully to brief, and the Court would be unable appropriately to resolve, the Petition.

Accordingly, the Government respectfully requests that this Court find that, by filing the Petition, Dore has waived his attorney-client privilege with respect to any and all communications between himself and Ms. Fontier regarding whether Dore should testify at trial and any plea discussions with the Government. In addition, the Government requests that, in light of the waiver of the attorney-client privilege, the Court order Ms. Fontier to file an affidavit addressing Dore's factual assertions.

### Briefing Schedule

The Government also respectfully requests that the Court extend its time to respond to the Petition until a date thirty days after the submission of an affidavit by Ms. Fontier. Such an extension would allow the Government time to review the submission and respond appropriately to the Petition. Without an extension to allow these events to come to pass, any response by the Government would be necessarily incomplete and not entirely helpful to the Court. This is the Government's first request for an extension of time within which to respond to the Petition.

### Conclusion

The relief sought herein will allow the Court to dispose of the Petition in a fully-informed manner and, hopefully, prevent additional litigation after such disposal. Accordingly, the Government respectfully requests that this Court (1) find that Dore has waived the attorney-client privilege that applied to his communications with Ms. Fontier regarding whether Dore should testify at his trial before this Court and any plea discussions with the Government; (2) order Ms. Fontier to submit an affidavit addressing Dore's factual assertions; and (3) grant an extension of time—to a date 30 days after the submission of Ms. Fontier's affidavit —for the Government to respond to the Petition.

Hon. Richard J. Sullivan
April 6, 2016
Page 5 of 5

      Thank you for your consideration of these matters. Please feel free to contact me with any questions or issues.

                                    Respectfully submitted,

                                    PREET BHARARA
                                    United States Attorney

                      By:    /s/ Amy Lester
                                    Amy Lester
                                    Assistant United States Attorney
                                    (212) 637-2416

cc:      Jermaine Dore (by U.S. Mail)
           Alice L. Fontier, Esq. (by ECF and e-mail)