UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/16
```

JERMAINE DORE,

                Petitioner,

-v-

UNITED STATES OF AMERICA,

                Respondent.

Nos. 16-cv-699 (RJS)
12-cr-45 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

      The Court is in receipt of the government's April 6, 2016 letter requesting an order (1) finding that Petitioner has waived attorney-client privilege with respect to certain of his communications with Alice Fontier, his counsel in the criminal proceeding in this matter, (2) directing Ms. Fontier to submit an affidavit responding to Petitioner's assertions of ineffective assistance of counsel, and (3) extending the government's time to respond to the Petition until thirty days after Ms. Fontier submits her affidavit. (12-cr-45, Doc. No. 474.) The government's request is granted.

      "[T]he attorney-client privilege cannot at once be used as a shield and a sword. . . . Thus, the privilege may implicitly be waived when [a party] asserts a claim that in fairness requires examination of protected communications." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (citations omitted). Claiming "ineffective assistance of counsel" can waive attorney-client privilege in this manner: "it is well settled in the Second Circuit that 'when a convicted defendant raises an argument that his counsel was ineffective and bases that contention on privileged communications with his attorney, the attorney-client privilege is waived as to the

contents of those discussions.'" *Melo v. United States*, 825 F. Supp. 2d 457, 463 n.2 (S.D.N.Y. 2011) (citation omitted); *see also Aladino v. United States*, No. 09-cv-926 (CBA), 2011 WL 6131175, at *2 (E.D.N.Y. Dec. 8, 2011) ("In cases where a habeas petitioner alleges ineffective assistance of counsel, courts routinely find that the petitioner 'puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications.'") (collecting cases). Indeed, the court in *Melo* specifically rejected the argument that attorney-client privilege barred petitioner's prior counsel from – as the government requests here – "providing an affidavit to the [g]overnment when confronted with an ineffectiveness of counsel claim in a habeas petition." 825 F. Supp. 2d at 463 n.2.

In the instant matter, Petitioner claims ineffective assistance of counsel on the grounds that Ms. Fontier allegedly (1) "den[ied] Petitioner Dore his U.S. Constitutional right to take the stand and testify [on] his own behalf at his trial" (16-cv-699, Doc. No. 1 at 19), and (2) failed to communicate the government's plea offer of thirty-years' imprisonment and advised Petitioner to go to trial on the basis that the only plea available was life imprisonment (*id.* at 23–26). Accordingly, Petitioner has waived attorney-client privilege with respect to communications between himself and Ms. Fontier regarding (1) whether Petitioner should testify at trial and (2) any plea discussions with the government.

In light of this waiver, IT IS HEREBY ORDERED THAT, by April 21, 2016, Ms. Fontier shall submit an affidavit responding to Petitioner's assertions regarding ineffective assistance of counsel, and, by May 23, 2016, the government shall respond to the Petition. Petitioner shall have

thirty days from the date he is served with the government's response to file a reply, should he wish to do so.

    The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated:    April 14, 2016
             New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE