

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

MEMO ENDORSED

May 11, 2016

**BY CM/ECF and E-Mail**

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2104
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/16

Re:   *United States* v. *Jermaine Dore,*
       **12 Cr. 45 (RJS)**
       **16 Civ. 0699 (RJS)**

Dear Judge Sullivan:

The Government respectfully submits this letter regarding petitioner Jermaine Dore's motion for leave to amend his petition filed pursuant to Title 28, United States Code, Section 2255, to vacate, set aside, or correct his sentence (the "Petition").[1] For the following reasons, the Government does not object to Dore's proposed amendments to the Petition.

In the Petition, Dore raises the following claims, construed broadly: (1) his trial counsel, Alice Fontier, Esq., did not permit him to testify at trial, despite his request to do so; (2) Ms. Fontier failed to communicate with the Government regarding a plea offer and/or failed to communicate a 30-year plea offer from the Government to him; (3) Ms. Fontier failed to object to the charges under 18 U.S.C. § 924(c) and 18 U.S.C. § 924 (j) as duplicitous; (4) this Court improperly denied Dore the ability to call Ms. Fontier as a witness at trial and his appellate counsel was ineffective for failing to raise this issue on appeal; and (5) Ms. Fontier provided ineffective assistance at sentencing by failing to object to the stacking of multiple counts charging violations of 18 U.S.C. § 924(c).

In his motion for leave to amend the Petition, Dore raises two additional claims. The first is that his convictions under 18 U.S.C. § 924(c) should be vacated in light of the Supreme Court's decision in *Johnson* v. *United States*, 135 S. Ct. 2551 (2015), and the second is that this Court should have ordered his sentence on Count Seven, the violation of 18 U.S.C. § 924(j), to run concurrently, pursuant to the reasoning in *United States* v. *Julian*, 633 F.3d 1250 (11th Cir. 2011).

---

[1] For purposes of this submission, the Government assumes that the Petition itself was timely filed, although it is still investigating whether that is in fact the case. (*Compare* Petition at 1 (date-stamped as received by Pro Se Office on Jan. 29, 2016), *with* Petition at 12 (sworn and dated as being placed in prison mail system on Nov. 5, 2015)).

Hon. Richard J. Sullivan
May 11, 2016
Page 2 of 2

In a case such as this one, where a claim raised in a motion to amend a Section 2255 petition is filed after the expiration of the one-year limitation period, the claim must "relate[ ] back" to the original filing under Federal Rule of Civil Procedure 15(c) in order to be deemed timely. *Mayle* v. *Felix*, 545 U.S. 644, 663-64 (2005). Rule 15(c)(2) provides that a claim raised in an amended pleading relates back to the original pleading only when the claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2).

While the Government does not take the view that these claims necessarily "relate back" to the Petition within the meaning of Rule 15(c), and the Government believes that Dore is wrong on the merits of both claims and may be procedurally barred from bringing the second claim, the Government does not object to Dore's being permitted to amend the Petition to include these claims at this time. These same arguments were raised by Dore's co-defendant, Dwayne Barrett, on appeal, and are still under consideration by the Second Circuit. *See United States* v. *Barrett*, 14-2641. Oral argument was held on January 22, 2016, and, therefore, the Government expects that a ruling will be issued by the Second Circuit shortly. Assuming the decision is favorable to the Government on these issues, Dore's new claims can likely be easily disposed of on the same grounds; if, however, the decision is favorable to Barrett – and by extension, Dore – Dore may be entitled to file a separate motion for relief at that time, at least with respect to the *Johnson*-related claim. Accordingly, in the interest of efficiency, the Government does not object to Dore's motion for leave to amend the Petition to add these claims.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:   /s/ Amy Lester
      Amy Lester
      Assistant United States Attorney
      (212) 637-2416

cc:   Defendant Jermaine Dore (by U.S. Mail)

```
IT IS HEREBY ORDERED THAT Petitioner's motion for leave to amend
his petition for relief pursuant to 28 U.S.C. § 2255 is GRANTED.
Petitioner shall file his amended petition by June 17, 2016.  The
government's deadline to respond to the amended petition is
extended to July 18, 2016.  Petitioner shall have thirty days from
the date he is served with the government's response to file a
reply, should he wish to do so.  The Clerk of the Court is
respectfully directed to terminate the motion pending at docket
number 7 (16-cv-699) and to mail a copy of this Order to
Petitioner.
```

SO ORDERED
Dated: 5/12/16

RICHARD J. SULLIVAN
U.S.D.J.