## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Southern District of New York |
|---|---|---|
| Name (under which you were convicted):<br>Jermaine Dore | | Docket or Case No.:<br>12 Cr. 45 (RJS) |
| Place of Confinement:<br>Pollock USP | | Prisoner No.:<br>66267-054 |
| UNITED STATES OF AMERICA<br><br>v. | | Movant (include name under which you were convicted)<br>Jermaine Dore |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court for the Southern District of New York


   (b) Criminal docket or case number (if you know):  12 Cr. 45

2. (a) Date of the judgment of conviction (if you know):  3/19/2013


   (b) Date of sentencing:  8/2/2013

3. Length of sentence:  65 years

4. Nature of crime (all counts):

   (Ct 1) Conspiracy to commit Hobbs Act robbery; (Ct 2) Carrying & using firearm in relation to crime of violence; (Ct 3) Hobbs Act robbery; (Ct 4) Carrying & using firearm in relation to crime of violence; (Ct 5) Hobbs Act robbery; (Ct 6) Carrying & using firearm in relation to crime of violence; (Ct 7) Carrying & using firearm causing death.


5. (a) What was your plea? (Check one)

   (1)  Not guilty ☑        (2)  Guilty ☐        (3)  Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?


6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☑     Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

8.  Did you appeal from the judgment of conviction?   Yes ☑   No ☐

9.  If you did appeal, answer the following:

   (a) Name of court:   United States Court of Appeals for the Second Circuit

   (b) Docket or case number (if you know):   13-3039-cr

   (c) Result:   Convictions Affirmed

   (d) Date of result (if you know):   2/5/2015

   (e) Citation to the case (if you know):

   (f) Grounds raised:

  Various evidentiary rulings

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☑   No ☐

    If "Yes," answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    Cert Denied

    (3) Date of result (if you know):   11/6/2014

    (4) Citation to the case (if you know):

    (5) Grounds raised:

     Various evidentiary rulings

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

     Yes ☑   No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court:   Southern District of New York

     (2) Docket or case number (if you know):   16 Cv. 0699 (RJS)

     (3) Date of filing (if you know):

(4) Nature of the proceeding:   Motion to Vacate (28 U.S.C. 2255)

(5) Grounds raised:

   Various claims

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ☐   No ☐

(2) Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

### GROUND ONE:

Mr. Dore's conviction and sentence on ct's 2,4,6 & 7 violates the Constitution and should be vacated.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Hobbs Act robbery no longer qualifies as a "crime of violence" within the meaning of 18 U.S.C. § 924 (c)(3) after Johnson v. United States, 135 S. Ct. 2551. Because the commission of a crime of violence is an essential element of § 924(j), the Court should vacate Mr. Dore's convictions on counts 2,4,6 and 7 and dismiss the indictment. Under Descamps, the Court must employ the formal categorical approach, looking only to the statutory definitions of 18 U.S.C. § 1951, and not to the particular facts of the case. By the test in United States v. Acosta, 470 F.3d 132 (2d Cir. 2006), the minimum conduct necessary for conviction of Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c). The residual clause in § 924(c)(3)(B) is materially indistinguishable from the one Johnson invalidated and suffers the same fate. Hobbs Act robbery does not qualify under the force clause of § 924(c)(3)(A) because the minimum conduct necessary for its violation does not require the intentional use of  "strong, great, and violent" physical force. Conspiracy to commit Hobbs Act robbery also fails to qualify as a § 924(c) "crime of violence" under § 924(c)(3)(A) as the minimum conduct necessary to violate the statute may be any overt act committed in furtherance of such a conspiracy. Such prosaic conduct clearly does not require the use, attempted use, or threatened use of force - let alone strong, great, and violent physical force - required under the § 924(c) force clause.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

At the time of Mr. Dore's appeal, Johnson v. United States, 135 S. Ct. 2551 (2015), had not yet been decided.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO:**


(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑     No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑     No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

> (1) If you appealed from the judgment of conviction, did you raise this issue?
>
> > Yes ❑  No ❑
>
> (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

> (1) Did you raise this issue in any post-conviction motion, petition, or application?
>
> > Yes ❑  No ❑
>
> (2) If your answer to Question (c)(1) is "Yes," state:
>
> Type of motion or petition:
>
> Name and location of the court where the motion or petition was filed:
>
> Docket or case number (if you know):
>
> Date of the court's decision:
>
> Result (attach a copy of the court's opinion or order, if available):
>
> (3) Did you receive a hearing on your motion, petition, or application?
>
> > Yes ❑   No ❑
>
> (4) Did you appeal from the denial of your motion, petition, or application?
>
> > Yes ❑   No ❑
>
> (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
>
> > Yes ❑   No ❑
>
> (6) If your answer to Question (c)(4) is "Yes," state:
>
> Name and location of the court where the appeal was filed:
>
> Docket or case number (if you know):
>
> Date of the court's decision:
>
> Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ground One has not been presented.  Johnson v. United States, 135 S. Ct. 2551 (2015), had not yet been decided.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ☑   No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

Mr. Dore's Motion to Vacate, filed under 28 U.S.C. 2255, is currently on a briefing schedule set by this Court on 6/15/2016. This "placeholder petition", filed in accordance with Standing Order, 16 Misc. 217, issued by Chief Judge McMahon on June 8, 2016, is lodged to comply with both this Court's schedule, and with the United States Supreme Court deadline to preserve Johnson claims, understood to be 6/26/2016.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

Alice L. Fontier, 369 Lexington Avenue, 2nd Floor, NY, NY 10007

(c) At trial:

Alice L. Fontier, 369 Lexington Avenue, 2nd Floor, NY, NY 10007

(d) At sentencing:

Alice L. Fontier, 369 Lexington Avenue, 2nd Floor, NY, NY 10007

(e) On appeal:

Arza Feldman, Uniondale, NY

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This motion is timely for two reasons:

First, it was filed within a year of the June 26, 2015 Johnson v. United States, 135 S. Ct. 2551 (2015) ["2015 Johnson"] ruling on which Mr. Dore here relies.

Second, the rule announced in 2015 Johnson—that ACCA's residual clause is "unconstitutionally vague," 135 S. Ct. at 2557—applies retroactively. See Welch v. United States, 136 S. Ct. 1257 (Apr. 18, 2016).

Because Mr. Dore filed the current motion within one year of 2015 Johnson, which applies retroactively, the motion is timely.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Jermaine Dore respectfully moves this Court under 28 U.S.C. § 2255 to vacate and correct the conviction and sentence in his case consistent with Johnson v. United States, 135 S. Ct. 2551 (2015).

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).

Executed (signed) on _____6/16/2016_____ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

I, Christopher Flood, at Federal Defenders of New York, Inc., am appointed by this Court as the attorney for Mr. Dore for purposes of the Johnson issues in his petition, and I file this motion in accordance with the terms of the SDNY Standing Order, 16 Misc. 217.