

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 12, 2016

**BY CM/ECF and E-Mail**

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2104
New York, New York 10007

    Re:    *United States* v. *Jermaine Dore*,
               12 Cr. 45 (RJS)
               16 Civ. 0699 (RJS)

Dear Judge Sullivan:

      The parties jointly submit this letter to request a stay of the current schedule set by the Court with regard to petitioner Jermaine Dore's amended petition to be filed pursuant to Title 28, United States Code, Section 2255, to vacate, set aside, or correct his sentence (the "Amended Petition"), which is currently due on July 19, 2016.

      As referenced in the Government's May 11, 2016 letter to the Court in which the Government did not object to Dore's motion to amend his original petition, Dore has now asserted a claim based on the United States Supreme Court's decision in *Johnson* v. *United States*, 135 S. Ct. 2551 (2015), arguing that his Section 924(c) conviction must be vacated because Hobbs Act robbery conspiracy and Hobbs Act robbery, which served as the predicate "crimes of violence" for his Section 924(c) conviction, do not qualify as a "crime of violence" for purposes of 18 U.S.C. § 924(c)(3). On June 15, 2016, the Court appointed Christopher A. Flood, Esq. to represent Dore with respect to any *Johnson*-related arguments to be raised in the Amended Petition.

      The parties respectfully request that this matter be stayed pending a decision by the Second Circuit in either *United States* v. *Hill*, 14-3872, or *United States* v. *Barrett*, 14-2641. Each of those cases is a direct appeal in which the precise issue presented by Dore's supplemental brief has been fully briefed and submitted, and is under advisement. The panel in one of those two cases can be expected to resolve the issue, and that decision would almost certainly dictate a particular result in Dore's case as well.[1] Although delaying the proceedings, a stay would ultimately serve efficiency by preventing the risk of successive rounds of filings or amendments

---

[1] The only court of appeals to have ruled on the issue in the context of Section 924(c) is the 6th Circuit, which has held that Section 924(c)'s residual clause is not unconstitutionally vague. *United States* v. *Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016).

Hon. Richard J. Sullivan
July 13, 2016
Page 2 of 2

seeking to incorporate what is certain to be essential controlling authority regarding the disposition of Dore's *Johnson*-related claims.

   Furthermore, in order to prevent the piecemeal treatment of Dore's Amended Petition, the parties further propose that Dore's *pro se* claim raised under *United States* v. *Julian*, 633 F.3d 1250 (11th Cir. 2011), which also is currently due on July 19, should be subject to the stay as well. Once the Second Circuit has ruled in *Barrett* and *Hill*, defense counsel's brief containing any surviving *Johnson*-related claims will attach Dore's *pro se Julian* motion as well.

   If the Court grants the parties' request for a stay, we propose that Dore's Amended Petition be filed within 30 days of a decision in *Hill* or *Barrett*, and that the Government's opposition be due 30 days thereafter.

                  Respectfully submitted,

                   PREET BHARARA
                   United States Attorney

           By:  /s/ Amy Lester
               Amy Lester
               Assistant United States Attorney
               (212) 637-2416

cc:  Christopher A. Flood, Esq.