

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 22, 2020

**BY CM/ECF and ELECTRONIC MAIL**

The Honorable Richard J. Sullivan
United States Court of Appeals for the Second Circuit[1]
40 Foley Square
New York, New York 10007

    Re:    *United States v. Jermaine Dore*,
               S3 12 Cr. 45 (RJS)

Dear Judge Sullivan:

     The Government respectfully submits this letter to request a one-month adjournment of the resentencing currently scheduled for March 30, 2020.

     As this Court is aware, in 2013, this Court sentenced Jermaine Dore, the defendant, to an aggregate sentence of 65 years' imprisonment, following Dore's conviction at trial of one count of participating in a Hobbs Act robbery conspiracy; two counts of substantive Hobbs Act robberies; one Section 924(c) firearms count predicated on the Hobbs Act robbery conspiracy; two Section 924(c) firearms counts predicated on two substantive Hobbs Act robberies; and one Section 924(j) murder count predicated on a substantive Hobbs Act robbery.[2]

     In light of the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Government has consented to a vacatur of the Section 924(c) count predicated on the Hobbs Act robbery conspiracy and a resentencing on the remaining counts of conviction. In addition to the question of an appropriate sentence to impose, pursuant to the Section 3553(a) factors, at resentencing, this Court will have to decide a legal question at resentencing, namely: do the so-called "anti-stacking" provisions of the First Step Act apply at Dore's resentencing.

---

[1] Sitting by designation as a District Judge in the Southern District of New York.

[2] At sentencing, the Court merged the Section 924(j) count with a corresponding Section 924(c) count.

Just over a week ago, Dore submitted his sentencing memorandum, in which he argued that the anti-stacking provisions apply, and that this Court should sentence him to an aggregate of 40 years' imprisonment. (Docket Entry 632). The Government's response is currently due tomorrow, March 23, 2020, and the resentencing is currently scheduled for March 30, 2020.

In light of the COVID-19 outbreak, however, the Government respectfully requests that the schedule be adjourned for approximately one month. While this District continues to be open and functional, the pandemic has strained resources, including those of the United States Marshals Service, and it therefore makes sense to adjourn conferences or sentencings where the interests of justice do not counsel otherwise. Here, there is no realistic chance that Dore will be released at sentencing—he faces a Guidelines sentence of life; under the defense theory, he faces a mandatory minimum sentence of 10 years' imprisonment; under the Government's theory (that the anti-stacking provisions do not apply), he faces a mandatory minimum sentence of 30 years' imprisonment; Dore himself is asking for a 40-year sentence; and the Government expects to see a higher sentence than that—so an adjournment of the resentencing would not unjustly extend Dore's incarceration.

Moreover, the Government has just learned that, last night, an inmate at the Metropolitan Detention Center Brooklyn tested positive for COVID-19; as a result, the MDC is currently in a quarantine status, and inmates will not be produced to court. This may change, but it raises a potential burden and uncertainty to maintaining the current schedule. At the very least, it would likely limit the contact that Dore's attorney could have with Dore to prepare for resentencing, including reviewing the Government's sentencing memorandum.

Additionally, if any victims wish to be heard,[3] the current emergency rules in effect in New York may deter them from appearing in Court.

Accordingly, the Government respectfully requests that the resentencing be adjourned for approximately one month. The Government further proposes that its sentencing memorandum be due one week before the rescheduled hearing, and that a reply memorandum, if any, be due two business days before the rescheduled hearing. This would give Dore an opportunity to respond to legal arguments regarding the application of the anti-stacking provisions. In any event, the parties will contact the Court before resentencing if further adjournments are necessary.

I have communicated with Natali Todd, Esq., counsel for Dore, who consents to this request.

---

[3] At the time of this letter, no victims have evinced a desire to appear at the resentencing, but that could change over the next week.

Please feel free to contact me with any questions or issues.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by: _____

Michael D. Maimin
Assistant United States Attorney
(914) 993-1952

cc: Natali Todd, Esq. (by electronic mail and CM/ECF)

For the reasons stated herein, the government's request, to which defense counsel consents, is granted. IT IS HEREBY ORDERED THAT Defendant's re-sentencing proceeding is adjourned to April 30, 2020 at 10:00 a.m. in Courtroom 11B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. The government's sentencing submission shall be filed no later than April 23, 2020, and any reply by the Defendant shall be filed no later than April 28, 2020.

SO ORDERED
Dated: 3/23/20

RICHARD J. SULLIVAN
U.S.D.J.