


**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 22, 2020

**BY CM/ECF and ELECTRONIC MAIL**

The Honorable Richard J. Sullivan
United States Court of Appeals for the Second Circuit[1]
40 Foley Square
New York, New York 10007

    Re:    *United States v. Jermaine Dore*,
             S3 12 Cr. 45 (RJS)

Dear Judge Sullivan:

    The Government respectfully submits this letter to request a six-week adjournment of the resentencing currently scheduled for April 30, 2020.

    As this Court is aware, in 2013, this Court sentenced Jermaine Dore, the defendant, to an aggregate sentence of 65 years' imprisonment, following Dore's conviction at trial of one count of participating in a Hobbs Act robbery conspiracy; two counts of substantive Hobbs Act robberies; one Section 924(c) firearms count predicated on the Hobbs Act robbery conspiracy; two Section 924(c) firearms counts predicated on two substantive Hobbs Act robberies; and one Section 924(j) murder count predicated on a substantive Hobbs Act robbery.[2]

    In light of the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Government has consented to a vacatur of the Section 924(c) count predicated on the Hobbs Act robbery conspiracy and a resentencing on the remaining counts of conviction. In addition to the question of an appropriate sentence to impose, pursuant to the Section 3553(a) factors, at resentencing, this Court will have to decide a legal question at resentencing, namely: do the so-called "anti-stacking" provisions of the First Step Act apply at Dore's resentencing.

    Just over five weeks ago, Dore submitted his sentencing memorandum, in which he argued that the anti-stacking provisions apply, and that this Court should

---

[1] Sitting by designation as a District Judge in the Southern District of New York.

[2] At sentencing, the Court merged the Section 924(j) count with a corresponding Section 924(c) count.

Hon. Richard J. Sullivan
April 22, 2020
Page 2 of 3

sentence him to an aggregate of 40 years' imprisonment. (Docket Entry 632). The Government's response is currently due tomorrow, April 23, 2020, Dore's reply (if any) is currently due on Tuesday, April 28, 2020, and the resentencing is currently scheduled for April 30, 2020. (Docket Entry 635).

In light of continued issues relating to the COVID-19 outbreak, however, the parties respectfully jointly request that the schedule be adjourned for approximately six weeks. While this District continues to be open and functional, it is doing so under significant strain. For example, the United States Marshals Service will not produce Dore to appear in person at his re-sentencing. *See* Standing Order, Docket No. 20 MC 196 (CM), Docket Entry 1 (Apr. 20, 2020) ("Standing Order), at 2. Chief Judge McMahon recently explained that, while "[t]he Daniel Patrick Moynihan United States Courthouse in Manhattan … will remain open for business, [it will be] subject to limitations and with most staff working remotely. *Id.* Moreover, the Metropolitan Detention Center Brooklyn (the "MDC") is currently operating on quarantine; among other things, this means that attorneys, such as Dore's counsel, cannot visit their clients in person. This limits the contact that Dore's counsel can have with her client, including to review the Government's sentencing memorandum.

In light of the strains on the Court's resources and on defense counsel, it makes sense to adjourn conferences or sentencings where the interests of justice do not counsel otherwise. *See*, *e.g.*, Standing Order at 3–4 ("Individual judges may continue to hold hearings, conferences, and bench trials in the exercise of their discretion, consistent with this order.").

Here, there is no realistic chance that Dore will be released at sentencing—he faces a Guidelines sentence of life; under the defense theory, he faces a mandatory minimum sentence of 10 years' imprisonment; under the Government's theory (that the anti-stacking provisions do not apply), he faces a mandatory minimum sentence of 30 years' imprisonment; Dore himself is asking for a 40-year sentence; and the Government expects to see a higher sentence than that—so an adjournment of the resentencing would not unjustly extend Dore's incarceration.

Additionally, if any victims wish to be heard,[3] the current emergency rules in effect in New York may deter them from appearing in Court.

Accordingly, the parties jointly respectfully request that the resentencing be adjourned for approximately six weeks. The Government further proposes that its sentencing memorandum be due one week before the rescheduled hearing, and that

---

[3] At the time of this letter, no victims have evinced a desire to appear at the resentencing, but that could change over the next week.

Hon. Richard J. Sullivan
April 22, 2020
Page 3 of 3

a reply memorandum, if any, be due two business days before the rescheduled hearing. This would give Dore an opportunity to respond to legal arguments regarding the application of the anti-stacking provisions. In any event, the parties will contact the Court before resentencing if further adjournments are necessary.

    I have communicated with Natali Todd, Esq., counsel for Dore, who joins this request.

    Please feel free to contact me with any questions or issues.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

by: _____
    Michael D. Maimin
    Assistant United States Attorney
    (914) 993-1952

cc:    Natali Todd, Esq. (by electronic mail and CM/ECF)