

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 10, 2020

**By CM/ECF and ELECTRONIC MAIL**

The Honorable Richard J. Sullivan
United States Court of Appeals for the Second Circuit[1]
40 Foley Square
New York, New York 10007

    Re:    *United States v. Jermaine Dore*,
              S3 12 Cr. 45 (RJS)

Dear Judge Sullivan:

    The Government respectfully submits this letter to request an adjournment of the resentencing currently scheduled for August 14, 2020.

    As this Court is aware, in 2013, this Court sentenced Jermaine Dore, the defendant, to an aggregate sentence of 65 years' imprisonment, following Dore's conviction at trial of one count of participating in a Hobbs Act robbery conspiracy; two counts of substantive Hobbs Act robberies; one Section 924(c) firearms count predicated on the Hobbs Act robbery conspiracy; two Section 924(c) firearms counts predicated on two substantive Hobbs Act robberies; and one Section 924(j) murder count predicated on a substantive Hobbs Act robbery.[2]

    In light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Government consented to a vacatur of the Section 924(c) count predicated on the Hobbs Act robbery conspiracy and a resentencing on the remaining counts of conviction. In addition to the question of an appropriate sentence to impose, pursuant to the Section 3553(a) factors, at resentencing, this Court will have to decide a legal question at resentencing, namely: do the so-called "anti-stacking" provisions of the First Step Act apply at Dore's resentencing?

---

[1] Sitting by designation as a District Judge in the Southern District of New York.

[2] At sentencing, the Court merged the Section 924(j) count with a corresponding Section 924(c) count.

Hon. Richard J. Sullivan
August 10, 2020
Page 2 of 3

Following this Court's initial scheduling order, and adjournments granted, upon consent, in light of issues relating to the effect of the COVID-19 outbreak on the operations of the Court and the ability of Dore and his counsel to communicate, the Government's response is currently due last Friday, August 7, 2020,[3] Dore's reply (if any) is currently due tomorrow, and the resentencing is currently scheduled for August 14, 2020.

In light of continued issues relating to the COVID-19 outbreak, however, the parties respectfully jointly request that the schedule be adjourned for approximately six weeks. While this District continues to be open and functional, it is doing so under significant strain. For example, the United States Marshals Service will not produce Dore to appear in person at his re-sentencing. *See* Standing Order, Docket No. 20 MC 196 (CM), Docket Entry 1 (Apr. 20, 2020) ("Standing Order), at 2. Chief Judge McMahon recently explained that, while "[t]he Daniel Patrick Moynihan United States Courthouse in Manhattan … will remain open for business, [it will be] subject to limitations and with most staff working remotely. *Id*. Moreover, the Metropolitan Detention Center Brooklyn (the "MDC") is currently operating on quarantine; among other things, this means that attorneys, such as Dore's counsel, cannot visit their clients in person. This limits the contact that Dore's counsel can have with her client, including to review the Government's sentencing memorandum. Additionally, Dore's counsel has indicated that her client would prefer to be present for resentencing.

In light of the strains on the Court's resources and on defense counsel, it makes sense to adjourn conferences or sentencings where the interests of justice do not counsel otherwise. *See*, *e.g.*, Standing Order at 3–4 ("Individual judges may continue to hold hearings, conferences, and bench trials in the exercise of their discretion, consistent with this order.").

Here, there is no realistic chance that Dore will be released at sentencing—he faces a Guidelines sentence of life; under the defense theory, he faces a mandatory minimum sentence of 10 years' imprisonment; under the Government's theory (that the anti-stacking provisions do not apply), he faces a mandatory minimum sentence of 30 years' imprisonment; Dore himself is asking for a 40-year sentence; and the Government expects to see a higher sentence than that—so an adjournment of the resentencing would not unjustly extend Dore's incarceration.

Additionally, if any victims wish to be heard, the current emergency rules in effect in New York may deter them from appearing in Court.

---

[3] The Government did not submit anything because, after conversations with defense counsel and this Court's clerk, it understood that the

Hon. Richard J. Sullivan
August 10, 2020
Page 3 of 3

    Accordingly, the parties jointly respectfully request that the resentencing be adjourned. We have spoken with the Court's clerk and understand that the Court is available at 10:00 a.m. on both October 29, 2020, and October 30, 2020. Accordingly, the parties jointly respectfully request that Dore's resentencing be adjourned to October 29, 2020, at 10:00 a.m., and that, in case it is necessary, the Court set October 30, 2020, at 10:00 a.m. as an alternative resentencing date. The Government further proposes that its sentencing memorandum be due one week before the rescheduled hearing, and that a reply memorandum, if any, be due two business days before the rescheduled hearing. This would give Dore an opportunity to respond to legal arguments regarding the application of the anti-stacking provisions. In any event, the parties will contact the Court before resentencing if further adjournments are necessary.

    I have communicated with Natali Todd, Esq., counsel for Dore, who joins this request.

    Please feel free to contact me with any questions or issues.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

by: _____
Michael D. Maimin
Assistant United States Attorney
(914) 993-1952

cc:    Natali Todd, Esq. (by electronic mail and CM/ECF)

---

IT IS HEREBY ORDERED THAT Defendant's re-sentencing proceeding is adjourned to October 29, 2020 at 10:00 a.m. in Courtroom 11B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. In light of the flexibility required to accommodate the logistics and planning of in-person proceedings during the pandemic, the Court will reserve (and the parties shall calendar) October 30, 2020 at 10:00 a.m. as an alternate date for re-sentencing.

The government's sentencing submission shall be filed no later than October 22, 2020, and any reply by Defendant shall be filed no later than October 27, 2020.

SO ORDERED
Dated: 8/11/20

RICHARD J. SULLIVAN
U.S.D.J.