UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

JERMAINE DORE,

Defendant.

No. 12-cr-45-2 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

The Court is in receipt of the attached letter from Defendant, which is dated November 15, 2020 but was received in chambers on December 7, 2020.  IT IS HEREBY ORDERED THAT defense counsel shall review the letter with her client and advise the Court by December 18, 2020 whether the letter affects how Defendant wishes to proceed with his re-sentencing.

SO ORDERED.

Dated:   December 8, 2020
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

JERMAINE DORE　　　　　　　　　　　　　11-15-2020
66267-054
M.D.C BROOKLYN　　　　UNITED STATES DISTRICT COURT
80 29th STREET　　　　　SOUTHERN DISTRICT OF NEW YORK
M.D.C BROOKLYN
NEW YORK 11232　　　　　　　　　　DOCKET NO. 12 CR 45
　　　　　　　　　　　　　　　　　　　　　　　RJS

UNITED STATES OF AMERICA
　　　　　　AGANST
JERMAINE DORE
　　　　　　　DEFENDANT

## STATEMENT OF FACTS AND BE HALF OF MR DORE FOR RESENTENCING

① THERE HOWEVER SEEI to BE SOME CONCERNING ISSUES BASE ON THE OTHER COUNTS DEFENDANT IS TO BE RESENTENCE ON.

② THE RECORDS CLEARLY STATED COUNT ONE CONSPIRACY TO COMMIT HOBBS ACT ROBBERY. FOLLOW BY SIX OTHER COUNTS FROM HOBBS ACT ROBBERY ON 924(C)(J). THE 924(C) COUNTS AND HOBBS ACT ROBBERY 924(C) AND 924(J) COUNTS IT ALSO LINK BACK TO COUNT ONE CONSPIRACY TO COMMIT HOBBS ACT ROBBERY

③ DEFENDANT WAS CHARGED WITH CONSPIRACY TO COMMIT HOBBS ACT ROBBERY AND CAUSING THE DEATH OF A PERSON WITH A FIREARM AND WAS CONVICTED OF MURDER BY FIREARM DURING A CRIME OF VIOLENCE 18 U.S.C § 924(C)(J) 1. HERE THE PURPORTED CRIME OF VIOLENCE WAS CONSPIRACY TO COMMIT HOBBS ACT ROBBERY WHICH MAKES IT A CRIME TO CONSPIRE TO IN ANY WAY OR DEGREE OBSTRUCT DELAY OR AFFECT COMMERCE OR THE MOVEMENT OF ANY ARTICLE OR COMMODITY IN COMMERCE BY ROBBERY 18 U.S.C § 1951(A) SECTION 924(C)(3)(B) DEFINE CRIME OF VIOLENCE IN

TWO WAYS

④ CONSPIRACY TO COMMIT HOBBS ACT ROBBERY QUALIFIES ONLY IF IT MEET § 924(c)(3)(B)'S RESIDUAL DEFINITION. BY THAT DEFINITION A CRIME OF VIOLENCE IS A FELONY OFFENSE THAT BY IT IS NATURE INVOLVES A SUBSTANTIAL RISK THAT PHYSICAL FORCE AGANIST THE PERSON OR PROPERTY OF ANOTHER MAY BE USED IN THE COURSE OF COMMITTING THE OFFENSE § 924(c)(3)(B). DEFENDANT IS ARGUEIN THAT HIS CONVICTIONS UNDER § 924(c) MUST BE SET ASIDE BECAUSE § 924(c)(3)(B) RESIDUAL CLAUSE IS UNCONSTITUTION VAGUE. THE SUPREME COURT HAS NOW HELD THAT § 924(c)(3)(B) RESIDUAL DEFINITIONS IS UNCONSTITUTIONLLY VAGUE. SEE UNITED STATES V. DAVIS, 139 CT. 2319 (2019).

⑤ BECAUSE THE GOVERNMENT IS RELIED NOW ONLY ON THAT NOW INVALIDATED CLAUSE TO SUPPORTED DEFENDANT OTHER § 924(c) COUNT AND CONVICTIONS UNDER § 924(c) THESE COUNTS SHOULD BE VACATED IN LIGHT OF DAVIS

⑥ THE RECORD CLEARLY SHOW THAT COUNT ONE CONSPIRACY TO COMMIT HOBBS ACT ROBBERY IS THE SUPPORTING CONTROLLING COUNT CHARGE IN ORDER TO RETRIEVE THE INDICTMENT AGANIST DEFENDANT.

⑦ THE GOVERNMENT KNEW THEY HAD TO RELIE ON THE CONSPIRACY TO COMMIT HOBBS ACT ROBBERY IN ORDER TO BROUGHT CHARGES AGAINST DEFENDANT. BY THEM DOING SO THE GOVERNMENT TOOK A SINGLE 924(c) COUNT AND SEPERATED IN TO THREE COUNTS 4, 6, AND 7.

⑧ THE RECORD AND THE FACTS IS CLEAR THE DEFENDANT WAS FIRST CHARGED BY A GRAND JURY WITH CONSPIRACY TO COMMIT

HOBBS ACT ROBBERY AND CARRING A FIREARM DURING THE CRIME OF VIOLENCE §924(c) LINK TO CONSPIRACY TO COMMIT HOBBS ACT ROBBERY. THE GOVERNMENT LATER SUPERSED DEFENDANT WHICH COUNT TWO §924(c) IN TO THREE MORE COUNTS OF §924(c) and §924(c)(j)(1) and (2).

9. THE FACT IS CLEAR AND THE RECORD SHOW THAT COUNT TWO §924(c) THAT IS NOW INVALID BASE ON UNITED STATES V. DAVIS IS IN FACT THE SAME §924(c) CHARGE THAT WAS SUPERSED INTO THREE COUNTS, 4, 6, AND 7 §924(c)(j)(1) and (2).

10. THE RECORD AND THE FACT IS BEFOR THE COURT THAT THE GOVERNMENT TOOK TO THE GRAND JURY TO HAVE MR. DORE INDICTED AND BECAUSE OF THIS CONSPIRACY WHICH IS THE CONTROLLING PURPORTED COUNT OF THE INDICTMENT AGANIST DEFENDANT.

11. §924(c)(j)(1) AND (2) LINK TO CONSPIRACY TO COMMIT HOBBS ACT ROBBERY CLEARLY FAIL TO STATE ON OFFENSE.

12. IN LIGHT OF THE FACTS THAT DEFENDANT IS CHARGE FOR AND INDICTED AND CONVICTED OF CONSPIRACY TO COMMIT A STRING OF HOBBERY AND §924(c)(j)(1) and (2) FROM ABOVE 2011 THROUGH TO 2012 IN CONNECTION WITH §924(c)(j)(1) AND (2). THE §924(c) AND 924(j) COUNTS ARE ALL PRECDICATED ON THE CONDUCT OF THE COUNT ONE CONSPIRACY TO COMMIT HOBBS ACT ROBBERY.

13. THE RECORD AND THE FACTS IS CLEAR THAT THE INDICTMENT AGAINST DEFENDANT IS BASE ON COUNT ONE CONSPIRACY TO COMMIT HOBBS ROBBERY THE CONTROLLING COUNT OF THE INDICTMENT AGAINST MR. DORE COUNT ONE THROUGH COUNT SEVEN OF THE INDICTMENT.

⑭ BASE ON THOSE FACTS AND JOHSON V. UNITED STATES AND DAVIS V. UNITED STATES THE CONSPIRACY TO COMMIT HOBBS ACT ROBBERY IS UNCONSTITUTION VAGUE AND IS NO LAW AT ALL. FOR THAT REASON THE DEFENDANT COUNTS 2, 4, 6 AND 7 SHOULD BE SET ASIDE. IN LIGHT OF DAVIS AND JOHSON.

⑮ IN CLOSING DEFENDANT ASK THE COURT TO CONSIDE THE DEFENDANT CONCERNS AND ISSUES BEFOR THE COURT.

6th CIRCUIT COURT OF APPELLATE
UNITED STATES V. LEDBETTER ET. AL (NOS. 17-3289/3290/3297/3299/3302/3304/3306/3308/3309) 6th CIR JULY 3-2019 UNITED STATES V. HARRIS AND UNITED STATES V. ROBINSON 6th CIR CASES

RESPECTFULLY
SUBMITTED
JERMAINE DORE
66267-054
11-15-2020




Mario Doro
07-054
D.C. Brooklyn
29th Street
D.C Brooklyn NY 11232

Clerk of Courts
SOUTHERN DISTRICT
ONE ST. Andrew P
New York, New York

Criminal
Docketing